## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 8:21-cv-2429-SDM-TGW |
| | ) | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION TO CERTIFY CLASS UNDER RULE 23 AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, pursuant to Fed. R. Civ. P. 23, move the Court to certify a class as requested in Plaintiffs' Verified Complaint (dkt. 1). For the reasons set forth in the incorporated Memorandum of Law, Plaintiffs' Motion should be granted and the cass certified. In the alternative, Plaintiffs request that the Court exercise its incidental equity jurisdiction to provisionally certify the class for purposes of granting preliminary injunctive relief (dkt. 2).

## PROPOSED CLASS

Plaintiffs propose that this Court certify a class of all United States Armed Forces servicemembers and civilian federal employees and contractors who are subject to Defendants COVID-19 Vaccine Mandate, have requested a religious exemption or accommodation from the Mandate based on sincerely held religious beliefs against receiving a COVID-19 vaccine, and been denied such exemption or accommodation. (V. Compl. ¶ 1.) All class members have submitted requests for religious exemption

and accommodation from the Vaccine Mandate, and have been denied, delayed, or rejected, or coerced into receiving such a vaccine that is directly contrary to their sincerely held religious beliefs. (*Id.*)

## MEMORANDUM OF LAW

### I.   THIS COURT MAY CERTIFY A PROVISIONAL CLASS FOR PURPOSES OF DETERMINING WHETHER A TRO AND PRELIMINARY INJUNCTION ARE APPROPRIATE.

It is within this Court's equity jurisdiction to certify a provisional class for purposes of Plaintiffs' pending preliminary injunction motion (dkt. 2), while deferring consideration of the larger certification question for a subsequent time. Indeed, numerous courts have upheld the ability of district courts to provisionally certify a class for purposes of providing preliminary injunctive relief. *See, e.g.*, *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (holding that district courts are permitted to certify a provisional class for purposes of a preliminary injunction); *Thomas v. Johnston*, 557 F. Supp. 8799, 916 n.29 (W.D. Tex. 1983) (" It appears to be settled, however, that a district court may, in its discretion, award appropriate classwide injunctive relief prior to a formal ruling on the class certification issue based upon either a conditional certification of the class or its general equity powers."); *Kaiser v. Cnty. of Sacramento*, 780 F. Supp. 1309, (E.D. Cal. 1991) (certifying provisional class before certification motion filed because of threat of irreparable harm, and issuing injunctive relief to provisional class). Indeed, "there is nothing improper about a preliminary injunction preceding a ruling on class certification." *Mays v. Dart*, 453 F. Supp. 3d 1074, 1085 (N.D. Ill. 2020) (cleaned up).

Courts in the Eleventh Circuit, too, have granted provisional class certification in aid of preliminary relief. *See, e.g.*, *Tefel v. Reno*, 972 F. Supp. 608, 617 (S.D. Fla. 1997) (certifying provisional class where—as here—the plaintiffs sought to enjoin "constitutional violations" that resulted in irreparable injury); *Harris v. Graddick*, 593 F. Supp. 128 (M.D. Ala. 1984) (certifying class at same time as issuing preliminary injunction); *Keeler v. Hills*, 73 F..R.D. 10, (N.D. Ga. 1976) (provisionally certifying class).

Because of the irreparable harm Class members face, the Court should—at minimum—certify a provisional class for purposes of granting classwide preliminary injunctive relief, and until a final determination on class certification can be made by the Court.

## II. PLAINTIFFS' PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(a).

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate," and it involves "four requirements—numerosity, commonality, typicality, and adequate representation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Plaintiffs satisfy these requirements.

### A. Plaintiffs' Proposed Class Is So Numerous That Joinder of All Members is Impracticable.

In the Eleventh Circuit, "while there is no fixed numerosity rule, generally less than twenty-one is inadequate, more the forty is adequate, with numbers in between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir.

2009) (same). "Rule 23(a)(1) imposes a 'generally low hurdle,' and a plaintiff need not show the precise number of members in the class.'" *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504 (S.D. Fla. 2013) (quoting *Vega*, 564 F.3d at 1267); *Barlow v. Marion Cnty. Hosp. Dist.*, 88 F.R.D. 619, 625 (M.D. Fla. 1980) (same). And, in determining whether Plaintiffs have shown sufficient numerosity to merit Class certification, the Court may "make common sense assumptions in order to find support for numerosity." *Khuen v. Cadle Co., Inc.*, 245 F.R.D. 545, 550 (M.D. Fla. 2007).

Named Plaintiffs comprise 23 individuals who are United States Armed Forces servicemembers and civilian federal employees and contractors, who have sought a religious exemption from the Vaccine Mandate and have been denied, delayed, or rejected. (V. Compl. ¶¶ 17–45.) As demonstrated in the Verified Complaint, there are 2.3 million Active Duty and Reserve servicemembers subject to the Mandate, and another 5.8 million civilian federal employees and contractors subject to the Mandate. (V. Compl. ¶ 160.) The 23 named Plaintiffs seek to represent the class of servicemembers and civilian federal employees and contractors who, among the millions who are subject to the Vaccine Mandate, have requested and been denied exemption from the Mandate. And while the precise number of class members is not known at this time, it can hardly be challenged that there are sufficient numbers throughout the country to make joinder of all impracticable. The proposed class satisfies the requirement of numerosity.

**B.      The Proposed Class Members Share Common Questions of Law and Fact.**

To satisfy the requirement on "commonality," the class "claims must depend upon a common contention" that is "of such a nature it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. One of the ways commonality is generally demonstrated is by showing—as here—that defendants "operated under a general policy of discrimination." *Id.* at 353 (quoting *Gen. Tele. Co. of Sw. v. Falcon*, 347 U.S. 147, 159 n.15 (1982)). Indeed, "[a]n alleged policy or practice of treating an entire class unlawfully satisfies the commonality requirement of Rule 23(a)(2)." *Herman v. Seaworld Parks & Entm't, Inc.*, 320 F.R.D. 271, 290 (M.D. Fla. 2017); *see also Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, (S.D. Fla. 2015) ("Generally, the commonality requirement is met if the allegations involve a common course of conduct by the defendants."); *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same).

In general,

> What matters to class certification is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Wal-Mart*, 564 U.S. at 350 (cleaned up).

Proposed class members' claims share common issues of law and fact. (V. Compl. ¶ 156.) All class members are servicemembers or civilian employees or

contractors who are subject to Defendants' Vaccine Mandate and have requested religious exemption and accommodation from the Mandate. (*Id.*). The common issues among the class include:

>  (a) whether the EUA Statute requires that class members be given the option to refuse all COVID-19 vaccines because there is no FDA approved COVID-19 vaccine available;

>  (b) whether Defendants violate the First Amendment to the United States Constitution by mandating that class members accept and receive a COVID-19 vaccine regardless of whether their sincerely held religious beliefs compel them to abstain from receiving any of the three currently available vaccines; and

>  (c) whether the federal Religious Freedom Restoration Act (RFRA) requires Defendants and all those in active concert with them to provide accommodations and exemptions to class members because of their sincerely held religious convictions that compel them to abstain from receiving any of the three currently available COVID-19 vaccines.

(*See* V. Compl. ¶ 159.)

The claims are common among all class members because the injury sustained—Defendants' refusals to grant exemption and accommodation for sincerely held religious objections to the COVID-19 vaccines and the resulting adverse employment actions—are categorically identical. (*Id.* ¶ 161.) Indeed, all class members "have suffered the same injury." *Wal-Mart*, 564 U.S. at 350.

## C.   Plaintiffs' Claims Are Typical of the Claims of All Class Members.

"Typicality requires that there be a sufficient nexus between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-Civ, 2014 WL 7366255, at *6 (S.D. Fla. Dec. 24, 2014) (cleaned up) (quoting *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012)); *see also Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (same). Put simply, the typicality requirement is satisfied if the class representatives "have the same interest and suffer the same injury as the class members." *Herman*, 320 F.R.D. at 293 (citing *Busby*, 513 F.3d at 1322). "The typicality requirement, much like the commonality requirement, does not require that the claims of the proposed class representative and the proposed class be identical." *Id.* Rather, typicality merely requires that the claims of the class representatives and the class "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004) (same). Thus, "[a] factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Kornberg*, 741 F.2d at 1337. In fact, "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000).

Plaintiffs' claims are typical of the claims of the class because all Plaintiffs and other class members are military servicemembers or civilian employees or contractors who are subject to, and have the same sincerely held religious objections to, the Vaccine Mandate issued and implemented by Defendants. (V. Compl. ¶ 157.) Indeed, as demonstrated *supra*, Plaintiffs and the proposed class share the same injury arising from the same policy and practice of Defendants—imposing the Vaccine Mandate on the class members and failing to recognize class members' religious exemptions and accommodations from the Mandate. (*Id.*) What little factual variation or administrative difference there may be, as between Plaintiffs' and other class members' respective employers, matters little because the common legal theory among all class members, including Plaintiffs, is that imposing the Vaccine Mandate on class members and refusing to recognize and accommodate their sincerely held religious beliefs violates the First Amendment and the Religious Freedom Restoration Act. (*See* V. Compl. ¶¶ 194–234.)

### D.   Plaintiffs Will Fairly and Adequately Represent and Protect the Interests of the Class.

The final requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately protect the interests of the class. "[A] principal factor in determining the appropriateness of class certification is forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the other members of the class." *Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000). "This requirement applies to class counsel and to the

named plaintiff who seeks to act as class representative." *Physicians Healthsource*, 2014 WL 7366255, at *6. The adequacy of the representation is typically analyzed under two separate factors: (1) whether any substantial conflict of interest exists between the representative and the class, and (2) whether the representative will adequately prosecute the action. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *see also Herman*, 320 F.R.D. at 294.

### 1. Plaintiffs will forthrightly and vigorously assert and defend the interests of the class.

Plaintiffs should be deemed adequate to represent the members of the class because there are no conflicts in the pursuit of their respective claims, and Plaintiffs have adequate "incentives to pursue the rights of the class vigorously." *Physicians Healthsource*, 2014 WL 7366255, at *6.

Plaintiffs' commitment to fairly and adequately representing the interests of the class in the instant matter is indisputable. Plaintiffs all provide service to the country, and the servicemember Plaintiffs in particular have risked their lives for their fellow servicemembers and citizens. All Plaintiffs serve the same government, under the same Constitution and laws, and many live under an oath to protect and defend them. Allowing Plaintiffs to prosecute this action for class members, to vindicate the constitutional and civil rights many are oath-bound to protect, should give the Court no pause. All Plaintiffs have demonstrated a willingness to pursue these claims in the face of court martial, dishonorable discharge, termination, or other severe sanctions (V. Compl. ¶ 134) , and the Court should find them more than adequate.

## 2.    Plaintiffs' class counsel will adequately represent the class.

Under Rule 23, "[t]he adequacy of representation requirement includes not only the likelihood that the representative will adequately pursue the claims and interest of the class but also the adequacy of legal counsel representing the named plaintiffs." *Barlow v. Marian Cnty. Hosp. Dist.*, 88 F.R.D. 619, 628 (M.D. Fla. 1980). Plaintiffs' counsel will adequately represent the interests of the class.

> In assessing the adequacy of class counsel, courts "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

*Physicians Healthsource*, No. 12–22330–CIV, 2014 WL 7366255, at *6 (quoting Fed. R. Civ. P. 23(g)).

"Counsel will be deemed adequate if they are shown to be qualified, adequately financed, and possess sufficient experience in the subject matter of the class action." *Muzuco*, 297 F.R.D. at 517 (cleaned up); *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, (S.D. Fla. 2010) (same).

Plaintiffs' counsel have investigated and identified the potential claims that can be brought on behalf of the proposed class, and analyzed the legal bases for such claims on behalf of the class. (Exhibit A, Declaration of Horatio G. Mihet, ¶ 11.) As is evident from the Verified Complaint, the Motion for Temporary Restraining Order and Preliminary Injunction, and the zealous advocacy of counsel to date in the instant matter, Plaintiffs have demonstrated that class counsel is more than adequate to

represent the interests of those individuals who share claims with Plaintiffs in the instant matter. In addition to their combined decades of extensive experience in constitutional, employment, and other complex litigation matters, Plaintiffs' counsel have extensive and specific experience in litigating COVID-19 requirements and restrictions on civil and constitutional rights around the country. (Mihet Decl. ¶¶ 3–10.) Plaintiffs' counsel have handled and are handling numerous matters in federal courts across the country concerning forced vaccine mandates, and the refusal to provide religious exemptions and accommodations. (Mihet Decl. ¶¶ 6–8.) And, Plaintiffs counsel also have a wealth of experience in class actions, collective actions, multi-plaintiff actions, multi-district litigation, and other forms of complex litigation. (Mihet Decl. ¶ 9.) In sum, Plaintiffs' counsel have more than sufficient skill, experience, and resources to adequately represent the interests of the class. (Mihet Decl. ¶ 12.)

## III.   PLAINTIFFS PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(b).

### A.   Plaintiffs Satisfy the Requirements of Rule 23(b)(2) Because Defendants Have Acted and Refused to Act On Grounds That Apply Generally to the Class, and Final Injunctive Relief and Corresponding Declaratory Relief Are Appropriate Respecting the Class as a Whole.

Under Rule 23(b)(2), Plaintiffs can maintain a class action because Defendants "have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The claims of the class are perfectly suited for Rule 23(b)(2) certification because that section "was intended primarily to facilitate

civil rights class actions, where the class representatives typically sought broad injunctive relief against discriminatory practices." *Holmes v Continental Can Co.*, 706 F2d 1144, 1155 (11th Cir. 1983). Certification under Rule 23(b)(2) is appropriate where—as here—"the complaint alleges a pattern of activity adverse to the class as a whole" and "[t]he nature of the relief sought is primarily declaratory and injunctive." *Barlow v. Marian Cnty. Hosp. Dist.*, 88 F.R.D. 619, 628 (M.D. Fla. 1980).

As alleged in the Verified Complaint, Defendants have engaged in a pattern of activity and conduct towards the class that is adverse to the class as a whole. Defendants' Vaccine Mandate is applicable to all military servicemembers and civilian federal employees and contractors. (V. Compl. ¶¶ 50–57.) As the Eleventh Circuit has recognized, Rule 23(b)(2) certification is intended primarily for civil rights litigation, *Holmes*, 706 F.2d at 1155, and the class claims are prototypical civil rights claims under the First Amendment and the Religious Freedom Restoration Act. (V. Compl. ¶¶ 194–234.) And, the nature of the relief sought in the instant matter is primarily injunctive and declaratory relief (V. Compl. 92–96.) Thus, the requested injunctive and declaratory relief—which seeks to preclude Defendants from enforcing their unconstitutional and unlawful Vaccine Mandate against the class—would fairly adjudicate the pattern of activity adverse to the class.

**B.  Plaintiffs Satisfy the Requirements of Rule 23(b)(3) Because Common Questions of Law and Fact Predominate Over Question Affecting Only Individual Class Members, and a Class Action Is Superior to Adjudicating Individual Claims.**

**1.  Common questions of law predominate over questions affecting only individual members.**

"To obtain Rule 23(b)(3) class certification, the issues in the class action that are subject to generalized proof and thus applicable to the class as a whole must predominate over those issues that are subject only to individualized proof." *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (cleaned up) (quoting *Babineau v. Fed. Ex. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009)).

The common issues among the class members (Part II.B, *supra*; V. Compl. ¶ 156) are subject to generalized proof under the First Amendment and the Religious Freedom Restoration Act, and predominate over any individual issues of class members. (V. Compl. ¶¶ 194–234). Resolution of the class claims principally requires an inquiry into the text of the Vaccine Mandate's implementing orders and whether the Mandate is justified by a compelling interest served by the least restrictive means. (*See* dkt. 30, Reply in Support of Motion for Preliminary Injunction, at 15–22.) Answering that inquiry requires Defendants' to prove the Mandate satisfies strict scrutiny, which is not an individualized inquiry for any class member. Rather, the proof required of the Defendants necessarily applies to the class as a whole. Thus, the common claims of the class will be resolved by generalized proof, and predominate over any individual claims.

## 2.   A class action is superior to adjudicating individual claims.

The superiority inquiry is focused on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183–84 (11th Cir. 2010). Where, as here, "Defendants' conduct was essentially the same toward all class members . . . it would be highly inefficient for each plaintiff to have to prove the same facts." *Physicians Healthsource*, 2014 WL 7366255, at *9. And, "the predominance analysis has a tremendous impact" on Rule 23(b)(3) analysis because "the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims." *Sacred Heart*, 601 F.3d at 1184.

There is no question that class certification is appropriate here, where Defendants' Mandate and implementation against class members is essentially the same. The Vaccine Mandate applies to all class members, and Defendants have refused to recognize or provide accommodation for the sincerely held religious beliefs of all class members. (V. Compl. ¶162.) And the injunctive relief Plaintiffs seek would adequately and fairly protect the sincerely held religious beliefs and cherished constitutional freedoms of all class members:

> a preliminary injunction pending trial, and a permanent injunction upon judgment, restraining and enjoining Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, from enforcing, threatening to enforce, attempting to

enforce, or otherwise requiring compliance with the Federal COVID-19 Vaccine Mandate such that:

    i.     Defendants will immediately comply with the Emergency Use Authorization Statute so that each individual has the "option to accept or refuse" administration of the COVID-19 vaccines as there is currently no FDA approved COVID-19 vaccine available to the population;

    ii.    Defendants will immediately cease in their refusal to consider, evaluate, or accept Plaintiffs' requests for exemption and accommodation for their sincerely held religious beliefs;

    iii.   Defendants' will immediately grant Plaintiffs' requests for religious exemption and accommodation from the Federal COVID-19 Vaccine Mandate; and

    iv.   Defendants will immediately cease any actions arising from or connected to the military servicemember Plaintiffs' religious exemption and accommodation requests, including current and ongoing punishment and threatening to dishonorably discharge, court martial, and impose other life-altering disciplinary actions on Plaintiffs for failure to accept a COVID-19 vaccine that violates their sincerely held religious beliefs;

    v.    Defendants will immediately cease any actions arising from or connected to the federal civilian employee and contractor

Plaintiffs' religious exemption and accommodation requests, including demotion, termination, or other disciplinary actions on Plaintiffs for failure to accept a COVID-19 vaccine that violates their sincerely held religious beliefs.

(V. Compl. ¶ 163, pp. 94–95.) Classwide injunctive and declaratory relief to vindicate class members' constitutional and civil rights is far superior to individualized adjudication of virtually identical questions in countless other forums and actions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and certify the class.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
Email: court@lc.org - hmihet@lc.org
rgannam@lc.org - dschmid@lc.org*
rmast@lc.org*
*Applications for Admission pro hac vice pending

**Attorneys for Plaintiffs**

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2021, I caused the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court/s CM/ECF system.

/s/ Roger K. Gannam
Roger K. Gannam