# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL #1, et al., | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 8:21-cv-02429-SDM-TGW |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

## DECLARATION OF COLONEL KEVIN J. MAHONEY

I, Colonel (COL) Kevin J. Mahoney, hereby state and declare as follows:

1. I am currently employed by the U.S. Army as the Chief, G-33 Operations Division, Office of The Army Surgeon General (OTSG) and U.S. Army Medical Command (MEDCOM), located in Falls Church, Virginia. I have held this position since June 14, 2021. As part of my official duties, I am a senior medical plans and operations officer on the Army staff, representing The Surgeon General (TSG) to the Army operations staff for medical aspects of Army missions. In this capacity I assist in developing the Army plans to implement directives related to COVID-19 and vaccination efforts. I am part of a team that facilitates the processing, evaluation, and adjudication of requests for exemptions from vaccination requirements for reasons of religious accommodation as well as for medical reasons. I consolidate current status of requests received for processing and keep Army senior leaders informed. In the exercise of these duties, I have been made aware of this lawsuit by counsel from the U.S. Army Litigation Division, and am generally aware of the allegations set forth in the pleadings filed in this matter.

2. I submit this declaration in support of Defendants' response to this Court's November 22, 2021 Order, directing the branches of the Armed Forces to provide specified information concerning COVID-19 vaccination exemption requests.

3. I base this declaration upon my personal knowledge and upon information that has been provided to me in the course of my official duties, and I make this declaration on behalf of the U.S. Army. The information provided herein relates to the Court's inquiry and as is known to me at the time of this declaration.

## Exemption Tracking and System Limitations

4. On September 14, 2021, the Army issued Fragmentary Order 5 (FRAGO 5) to Headquarters Department of the Army (HQDA) Execute Order (EXORD) 225-21 COVID Steady State Operations dated September 14, 2021.[1] FRAGO 5 implements the procedures for Soldiers to submit requests for vaccination exemptions, to include religious exemptions. In accordance with those procedures and other applicable regulations, there are numerous steps for processing those requests, which were designed to ensure efficient and fair processing. Processing times vary, in part because of the nature and depth of the Soldier's request(s), a review process that flows through the requestor's company or immediate Commander through their battalion, brigade, division, and General Court-Martial Convening Authority Commanders (typically a General Officer) to TSG. The process also includes an in-person or telephonic interview between the Soldier and the assigned unit chaplain, a memorandum from the chaplain as a result of that interview, and counseling from a licensed healthcare provider. Accordingly, while unit-level personnel track each individual request, centralized tracking of these requests does not occur until after a packet is reviewed for completeness and for compliance with the implementing directives

---

[1] FRAGO 5 was filed on the docket at ECF No. 23-7.

and received at HQDA via an electronic processing system known as the Enterprise Task Management Software Solution (ETMS2) (formerly the Task Management Tool or "TMT") for TSG approval or disapproval. Those packets that do not comply with the administrative requirements of the directives are returned for correction before TSG takes action. If TSG disapproves a Soldier's religious exemption request, the Soldier may appeal through his or her chain of command to the Assistant Secretary of the Army for Manpower and Reserve Affairs (ASA(M&RA)), who is the final appellate authority. While a Soldier is pending the adjudication of an exemption request, regardless of whether it is processing at the unit or at the U.S. Army Office of the Surgeon General (OTSG), the Soldier is not required to receive the vaccine and Commanders are not permitted to take adverse action against Soldiers with pending exemption requests. FRAGO 5, ¶ 3.D.8.B.1.F.

5.  There are two categories of medical exemption: temporary and permanent. Temporary medical exemptions may be granted by a Department of Defense healthcare provider at the local (treatment) level, and result from consultation between Soldier and provider. Guidance from the Centers for Disease Control and Prevention (CDC) assist in guiding the provider's decision. Temporary medical exemptions may be granted due to a recent documented COVID-19 infection, pregnancy, or other clinical conditions at the discretion of the healthcare provider. Permanent (indefinite) medical exemptions require a higher level of approval to ensure fairness and consistency across the system. Permanent medical exemption approval authorities are the four Regional Health Command (RHC) commanding generals, and all components (active, guard, and reserve) are aligned with a designated region for exemption review and adjudication. Soldiers who request a permanent medical exemption have their request entered into a secure portal called Carepoint to document and track the request. The RHC Commanding Generals are both the

approval and disapproval authority. If a Soldier's request is disapproved, they may appeal this decision to TSG. At the Army level, the number of requests, status, and determination of requests is centrally tracked, as well as the reasons for approved requests. The Army does not have the capability to centrally track the reasons for temporary medical exemptions or how many may have been declined by the local provider. Only the total number of granted temporary medical exemptions is centrally compiled.

6. Administrative exemptions may also be temporary or permanent. Temporary administrative exemptions are approved by local commanders and may be for reasons that include: pending requests for permanent exemption; the Soldier being absent without leave from the organization or in a civilian confinement facility; the Soldier is on emergency leave away from the organization; or if the Soldier is pending their immediate separation from the service (typically within 60 days). The Army can report the total number of temporary administrative exemptions, but does not centrally track the individual reasons or cases. Permanent administrative exemptions are considered for Soldiers seeking religious accommodation and follow the process described above. Cases are not centrally tracked until received at HQDA via ETMS2, so the Army does not have central visibility of the number of requests that are in-progress at the local level.

### Influx of Requests

7. Prior to the implementation of the COVID-19 mandate, requests for religious exemptions were rare. From January 1, 2019, up to and including August 23, 2021, the OTSG processed 17 requests for religious exemptions to immunizations.[2] Since the August 24, 2021-mandate was issued, the OTSG has received approximately 2,064 religious-exemption requests

---

[2] Prior to January 1, 2019, there was no regulatory requirement to maintain this information and the U.S. Army Office of the Surgeon General is not in possession of historical information that would permit additional historical reporting.

4

to date, each of which requires thorough review and evaluation at both the initial-decision-level and on appellate review. This surge in requests has resulted in extended adjudication timelines as the administrative and processing burdens fall to a small staff consisting of only 12 personnel, who are responsible for ensuring administrative correctness, preparing packets for review, and ultimately must be reviewed and adjudicated by the TSG as the sole approval authority in the Army, who, in addition to this responsibility, bears overall responsibility for Army Medicine and the command of over 50,000 Soldiers and civilians. In addition, if a Soldier's religious exemption request is denied by TSG, that Soldier can appeal the decision to the ASA M&RA who, in addition to being responsible for all manpower and reserve component affairs for the Department of the Army, is the sole appeal authority for religious accommodation requests.

### Religious Exemption Requests and Related Information

8.  As of the signing of this declaration, the OTSG has received 2,064 requests for religious-exemption from COVID-19 vaccination.[3] As discussed above, it is important to note that the reported information does not include the number of requests in progress at each unit. Those requests are not logged with the OTSG until the requestor's packet is uploaded into ETMS2, which occurs after the packet contains the requisite documentation and reviews required by FRAGO 5 and applicable regulations.

9.  To date, TSG has denied 122 religious-exemption requests. Of those denials, 115 contained opinions from the interviewing chaplain that opined the applicant's request was based

---

[3] This number includes both those requests specifically for COVID-19 vaccination and those for "all vaccines" that would necessarily include the COVID-19 vaccine.

on a sincerely held religious belief, or did not otherwise find the applicant's stated reasons were not sincere.[4] If a request is denied, the Soldier can appeal the decision.

10. Of the 122 denials, 6 appeals have been received at HQDA to date and all 6 are in the process of being adjudicated.

11. The court has asked for the "aggregate number of denials for which the time to appeal has expired without appeal." Fragmentary Order 9 (FRAGO 9) to HQDA EXORD 225-21 COVID Steady State Operations dated November 10, 2021, states that active component Soldiers who elect to appeal must do so within seven calendar days of receipt of their denied religious exemption request, and reserve component Soldiers within 30 calendar days. However, at this time, no request for appeal has been denied based on the timeliness of submission.

12. To date, no appeals have been denied or granted as all 6 appeals are in progress.

### The Number of Medical Exemption Requests Granted, Denied, and Pending

13. As of January 5, 2022, there have been 649 permanent medical exemption requests from COVID-19 vaccination. To date, 596 requests have been disapproved by the RHC commanding generals, 4 have been approved, and 49 are pending adjudication. Of the 596 disapproved, 251 have appealed this decision to TSG. Of those, 172 appeals have been disapproved, 1 has been approved, and 51 are pending adjudication. Additionally, 27 appeals have been returned to the RHCs because the request in the appeal is no longer for permanent exemption and can now be handled at the local level.

14. A total of five permanent medical exemptions have been approved as of January 5, 2022; four by the RHC commanders and one on appeal. All five of these soldiers voluntarily

---

[4] The approval/denial authority makes the ultimate determination of whether an applicant's request is based upon a sincerely held religious belief. Although the chaplain's assessment is heavily weighed, it remains an assessment and the report, which addresses the religious basis and sincerity of the Soldier's request serves as a resource for the decision authority. *See* Army Regulation 600-20, ¶P-2b.(2).

6

received an initial dose of the COVID-19 vaccine and experienced a serious and documented medical reaction to the first dose. Three experienced post-vaccination myopericarditis, one experienced thrombocytopenia, and one experienced Parsonage-Turner syndrome. In all five cases, the decision was in alignment with CDC guidelines for vaccine exemption and the decision authority determined that the potential risk to the Soldier outweighed the benefit of the vaccine.

15. As stated above, the Army does not track all requests for temporary medical exemption since that is a local provider decision. However, approved temporary medical exemptions are centrally tracked. As of January 5, 2022, 1,354 temporary medical exemptions have been granted for the active duty component, 1,260 granted for the Army National Guard, and 40 for the Army Reserve. These numbers reflect current temporary exemptions, which are automatically removed when they reach the expiration date. If a temporary exemption expires, but medical conditions preventing vaccination persist or new reasons arise, the Soldier can request a new exemption.

### The Number of Other Exemptions from COVID-19 Vaccination Granted

16. At present, there have not been any other permanent exemptions granted from the COVID-19 vaccine.

### The Number of Courts-Martial and Separation Proceedings Pending

17. There are no courts-martial or separation proceedings pending based solely on vaccine refusal because those actions have been withheld at this time and, because no service member's request for a religious exemption has been denied after appeal. The Army has limited the types of consequences that may be imposed on service members who have received lawful orders to become vaccinated and then refuse to comply with those orders. In accordance with FRAGO 5, administrative and punitive actions have been divided among two phases. The Army

remains in Phase I as of the signing of this declaration and has not moved to Phase II. While in Phase I, judicial and non-judicial punishment (which includes the ability to adjudicate punishment pursuant to Article 15, Uniform Code of Military Justice and to initiate/carry out courts-martial) is not authorized. Furthermore, administrative separations are also prohibited during Phase I. Regardless of phase, commanders are not permitted to take adverse action against soldiers, to include judicial, non-judicial, and separation actions, while a soldier has a pending exemption request. FRAGO 5, para. 3.D.8.B.1.F.

**************************

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2022, in Washington, DC,

MAHONEY.KEVIN.JAMES.1044210289
Digitally signed by MAHONEY.KEVIN.JAMES.1044210289
Date: 2022.01.07 13:57:38 -05'00'

Kevin J. Mahoney
Chief, G-33 Operations Divisions
Office of The Army Surgeon General and
  U.S. Army Medical Command