# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

NAVY SEAL #1, *et al.*

            Plaintiffs,

v.

JOSEPH R. BIDEN, in his official capacity as
President of the United States, *et al.*

            Defendants.

Case No. 8:21-cv-02429-SDM-TGW

## DECLARATION OF MARK R. REID

I, Mark R. Reid, hereby state and declare as follows:

1. I am a Colonel in the United States Marine Corps, currently serving as the Deputy Director of Operations, Plans, Policies and Operations, Headquarters Marine Corps. I make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

2. Exhibit 1, attached to this declaration, provides the available information ordered by the court. Order, 34 ECF No. 40. However, certain data elements are unavailable due to limitations on service information systems:

    (a) <u>The number of those denials in which the chaplain determined that the asserted belief is sincere</u>. The overwhelming majority of religious accommodation requests include a chaplain's assessment finding the requestor's belief to be sincere. Requests where the chaplain did *not* find the belief sincere is included are atypical.

1

(b) <u>Number of denials for which the time to appeal has expired without appeal.</u> In accordance with Marine Corps Order 1730.9, a Service member who desires to appeal DC M&RA's decision concerning his or her request for a religious accommodation from the COVID-19 vaccine must submit the appeal in standard naval letter addressed to the Commandant of the Marine Corps (CMC) within 10 business days of receiving the determination. Because the deadline does not begin until the member is notified of the decision, and because the deadline may be modified by the cognizant commander (i.e. due to the member's leave or unavailability, due to an extension for good cause shown, etc.), the number of denials for which time to appeal has expired without an appeal cannot be accurately determined.

(c) <u>Number of medical-exemption requests from COVID-19 vaccination.</u> Both temporary and permanent medical exemption requests are initiated by consulting a medical provider; however, there is no reporting system that records the number of medical appointments scheduled for the purpose of a requestor seeking a medical exemption. Similarly, medical providers serve as the denial authority for both permanent and temporary medical exemptions. Medical readiness for Marines is documented in the Medical Readiness Reporting System (MRRS). A medical exemption denial is documented in each Service member's individual medical record, and is therefore not centrally tracked or reported. Conversely, an approved medical exemption is reported in MRRS and is therefore retrievable.

(d) <u>Number of courts-martial and/or administrative separation proceedings pending or concluded against a Service member whose request for a religious exemption was denied after appeal.</u> Marine Corps policy is to process for separation all Service

members who refuse the lawful order to receive the COVID-19 vaccine absent an approved administrative or medical exemption. *See* MARADMIN 612/21 ¶ 3.a. Because General Court-Martial Convening Authorities (GCMCA) retain authority to take any additional adverse administrative or disciplinary action they deem appropriate, *id.*, this data is not retrievable in any centralized database. A Marine is not considered to have "refused the vaccine" until final adjudication of any administrative or medical exemption or pending appeal, however, required administrative actions are expected to be initiated as soon as a Marine meets the definition of refusing the vaccine. *Id.* ¶¶ 3.b., 4.a. For enlisted Service members, administrative separation processing is initiated at the command level and is not centrally tracked. The notification process or the administrative board procedure, when applicable, is conducted under the authority of each individual Service member's commander. *Id.* ¶ 4.c. Upon completion of the applicable procedure, the Service member's administrative separation case is forwarded to the cognizant separation authority for approval. *See* Marine Corps Order 1900.16, *Separation and Retirement Manual* § 6307. In most cases, the separation authority is the cognizant GCMCA. Once approved, the commander is granted authority to separate the Service member from the service. Only at this phase is it feasible to calculate the number of completed administrative separation proceedings for enlisted personnel, though there is no centralized database that records Service members involuntarily separated for misconduct by reason of refusing the vaccine. For officers, the cognizant GCMCA is required to report officers refusing the vaccine to CMC, Military Personnel Policy Branch, and initiate administrative separation. MARADMIN 612/21 ¶4.b. Once the applicable administrative procedures are completed, the Service member's commander is

3

directed to complete administrative separation processing. *See* Secretary of the Navy Instruction 1920.6D, *Administrative Separation of Officers*, encl. 10 ¶¶ 5, 6; encl. 11 ¶¶ 14-17. Only at this phase is it feasible to calculate the number of completed administrative separation proceedings for officers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of January, 2022.

*[signature]*
Mark R. Reid
Colonel, USMC

Exhibit 1 to Declaration of Colonel Mark R. Reid, USMC

## U.S. Marine Corps Court-Ordered Data

Current as of 6 January 2022

(1) Number of religious exemption from COVID-19 vaccination:

| # Initial Requests Under Review | # Initial Request Approved | # Initial Requests Denied | # Denials Where Chaplain Determined Belief Sincere | Total Initial Requests |
|---|---|---|---|---|
| 112 | 0 | 3080 | 3080 | 3192 |

| # Denials w/o Appeal Before Deadline[1] | # Appeals Under Review | # Appeals Denied | # Appeals Approved | Fully Resolved Requests | |
|---|---|---|---|---|---|
| | | | | Aggregate # of Approved Requests | Aggregate # of Denied Requests |
| UNKNOWN | 997 | 79 | 2 | 2 | 81 |

(2) Number of medical-exemption requests from COVID-19 vaccination:

| Temporary Medical Exemption Requests | # Medical Exemptions Denied | # Medical Exemptions Granted | | Total Medical Exemption Requests |
|---|---|---|---|---|
| | | Temporary[2] | Permanent | |
| UNKNOWN | UNKNOWN | 419 | 17 | UNKNOWN |

(3) Number of other exemptions from COVID-19 vaccination granted for any other reason (i.e. administrative exemptions):

| Emergency Leave | Permanent Change of Station (PCS) | Administrative Separation/ Terminal Leave | Administrative Temporary (i.e. no access to vaccine) |
|---|---|---|---|
| 1 | 47 | 382 | 169 |

(4) Number of courts-martial and separation proceedings pending or concluded against a service member whose request for a religious exemption was denied after appeal:

| Courts-Martial | | Administrative Separation (ADSEP) | |
|---|---|---|---|
| Pending | Concluded | ADSEP Initiated | ADSEP Completed |
| 0 | N/A | UNKNOWN | 253 |

---

[1] Appeals submitted after deadline will still be considered.
[2] This number reflects the total number of active temporary exemptions, but does not include expired medical exemptions.  Absent a new exemption, a member is required to obtain the COVID-19 vaccine after their temporary medical exemption expires.