# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL #1, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | No. 8:21-cv-02429 |

## **DECLARATION OF COLONEL ARTEMIO C. CHAPA**

I, Artemio C. Chapa, hereby state and declare as follows:

1. I am a Colonel in the United States Air Force currently assigned as the Division Chief for Medical Operations at the Air Force Medical Readiness Agency. I have been in this position since July 2018. As a part of my duties, I am responsible for drafting medical COVID-19 pandemic policy.

2. I am generally aware of the allegations set forth in the pleadings filed in this matter. I make this declaration in my official capacity as the Division Chief for Medical Operations and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

3. I submit this declaration in support of Defendants' response to this Court's November 22, 2021 Order, requesting specific data be provided every fourteen days starting on January 7, 2022, pertaining to the number of requests filed in the Department of the Air Force for religious exemption from the COVID-19 vaccine, including "the number of medical-exemption requests

from COVID-19 vaccination and the number of medical exemptions granted and denied." The Department of the Air Force is not able to provide the number of denials in which a service member sought a medical exemption for the reasons provided below. Additionally, the number of medical exemptions granted, in a format of data provided every fourteen days, secondary to the temporary nature of DAF medical COVID-19 exemptions, would fluctuate and not produce trend line information, for the reasons outlined below.

### System Limitations

4. The Department of the Air Force electronic health records systems are unable to identify in a searchable format whether a service member had previously *requested* a medical exemption from the COVID-19 vaccination requirement. In order to be compatible with other Services' and Defense Health Agency's systems, the Department of the Air Force systems utilize standardized diagnostic codes and appointment types. For example, Air Force Instruction (AFI) 48-110_IP, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases*, dated 7 October 2013 (certified current 16 February 2018),[1] provides medical exemption codes. However, there is no standard or uniform diagnostic or appointment code to identify an appointment for a medical exemption request.

5. Moreover, any attempt to provide a uniform appointment type for medical exemptions would be lead to incomplete and/or inaccurate data because a request for a medical exemption can arise at any time, including during an otherwise unrelated medical appointment. For example, it may come up during an annual health assessment, pregnancy check-up, or follow-up post-surgery. There is no way to reasonably capture all of the requests that have been received.

---

[1] AFI 48-110_IP is an inter-service publication. The Army identifies it as Army Regulation (AR) 40-562, Navy as Bureau of Medicine and Surgery Instruction (BUMEDINST) 6230.15B, and Coast Guard (CG) Commandant Instruction (COMDTINST) M6230.4G.

6. Similarly, the Department of the Air Force systems are unable to identify in a searchable format the number of medical exemption requests where the member's medical circumstances do not warrant a medical exemption, resulting in the request *being denied*. The recommended coding for a denial is "Z71.9 Counseling, unspecified." This same coding, however, is used for a variety of circumstances and is not limited to medical exemption request counseling pertaining to vaccine(s). As such, a search for the number of appointments with the Z71.9 code would be over-represent medical exemption denials. While the individual medical notes would annotate the purpose of the appointment (i.e., the notes themselves would indicate whether an individual requested an exemption and the result), those notes are not stored in a searchable format. Additionally, some providers may annotate the denial under a different code and any results of a search for Z71.9 codes would underrepresent medical exemption denials. The purpose of the coding is diagnostic and is meant to annotate medical concerns. The coding does not indicate when there is an absence of a medical concern.

7. Additionally, while the Department of the Air Force is providing information on the number of approved medical exemptions, that information has its own limitations. The Department of the Air Force policy is to only grant *temporary* medical exemptions from the COVID-19 vaccine. The period of an exemption is dependent on the underlying medical reason, but can be as short as 30 days (or less) for someone who has an acute COVID-19 infection to 365 days for an individual with a severe allergic reaction. Many exemptions are limited to 30, 60, or 90 days. Absent another type of exemption or religious accommodation, when a medical exemption expires, the service member is required to obtain the COVID-19 vaccine.

8. Accordingly, the number of approved exemptions provided indicates the number of current, active exemptions. Once an exemption expires, the medical exemption code is no longer associated with that service member's medical records and can no longer be found via a search

for the medical exemption codes. Even if it was possible to provide an aggregate number of all previously approved medical exemptions, that data would be inaccurate as a significant number of those individuals would no longer have an exemption and would be required to be vaccinated, if not already vaccinated. It could also miscount the total number of individual service members who have been exempted. For example, a service member may have received an exemption due to an acute COVID-19 infection; after that exemption expired, they could have been given another medical exemption because the member received treatment with monoclonal antibodies or convalescent plasma. Providing only current, active medical exemptions provides a snapshot of the exemptions at that time. A "total" exemptions would only equate to the number of conditions exempted, not the total number of service members exempted.

9. Providing the number of current medical exemptions also has severe limitations. Prior to the vaccination deadline passing, the number of approved exemptions fluctuated weekly as service members were granted new exemptions and other service members with exemptions expired. This leads to inaccurate information. For example, if Week 1 had 100 approved medical exemptions and Week 2 also had 100 that does not mean there was no change. There could have been 6 new medical exemptions and 6 expired medical exemptions. Although the deadlines for Active Duty personnel and Reserve personnel to vaccinate have passed—thus resulting in fewer new medical exemption requests—this fluctuation continues to be present.

10. It is also possible for the data request to fail to identify certain medical exemptions. For example, medical exemptions due to a current COVID-19 infection are of a very short duration and depend on when the person received the exemption in relationship to when he/she contracted COVID-19. A service member could be approved for a medical exemption on January 10, 2022—after the January 7 filing—and have the exemption expire before the next filing on January 21, 2022.

4

### Temporary Nature of Medical Exemptions

11.     Medical exemptions are granted based on concerns that a COVID-19 vaccine would place the individual service member at a heightened health risk.  As previously noted, Department of the Air Force policy is to only grant temporary medical exemptions from immunization requirements.  While a service member may have a severe allergic reaction to an ingredient, it may not occur with a future COVID-19 vaccine of a different formulation.  An exemption may also be temporarily granted for other medical reasons, such as when receiving the vaccine could create a confusing clinical diagnostic assessment during an active COVID-19 infection (e.g., is a fever due to a side effect from a COVID-19 vaccine or due to the COVID-19 infection), or for a pregnancy (which is time limited).  The individual health risks to a service member from a specific vaccine may temporarily outweigh the benefits of the protection offered by the vaccine to the member and others.  Many of these issues are temporary in nature.  After the health risk has subsided, the member is again required to vaccinate.

12.     During the period a member is medically exempt from receiving the vaccine, they are unprotected and at an increased risk of contracting COVID-19.  This is mitigated by maximizing the number of people around the service member that are vaccinated to prevent the spread of the disease in the community.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of January 2022.

CHAPA.ARTEMIO.CERDA.1169367589
Digitally signed by CHAPA.ARTEMIO.CERDA.1169367589
Date: 2022.01.07 07:57:27 -05'00'

ARTEMIO C. CHAPA, Colonel, USAF
Division Chief, Medical Operations,
AFMRA SG3