## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *etc., et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 8:21-cv-2429-SDM-TGW |
| v. | ) |
| | ) |
| JOSEPH R. BIDEN, *etc., et al.*, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PLAINTIFFS, MODIFY DEFENDANTS, AND ADD CLAIMS WITH MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, pursuant to Fed. R. Civ. P. 15 and Local Rule 3.01, move the Court for leave to amend the Verified Class Action Complaint (Doc. 1) to add Plaintiffs similarly situated to existing Plaintiffs, to remove Defendant Joseph R. Biden, to add Defendants closely related to existing Defendants and answerable for the same conduct already pleaded, and to add claims under the Administrative Procedures Act arising from the same facts already pleaded. The proposed First Amended Verified Class Action Complaint for Preliminary and Permanent Injunctive Relief and Declaratory Relief is attached hereto as Exhibit A, and, for the Court's convenience, a redline version of the proposed amended complaint is attached hereto as Exhibit B. Prior to filing Plaintiffs' prior motion for leave to amend (Doc. 39), Plaintiffs' counsel conferred with Defendants' counsel regarding the prior proposed amended complaint, but Defendants' counsel did not take a position on filing the amended complaint other than indicating that Defendants may file a response to Plaintiffs' motion for leave to

amend. Since Plaintiffs filed their notice of withdrawal of their prior motion for leave to amend (Doc. 41), Plaintiffs' counsel has conferred with Defendants' counsel regarding this motion to amend and an extension of Defendants' deadline to respond to any amended complaint (Docs. 45, 46), but Defendants have not taken a position on the motion.

## MEMORANDUM OF LAW IN SUPPORT

"A party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(b). But Rule 15 specifically contemplates that "[t]he court should freely grant leave when justice so requires." *Id.* Here, Plaintiffs seek only to add Plaintiffs who, like existing Plaintiffs, are all similarly situated United States Armed Forces servicemembers and civilian federal employees who have requested but not received a religious exemption or accommodation from the mandatory Federal COVID-19 Vaccine Mandate and who face adverse employment action for refusing to accept or receive a COVID-19 vaccine; to remove a Defendant the Court held is not answerable to Plaintiffs' claims and add Defendants who are; and add claims for relief arising from the same facts already pleaded. No party will be prejudiced by the Court's granting leave to file the proposed amended complaint, as this is Plaintiffs' first request for leave to amend, the proposed additional parties and claims are closely related to the parties and claims already before the Court, and the motion is filed prior to Defendants' deadline to respond to Plaintiffs' original complaint.

## I. LEAVE TO AMEND SHOULD BE LIBERALLY GRANTED.

"Leave to amend should be liberally granted when necessary in the interests of justice." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). As the Supreme Court has recognized, Rule 15's "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* And, "the rule in this circuit" is that "a plaintiff *must* be given at least one chance to amend the complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (emphasis added); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (same); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (holding Rule 15 "evinces a bias in favor of granting leave to amend"). Thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy*, 660 F.2d at 598. It is an abuse of discretion for a district court to deny leave to amend where no substantial factor necessitates such a finding. *See, e.g.*, *Bryant*, 252 F.3d at 1163–65; *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1258 (11th Cir. 1998); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

## II. THERE HAS BEEN NO DELAY OR BAD FAITH ON THE PART OF PLAINTIFFS PRIOR TO SEEKING LEAVE TO AMEND, AND NO PARTY WILL BE PREJUDICED BY PERMITTING PLAINTIFFS LEAVE TO AMEND.

Because leave to amend should be liberally granted, there are limited circumstances under which a party may be denied leave to amend, "such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility." *Forman*, 371 U.S. at 182; *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (same). No such factors are present in the instant Motion.

Plaintiffs bring this motion less than two weeks after Defendants filed their first required factual supplement and the date the Court set as the earliest date on which Plaintiffs could seek additional relief (Doc. 40 at 34–35); prior to Defendants' filing an answer or otherwise responding to the original complaint; and prior to any discovery. Under such circumstances, there can be no showing of undue delay or dilatory tactics on the part of Plaintiffs. *See Tampa Bay Water v. HDR Eng'r, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."). Moreover, as this is Plaintiffs' first request for leave to amend,[1] there cannot be a showing that Plaintiffs seek to amend after repeated failure to cure any alleged deficiencies. *See Bryant*, 252 F.3d at 1164.

---

[1] Plaintiffs initially moved for leave to amend on November 18, 2021 (Doc. 39). The Court entered its Order on Plaintiffs' preliminary injunction motion four days later, on November 22 (Doc. 40), which clarified and limited some of the issues raised in Plaintiffs' complaint. On November 30, 2021, prior to Defendants' filing any response to Plaintiffs' motion for leave to amend, Plaintiffs withdrew the motion and indicated that Plaintiffs would seek leave to amend in accordance with the guidance provided by the Court (Doc. 41).

Finally, there can be no showing of undue prejudice to Defendants, as this motion seeks only to add Plaintiffs with claims identical to those already pleaded in the original complaint, remove and add related Executive Branch Defendants necessary for complete relief based on the claims already pleaded in the original complaint, and add new claims arising out of the same facts and conduct already pleaded in the original complaint—all before Defendants' deadline to respond to the original complaint. (Doc. 46.) As the Eleventh Circuit has recognized, "[a]ny amendment to an original pleading necessarily involves *some* additional expense to the opposing party," but such nominal prejudice "constitute[s] anything but a substantial reason to deny leave to amend." *Loggerhead Turtle*, 148 F.3d at 1257. Indeed, "[m]ere inconvenience to a party does not constitute undue prejudice because 'there is invariably some practical prejudice resulting from an amendment.'" *Jones v. Mercure*, No. 1:13-cv-03946-WSD, 2015 WL 847467, at *3 (N.D. Ga. Feb. 25, 2015) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Prejudice to the non-moving party from an amendment is "typically found if the amendment (1) results in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or defense, or (3) significantly delays the resolution of the dispute." *Id.* Prejudice can also be found "when an amended complaint significantly changes a plaintiff's theory of recovery." *Bailey v. City of Douglasville*, No. 1:13-CV-00941-RWS-ECS, 2014 WL 12634308, *4 (N.D. Ga. Feb. 14, 2014). None of those considerations are present in

5

Plaintiffs' proposed amended complaint, and thus no undue prejudice can result from granting Plaintiffs leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed amended complaint.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org*
rmast@lc.org*
*Admitted pro hac vice
**Application for admission
pro hac vice forthcoming

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this January 20, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam
