IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NAVY SEAL #1, *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br>          Defendants. | Case No. 8:21-cv-2429-SDM-TGW |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Pursuant to Local Rule 3.01, Defendants respectfully submit this memorandum in opposition to Plaintiffs' motion to amend their complaint, ECF No. 49 ("Mot.").

### BACKGROUND

Plaintiffs filed this lawsuit on October 15, 2021. Their original complaint included as "named" plaintiffs eighteen service members, four federal government contractor employees, one federal government contractor employer, and no federal civilian employees. *See* Compl. ¶¶ 17–41. These plaintiffs are not identified by name, and Plaintiffs have only this week moved for leave to proceed pseudonymously.[1] The

---

[1] On November 10, 2021, Plaintiffs informed the Court that such a motion was "forthcoming." Pls.' Reply in Supp. of Mot. for TRO & Prelim. Inj., at 16 n.2, ECF No. 30. On January 21, 2022, Plaintiffs informed the Court that such a motion would filed "within one business day." Pls.' Supp'l Mem. & Renewed Mot. for Prelim. Inj., at 6 n.2, ECF No. 51.

1

lawsuit challenges what Plaintiffs refer to as the "Federal COVID-19 vaccine mandate," which includes an executive order governing federal employees (Executive Order 14043), an executive order governing federal contracts (Executive Order 14042), and a Department of Defense directive governing members of the Armed Forces. *See* Compl. ¶¶ 50–57; Defs.' Opp'n to Pls.' Mot. for a TRO & Prelim Inj. at 4–9, ECF No. 23 (describing these directives). The original complaint asserts three counts, alleging that the "Federal COVID-19 vaccine mandate" violates: (1) the Federal Food, Drug, and Cosmetic Act ("FDCA") (Count I); (2) the First Amendment (Count II), and (3) the Religious Freedom Restoration Act ("RFRA") (Count III). On October 15, 2021, Plaintiffs moved for a temporary restraining order and preliminary injunction with respect to all counts. ECF No. 2.

On November 22, 2021, the Court entered an order denying the request for a temporary restraining order, denying the motion for a preliminary injunction on all counts "for the civilian plaintiffs," and deferring a ruling on Counts II and III for the service-member plaintiffs. Order ("PI Order") at 34, ECF No. 40.

On January 20, 2022, Plaintiffs moved for leave to file an amended complaint. Plaintiffs seek to "add Plaintiffs similarly situated to existing Plaintiffs, to remove Defendant Joseph R. Biden, to add Defendants closely related to existing Defendants . . ., and to add claims under the Administrative Procedure Act." Mot. at 1; *see also* ECF No. 49-1 (redline version of proposed amended complaint). Notwithstanding Plaintiffs' contention that the new proposed plaintiffs are "similarly situated to existing Plaintiffs," the proposed amended complaint seeks to include, for the first time,

2

individuals who allege that they are federal civilian employees. Mot., at 1. On January 26, 2022, Plaintiffs filed a motion for leave for all of the plaintiffs in the amended complaint to proceed by pseudonym. ECF No. 55. As noted in that filing, Defendants intend to file a response in opposition to that motion. Because Plaintiffs have not established their entitlement to proceed pseudonymously, the Court should deny their motion for leave to file an amended complaint containing additional unnamed plaintiffs.

## LEGAL STANDARD

As Plaintiffs recognize, Plaintiffs may only amend their complaint at this juncture "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While such leave should be "freely" granted "when justice so requires," *id.*, a motion to amend "may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quoting *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted). The decision whether to grant leave to amend a complaint is "within the Court's discretion." *O'Rear v. Am. Family Life Assurance Co.*, 139 F.R.D.

418, 421 (M.D. Fla. 1991); *see also Deegan v. Homestead Police Dep't*, 750 F. App'x 796, 799 (11th Cir. 2018).[2]

## ARGUMENT

Plaintiffs' motion should be denied because Plaintiffs have again failed to comply with Federal Rule 10(a), which requires that every federal court pleading "name all the parties." Fed. R. Civ. P. 10(a).

"Federal Rule of Civil Procedure 10(a) provides that '[e]very pleading' in federal court 'must name all the parties.'" *Doe v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV-MORENO, 2019 WL 5102450, at *1 (S.D. Fla. Oct. 11, 2019). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). The Rule thus imposes the burden on a plaintiff to establish that he or she "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id*. at 323 (citation omitted); *see also id*. ("It is the exceptional case in which a plaintiff may proceed under a fictitious name.").

Plaintiffs filed this case on October 15, 2021, and did not move for leave to proceed anonymously until January 26, 2022. Defendants intend to oppose that

---

[2] Plaintiffs incorrectly contend that a "plaintiff *must* be given at least one chance to amend the complaint." Mot. at 3 (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)). But that interpretation would confer a right to amend as a matter of course that only exists under Rule 15(a)(1), which Plaintiffs acknowledge does not apply here. And in any event, the "rule" Plaintiffs cite requires only that where "a more carefully drafted complaint might state a claim," a plaintiff be "given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Long*, 181 F.3d at 1279 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

motion because Plaintiffs have not carried their heavy burden of demonstrating why this is one of the exceptional cases in which such a procedure should be allowed. *See Doe v. Raimondo*, No. 1:21-mc-127, slip op. at 9 (D.D.C. Oct. 14, 2021), ECF No. 1 (finding that vaccination status is not "sensitive and highly personal such that it warrants anonymity"); *Rydie v. Biden*, No. 8:21-cv-2696 (D. Md. Nov. 18, 2021), ECF No. 24 (denying motion to proceed under pseudonym in challenge to federal vaccination requirement); *Brnovich v. Biden*, No. 2:21-cv-1568 (D. Ariz. Dec. 15, 2021), ECF No. 122 (same). Indeed, another court in this Circuit has recently considered and rejected a similar motion to proceed anonymously. *Coker v. Austin*, 3:21-cv-1211 (N.D. Fla Dec. 1, 2021), ECF No. 49. Unless and until the Court grants Plaintiffs permission to proceed under pseudonym, the Court "lack[s] jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001 (citation omitted); *see also Oklahoma v. Biden*, ---F. Supp. 3d---, 2021 WL 6126230, at *2 (W.D. Okla. Dec. 28, 2021); *Estate of Rodriguez v. Drummond Co.*, 256 F. Supp. 2d 1250, 1257 (N.D. Ala. 2003).[3] Because Plaintiffs' proposed amended complaint adds only additional pseudonymous plaintiffs

---

[3] Plaintiffs' jurisdictional deficiency is not remedied by their attempt to proceed as a class. "Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "[U]nder Article III, a federal court may resolve only "a real controversy with real impact on real persons." *Id.* But Plaintiffs have not even made the basic showing that they are in fact "real persons" much less that they have submitted religious accommodation requests to the military and those claims have been denied. Accordingly, the Court cannot even entertain the claims or motions currently presented to the Court. *Id.* at 2208 ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.") (quoting *Tyson Foods, Inc.* v. *Bouaphakeo*, 577 U. S. 442, 466 (2016) (Roberts, C. J., concurring)).

over which this Court lacks jurisdiction, the Court should deny Plaintiffs' motion. *See, e.g.*, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." (citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to file an amended complaint.

Dated: January 28, 2022                           Respectfully submitted,

BRIAN M. BOYNTON                                  /s/ *Amy E. Powell*
Acting Assistant Attorney General                 ANDREW E. CARMICHAEL
                                                  AMY E. POWELL
ALEXANDER K. HAAS                                 Senior Trial Counsel
Director, Federal Programs Branch                 ZACHARY A. AVALLONE
                                                  COURTNEY D. ENLOW
ANTHONY J. COPPOLINO                              R. CHARLIE MERRITT
Deputy Director                                   Trial Attorneys
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, N.W.
                                                  Washington, DC 20005
                                                  Tel: (919) 856-4013
                                                  Email: amy.powell@usdoj.gov

                                                  *Counsel for Defendants*