# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

NAVY SEAL 1, *et al.*, for themselves )
and all others similarly situated, )
                                             )
              Plaintiffs, )
v.                                   )  No. 8:21-cv-2429-SDM-TGW
                                             )
JOSEPH R. BIDEN, in his official )
capacity as President of the United )
States, *et al.*, )
                                             )
              Defendants. )

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO SET A BRIEFING SCHEDULE

Plaintiffs, pursuant to Local Rule 3.01(b), file this response in opposition to Defendants' Motion to Set a Briefing Schedule (Doc. 56, the "Briefing Motion"). For the reasons stated below, the Court should deny the motion and rule on the matters that the Court deferred in its Order on Plaintiffs' preliminary injunction motion (Doc. 40 at 34–35), based on the papers addressing those matters filed since the Order (Docs. 47, 49-1, 51 (pp. 1–13, 21–23), 52, 55), and order Defendants to respond to the matters constituting Plaintiffs' renewed motion for preliminary injunction (Doc. 51 at 13–21, 21–23) according to Local Rule 3.01(b).

**LEGAL MEMORANDUM**

I. **TIME IS OF THE ESSENCE IN RESOLVING THE DEFERRED PRELIMINARY INJUNCTION CLAIMS OF SERVICEMEMBER PLAINTIFFS.**

Time is of the essence, especially for servicemember Plaintiffs facing inevitable, involuntary, and imminent separation from the Armed Services without the Court's intervention. By filing their Briefing Motion, however, Defendants desire to delay the Court's resolution of Plaintiffs' preliminary injunction motion by tying it to the disclosure of pseudonymous Plaintiffs' identities. (Br. Mot. at 1.) Plaintiffs were willing to agree to the delay sought by Defendants if the Government paused the separations of servicemembers, but Defendants were unable to make such an agreement. (*See* Exhibit A, excerpted e-mail correspondence between Plaintiffs' and Defendants' counsel.) In the absence of such a pause by the Government, Defendants' Briefing Motion should be denied for two reasons.

**First**, the Court deferred ruling on Plaintiffs' preliminary injunction motion as to servicemember Plaintiffs' First Amendment and RFRA claims pending Defendants' providing data on the Armed Services' handling of religious and medical exemption requests, irrespective of Plaintiffs' identities. (Doc. 40 at 34–35.) The first two installments of data are in. (Docs. 47, 52.). The data reveal that individualized determinations of religious sincerity do not matter, and that the Armed Services are granting thousands of medical exemptions while granting no meaningful religious exemptions. (Pls.' Supp'l Mem. 3–5.) The Court has all it needs to grant the

2

preliminary injunction as to the deferred claims, and should do so without waiting for the disclosure of Plaintiffs' identities to Defendants.

Defendants have not demonstrated, by proof or otherwise, how any individualized considerations could change the future of unvaccinated servicemembers who desire to remain in the Armed Services but have objected to mandatory vaccination on religious grounds. When the Court entered its Order deferring its ruling on Plaintiffs' preliminary injunction motion as to servicemember Plaintiffs' First Amendment and RFRA claims (Doc. 40 at 34–35), the Armed Services had not granted any of the 16,643 religious exemption requests they had received, including any on appeal, but had finally denied only 1 appeal. (Doc. 40 at 1.) Since then, the Armed Services have received 22,951 religious exemption requests, and the Marines have granted 3 (of doubtful relevance[1]). (Docs. 52-2 at ECF p. 3; Doc. 52-3 at ECF p. 3; Doc. 52-4 at ECF p. 3; Doc. 52-5 at ECF p. 4; Doc. 52-6 at ECF p. 4.) Moreover, the Armed Services have finally denied at least 379 appeals (Doc. 52-4 at ECF p. 3 (Marines); Doc. 52-5 at ECF p. 4 (Air Force)), with thousands still pending.[2] (Doc. 52-2 at ECF p. 3 (38 pending); Doc. 52-3 at ECF p. 3 (1,161 pending); Doc. 52-

---

[1] All 3 "granted" requests are for Marines, including the 2 that Plaintiffs demonstrated were essentially meaningless because granted to Marines already slated for separation. (Pls.' Supp'l Mem., Doc. 51, at 4 & n.2.) Defendants have not provided any details regarding the third granted request, nor have Plaintiffs discovered any information about the third granted request.

[2] The new Plaintiffs proposed in Plaintiffs' Motion for Leave to Amend (Doc. 49) include 10 servicemembers whose religious exemption appeals have been denied and who are under orders to vaccinate or be separated from service. (Doc. 49-1, ¶¶ 42, 43, 46–48, 50, 54, 55– 57.)

3

4 at ECF p. 3 (1,091 pending); Doc. 52-5 at ECF p. 4 (363 pending); Doc. 52-6 at ECF p. 4 (125 pending).) Thus, according to Defendants' data, servicemembers' individual sincerity does not matter, and the only difference between the denial of an initial request and the denial of an appeal is how long the servicemember has to wait before inevitable, involuntary separation. In other words, Defendants have not demonstrated how any individualized information concerning Plaintiffs is necessary to disprove the artifice of the Armed Services' religious exemption process.

**Second**, the matters constituting Plaintiffs' renewed motion for preliminary injunction (Pls.' Supp'l Mem. Doc. 51 at 13–21, 21–23), i.e., matters not deferred in the Court's initial preliminary injunction order (Doc. 40 at 34–35), also do not implicate any individualized determinations requiring disclosure of Plaintiffs' identities to Defendants prior to resolution. The First Amendment and RFRA claims of civilian federal employee Plaintiffs involve the Government's same universal denial of religious exemptions while allowing nonreligious exemptions without justifying the disparate treatment. (Doc. 51 at 13–15.) And the Administrative Procedures Act (APA) claims of civilian federal employee and contractor Plaintiffs involve purely legal issues regarding the authority of the Government to impose its Vaccine Mandate on those Plaintiffs. (Doc. 51 at 15–21.) To be sure, the renewed preliminary injunction claims of the federal civilian employee and contractor Plaintiffs are tied to Plaintiffs' proposed amended complaint (Doc. 49-1), which the Court has not yet accepted for filing. Thus, any delay in the Court's taking up the renewed preliminary injunction

claims may appropriately be tied to Plaintiffs' proposed amended complaint becoming live, but not to the disclosure of Plaintiffs' identities to Defendants.

## II. DISCLOSURE OF PLAINTIFFS' IDENTITIES TO DEFENDANTS CAN AND WILL BE ACCOMPLISHED SEPARATELY FROM THE COURT'S DISPOSITION OF PLAINTIFFS' DEFERRED AND RENEWED PRELIMINARY INJUNCTION CLAIMS.

Plaintiffs and Defendants have already begun negotiating an agreed interim protective order to facilitate the disclosure of Plaintiffs' identities to Defendants while Plaintiffs' Motion for Leave to Proceed Pseudonymously (Doc. 55) is pending, resolving most matters through one round of proposed revisions. There is no reason to expect the negotiation to be lengthy, and for the reasons shown above, there is no reason to handcuff the Court's resolution of Plaintiffs' preliminary injunction motion—either the deferred or renewed claims—to the disclosure of Plaintiffs' identities to Defendants.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Briefing Motion, grant Plaintiffs' preliminary injunction motion on the papers already filed as to the deferred servicemember Plaintiffs' claims, and require Defendants to respond to the renewed preliminary injunction claims in accordance with Local Rule 3.01(b).

        /s/ Roger K. Gannam
        Mathew D. Staver
        Horatio G. Mihet
        Roger K. Gannam
        Daniel J. Schmid*
        Richard L. Mast**
        LIBERTY COUNSEL
        P.O. Box 540774
        Orlando, FL 32854
        (407) 875-1776
        court@lc.org
        hmihet@lc.org
        rgannam@lc.org
        dschmid@lc.org
        rmast@lc.org
        *Admitted specially
        **Application for special admission pending

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this January 31, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

        /s/ Roger K. Gannam
        Roger K. Gannam