UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　　Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER PENDING
DECISION ON MOTION FOR PRELIMINARY INJUNCTION**

　　Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), move the Court for an emergency temporary restraining order (TRO) to preserve the status quo ante for two class members pending the Court's decision on Plaintiffs Motion for Preliminary Injunction (Doc. 2) and Supplemental Memorandum and Renewed Motion for Preliminary Injunction. (Doc. 51). In support thereof, Plaintiffs show unto the Court as follows:

**INTRODUCTION**

　　In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are otherwise not adequately protected by the hearing on November 15, 2021; and whose circumstances are for some singular reason markedly more acute than other members

of the putative class." (Doc. 9 at 4.) As demonstrated below and in the attached exhibits, two such class members—one named Plaintiff and one proposed new named Plaintiff—who are United States Armed Forces servicemembers, face immediate and irreparable harm to their free exercise rights and military careers absent immediate injunctive relief from this Court. Emergency, interim injunctive relief is necessary pending determination of Plaintiffs' preliminary injunction motion.

## ARGUMENT

In addition to the argument below, Plaintiffs incorporate by reference the legal argument contained in their Motion for Preliminary Injunction (Doc. 2), Reply in Support (Doc. 30), and Supplemental Memorandum and Renewed Motion for Preliminary Injunction. (Doc. 51). As set forth therein, Defendants' refusal to consider or grant Plaintiffs' requests for religious exemption and accommodation while granting thousands of similarly situated nonreligious exemptions violates the First Amendment and the Religious Freedom Restoration Act.

**I.    A TRO IS NEEDED TO PRESERVE THE STATUS QUO AND PREVENT IRREPARABLE INJURY PENDING THE COURT'S DECISION ON PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.**

"A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application." *United States v. DBB, Inc.*, 1282 n.5 (1999); *see also Grasso v. Dudek*, No. 6:130cv01536-Orl-28GK, 2014 WL 12621193, at *2 (M.D. Fla. Jan. 6, 2014) ("In the Eleventh Circuit, TRO's are intended to protect against irreparable harm and to preserve the status quo until a decision on the merits can be made."); *Talib v. SkyWay Comms. Holding Corp.*, No. 8:05-cv-282-T-

2

17TBM, 2005 WL 8160176, at *5 (M.D. Fla. Apr. 5, 2005) (same). Here, a TRO pending preliminary injunction is necessary to preserve the status quo and prevent immediate and irreparable harm that will occur **beginning February 2 and February 3**.

    **A.**    **Plaintiffs and Other Class Members Face Immediate and Irreparable Deprivation of Free Exercise Rights in the Form of Involuntary Separation and Irreparable Career Damage.**

Plaintiffs will suffer immediate and irreparable injury absent a TRO pending decision on their preliminary injunction motion because they will suffer the irretrievable sacrifice of cherished First Amendment liberties. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("There can be no question that the challenged restrictions, if enforced, will cause irreparable harm. 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Indeed, as this Court already held, "[t]he pertinent precedents (and a fair empathy for the conscience of the sincere religious objector) suggest that in a Free Exercise Clause claim the initial episode of denial of free exercise causes irreparable harm . . . ." (Order, Doc. 40, at 30.)

Plaintiff COMMAND SURFACE WARFARE OFFICER, United States Navy (Proposed First Am. V. Class Action Compl., Doc. 49-1, ¶ 38), faces **immediate and irreparable harm beginning February 3,** as he will be removed from command of his ship, irreparably damaging his career, if he remains unvaccinated as of that date. (Decl. Navy Commander Surface Warfare Officer (attached hereto as Exhibit A),

3

¶¶ 23–25 & Ex. A-1.) The Navy denied COMMAND SURFACE WARFARE OFFICER's appeal seeking a religious exemption on January 28, 2022, and ordered him to begin a vaccination series within 5 days (by February 2), or else report to a Navy immunization clinic for vaccination on February 3. (Ex. A, ¶¶ 4–5 & Ex. A-1.) Because his request for religious exemption has been finally denied, he has no further rights of appeal and will be removed from his command of a guided missile destroyer.

Plaintiff LIEUTENANT COLONEL 2, United States Marine Corps (Compl., Doc. 1, ¶ 25; Proposed First Am. V. Class Action Compl., Doc. 49-1, ¶ 41), faces **immediate and irreparable harm beginning February 2**, as she will be added to the Officer Disciplinary Notebook, and her command selection will be withdrawn, irreparably damaging her career, if she remains unvaccinated as of that date. (Decl. Marine Lieutenant Colonel 2 (attached hereto as Exhibit B), ¶¶ 12–17 & Ex. B-1.) The Marine Corps denied LIEUTENANT COLONEL 2's appeal seeking a religious exemption on January 26, 2022 and ordered her to begin a vaccination series within 5 business days (by February 2). (Ex. B, ¶ 12 & Ex. B-1.)

The Plaintiffs named above are only the beginning. Numerous named Plaintiffs and other class members have received final denials of their appeals from their initial denials, and their irreversible vaccinate-or-separate choices are imminent. (*See, e.g.,* Doc. 49-1, ¶¶ 42, 43, 46–48, 50, 54, 55– 57.)

      **B.    Only a TRO Pending Decision on Plaintiffs' Motion for Preliminary Injunction Can Preserve the Status Quo.**

In entering a TRO, "the court's task . . . is generally to restore, and preserve, the *status quo ante, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1193 (S.D. Fla. 2011) (cleaned up). Indeed, where—as here—"an irremediably deteriorating condition threatens to thwart the Court's ability to render a proper final judgment on the merits later, the Court must act to preserve or restore the vanishing status quo ante." *Schrank v. Bliss*, 412 F. Supp. 28, 34 (M.D. Fla. 1976).

Here, only an immediate TRO pending decision on Plaintiffs' preliminary injunction motion (Docs. 2, 51) can preserve the status quo ante. Absent immediate injunctive relief, Plaintiffs will suffer irreparable deprivation of their free exercise rights and irreparable damage to their military careers.

**II.    THE COURT SHOULD ISSUE THE TRO WITHOUT WAITING FOR A REPONSE FROM DEFENDANTS.**

Pursuant to Rule 65(b)(1), the Court may issue the TRO if specific sworn facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This motion satisfies the requirements for issuance of a TRO without waiting for a response from Defendants.

On January 27, 2022, Plaintiffs' counsel asked Defendants' counsel whether Defendants would pause all separation proceedings for servicemembers to

5

accommodate an extended briefing schedule on Plaintiffs' preliminary injunction motion. (Doc. 58 at 2 & Ex. A.) Defendants' counsel indicated such agreement was unlikely (Doc. 58 at 2 & Ex. A), and confirmed that Defendants would not agree by filing Defendants' Motion to Set a Briefing Schedule (Doc. 56).

Prior to filing this motion, and in accordance with the Court's October 18, 2021 Order (Doc. 9), the undersigned Plaintiffs' counsel conferred by e-mail with counsel for Defendants, seeking Defendants' agreement to pause the imminent adverse action against Plaintiffs COMMAND SURFACE WARFARE OFFICER, United States Navy, and LIEUTENANT COLONEL 2, United States Marine Corps, pending the Court's decision on Plaintiffs' preliminary injunction motion. Plaintiffs' counsel provided these Plaintiffs' identities to Defendants' counsel under an agreement to be bound by the terms of the proposed Interim Protective Order (Doc. 59-1) negotiated by the parties. As of the filing of this motion, Defendants' counsel was unable to provide any such agreement, but indicated that Defendants oppose the relief requested herein. Given the imminent and irreparable adverse action facing Plaintiffs COMMAND SURFACE WARFARE OFFICER, United States Navy, and LIEUTENANT COLONEL 2, United States Marine Corps, as shown above and supported by the attached declarations (Exs. A, B), the Court should not request or wait for any further response from Defendants before entering the requested TRO.

## CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the

foregoing efforts made to confer with Defendants' counsel regarding the relief requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any response from Defendants prior to issuing the TRO.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast**
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially
**Application for special admission pending

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this February 1, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam

7