UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                                          CASE NO. 8:21-cv-2429-SDM-TGW

JOSEPH R. BIDEN, et al.,

    Defendants.
_____/

**ORDER**

      Harboring a religious objection to the COVID-19 vaccine, service members of each branch of the military, federal employees, federal contractors, and employees of federal contractors, sued on behalf of a putative class and promptly moved to temporarily restrain and to preliminarily enjoin military directives and executive orders requiring COVID-19 vaccination but allowing requests for religious and other exemptions. An October 18, 2021 scheduling order (Doc. 9) observes that a temporary restraining order directed to the putative class will likely not issue, but the October 18 order states that the plaintiffs may move on behalf of an individual service member subject to a circumstance markedly more acute than the other members of the putative class.

      After a November 15, 2021 hearing on the motion for a preliminary injunction, a November 22, 2021 order (Doc. 40) denies a preliminary injunction for the

non-service members, defers resolving the motion on behalf of the service members, and requires the defendants to submit on January 7, 2022, a notice containing for each branch of the armed forces information about, among other things, the number of pending requests for religious and other exemptions and the number of requests denied after final appeal.  The November 22 order permits the parties not sooner than January 7, 2022, to explain in a supplemental memorandum the factual basis warranting either issuance of a preliminary injunction or a denial of the motion and states that a separate order will schedule a resumption of the hearing, if necessary.

On January 20, 2022, the plaintiffs moved (Doc. 49) to amend the complaint. On January 21, 2022, the plaintiffs — in accord with the November 22 order — submit a supplemental memorandum in support of a preliminary injunction.  On January 26, 2022, the plaintiffs moved (Doc. 55) for leave to proceed under a pseudonym. The defendants oppose (Doc. 49) amendment, request (Doc. 56) an extension of time in which to respond to the supplemental memorandum, and according to a 3.01(g) certification oppose the request to proceed under a pseudonym.  Also, on February 1, 2022, the parties jointly moved (Doc. 59) for an interim protective order to permit limited disclosure of the plaintiffs' identities.

At 6:18 p.m. on February 1, 2022, the plaintiffs moved (Doc. 60) for a temporary restraining order on behalf of two service members allegedly confronting imminent removal from a position of command.  A February 2, 2022 order (Doc. 62) permits the defendants to respond to the motion for a temporary restraining order not

later than 5:00 p.m. on February 2, 2022, and the defendants timely respond (Doc. 66).

## The Motion for a Temporary Restraining Order

The service members moving for a temporary restraining order comprise a Commander Surface Warfare Officer in the Navy and a Lieutenant Colonel in the Marines. The plaintiffs propose (Doc. 49) in the amended complaint to add the Navy Commander as a plaintiff. Although this order defers ruling on the motion to amend the complaint, *Moore v. Comfed Savings Bank*, 908 F.2d 834, 839 (11th Cir. 1990), permits *sua sponte* joinder of a party if joinder is proper under Rule 20, Federal Rules of Civil Procedure. Because Navy Commander's claims "arise[] out of the same transaction, occurrence, or series of transactions or occurrences" and contain a "question of law or fact" common to the other service member plaintiffs, Rule 20 permits the officer's joinder as a plaintiff. Accordingly, Navy Commander is **JOINED** as a plaintiff in this action. The motion for a temporary restraining order and the supporting affidavits demonstrate the following facts.

*Navy Commander*

Navy Commander serves as the commanding officer of a guided missile destroyer in the Navy. (Doc. 60-1 ¶ 2) Navy Commander joined the Navy in 2004 and has served for more than seventeen years. (Doc. 60-1 ¶ 4) From January 2020 to March 2021, before the FDA fully authorized a COVID-19 vaccine, Navy Commander conducted successful operations, including a voyage exceeding 300 days, while adhering to COVID-19 safety protocols, including masking, sanitizing,

physical distancing, COVID-19 testing, and quarantining. (Doc. 60-1 ¶¶ 12-13) More than 93% of the sailors under the command of Navy Commander have completed a COVID-19 vaccination series. (Doc. 60-1 ¶ 15)

On August 24, 2021, the Secretary of DoD issued a memorandum requiring COVID-19 vaccination of service members in accord with applicable branch procedure. On September 13, 2021, Navy Commander submitted a "Religious Accommodation Request" (RAR). (Doc. 60-1 ¶ 8) On October 22, 2021, the Chief of Naval Personnel denied the request, which Navy Commander appealed on November 3, 2021. (Doc. 60-1 ¶¶ 9, 10) The denial letter "is identical to the denial letter received" by the sixteen sailors under the command of Navy Commander. (Doc. 60-1 ¶ 19) Although Navy Commander endorsed the exemption request of each sailor and affirmed the ability to accommodate each sailor, the Navy deemed Navy Commander's endorsement insufficient. (Doc. 60-1 ¶ 22)

On January 28, 2022, the Chief of Naval Operations, the ultimate appellate authority within the Navy, denied Navy Commander's appeal. (Doc. 60-1 at 8) The appellate denial letter assumes that Navy Commander's "religious beliefs are sincere and would be substantially burdened." (Doc. 60-1 at 8) However, the letter states, among other things, that "[a] waiver of immunizations would have a predictable and detrimental effect on the readiness of you and the Sailors who serve along side you" and that the other preventative measures, which for the last two years Navy Commander has required of the sailors under his command, "are not 100 percent effective and must be implemented in conjunction with immunization to reduce the risk of

mission failure." (Doc. 60-1 at 8)  The letter declines to mention that the Navy has granted 270 medical exemptions (Doc. 52-3 at 3) and fails to explain the unsuitability of the alternative precautions afforded the recipients of a medical exemption.

The appellate denial letter orders Navy Commander to begin a COVID-19 vaccination series at a Navy immunization clinic not later than February 3, 2022. (Doc. 60-1 at 9)  An order requires Navy Commander to meet with a squadron commander the evening of February 3, 2022.  (Doc. 60-1 ¶ 25)  Navy Commander "fully expects to be relieved as commander of [Navy Commander's] ship, due to a 'loss of confidence,'" if Navy Commander does not appear at the immunization clinic to begin the COVID-19 vaccination series.  (Doc. 60-1 ¶¶ 24–25)

*Lieutenant Colonel 2*

Lieutenant Colonel 2 serves as a logistics officer at Marine Forces Special Operations Command at Camp Lejeune, North Carolina.  (Doc. 60-2 ¶ 2)  Lieutenant Colonel enlisted in the Marine Corps in 1997.  (Doc. 60-2 ¶ 3)  Since the beginning of COVID-19, Lieutenant Colonel 2 has completed eight temporary duty assignments, which required travel across the United States.  (Doc. 60-2 ¶ 19)  A Black female, Lieutenant Colonel 2, among many other duties, serves as a Diversity and Inclusion Officer and serves as a DoD Fellow in which capacity Lieutenant Colonel conducts research to integrate women into ground combat positions.  (Doc. 60-2 ¶ 6)  Before joining the military, Lieutenant Colonel 2 received an abortion after becoming pregnant from rape.  (Doc. 60-2 ¶ 18)  This experience caused Lieutenant Colonel 2 to

- 5 -

develop strong religious opposition to abortion and to any vaccine developed with fetal cell lines.  (Doc. 60-2 ¶ 18)

On September 7, 2021, Lieutenant Colonel 2 requested a religious exemption from COVID-19 vaccination.  (Doc. 60-2 ¶ 8; Doc. 60-2 at 13)  On October 13, 2021, the Deputy Commandant, Manpower & Reserve Affairs denied the request. (Doc. 60-2 ¶ 10)  On November 3, 2021, Lieutenant Colonel 2 appealed the denial, which on January 26, 2022, the Assistant Commandant of the Marine Corps denied. (Doc. 60-2 at 7)  In the denial letter, which the defendants append to the response (Doc. 66-3), the Assistant Commandant questions whether receiving the COVID-19 vaccine substantially burdens a religious belief because Lieutenant Colonel 2's objections to the COVID-19 vaccine "could be made for every FDA approved vaccine [she has] received" in the military.  Further, "assuming that COVID-19 vaccination substantially burdens" a religious belief, the Assistant Commandant concludes that "the government's compelling interests in military readiness and in the health and safety of the force" justifies denying Lieutenant Colonel 2's request.  The denial letter declines to mention that the Marines have granted 234 medical exemptions (Doc. 52-4 at 3) and fails to explain the unsuitability of the alternative precautions afforded a recipient of a medical exemption.

On January 26, 2022, a commanding officer directed Lieutenant Colonel 2 to begin a vaccination series not later than February 2, 2022.  (Doc. 60-2 at 7)  If Lieutenant Colonel 2 fails to timely begin the vaccination series, "the process will immediately begin to place [Lieutenant Colonel 2] on the Officer Disciplinary Notebook,"

which strips Lieutenant Colonel 2 of her command and her eligibility for deployment, promotion, schooling, and other career progression, including retirement. (Doc. 60-2 ¶ 13)  Further, placement on the Officer Disciplinary Notebook begins the "Board of Inquiry Process," that is, the process of administrative separation from the Marines.  (Doc. 60-2 ¶ 14)

*Analysis*

The order deferring the motion for a preliminary injunction contemplated that some exigent circumstance might require more narrow and interim relief to preserve, pending the outcome of pending matters, the rights of a service member otherwise subject to some adverse action by the military because of the military's denying, allegedly in violation of RFRA, a service member's request for a religious exemption.

The complaint in this action presents a formidable array of claims and parties, both as plaintiffs and as defendants.  The optimum array of the parties and the claims remains unresolved (that is, for example, whether to sever some parties or claims, whether and how to certify one or more classes or subclasses, the effect (if any) of adjudications in related actions elsewhere, and the like).  In short, the action is not procedurally mature and organized in a streamline and readily manageable manner; but that state will not long endure.  (Reliance was placed on the parties to act with restraint and deference to permit this action to proceed in a deliberate and orderly manner without the need to resolve sudden and unexpected "emergency" events, such as the present motion.  Reliance having failed, other means will attach.)

The record as a whole in this action and the attendant circumstances support the motion by the two service member plaintiffs, and the motion is **GRANTED-IN-PART** for the following reasons and to the following extent. The purpose of this relief is preservation of the status quo for a week to permit a reasonable and practical opportunity for a hearing and any necessary and additional submissions from the parties. The hearing on further preliminary relief as a result of the pending motion (Doc. 60) will occur on **FEBRUARY 10, 2022, at 10:00 A.M.** in Courtroom 15A, United States Courthouse, Tampa, Florida, and continuing during whatever time is necessary from day to day until completion. Lead counsel must attend in person. Each party may offer evidence, testimonial or otherwise.

The record in this action establishes that the two service members are very likely to prevail on their claim that their respective branch of the military has wrongfully denied a religious exemption from COVID-19 vaccination. The record creates a strong inference that the services are discriminatorily and systematically denying religious exemptions without a meaningful and fair hearing and without the showing required under RFRA (while simultaneously granting medical exemptions and permitting unvaccinated persons to continue in service without adverse consequence). One struggles to imagine a wholesome and lawful explanation for the results evidenced in this record. The military is well aware of the frailty of their arguments in defense of their practices. Those arguments both procedural and substantive, are rejected in an action that is distinctively parallel to this action. *U.S. Navy Seals 1–26, et al v. Biden*, 4:21-cv-1236-O, Doc. 66, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022)

(characterizing the military's review of requests for a religious exemption as "theater" and granting relief to the service member plaintiffs).  Rejection on the same or a more encompassing basis is likely in this action (especially if the conduct of the military continues along the present lines).

The two moving service members face either (1) a most-likely-unlawful deprivation of their accumulated status and standing in the United States military, as well as prospective advancement and benefits, or (2) deprivation of their constitutional and statutory rights to Free Exercise and the statutory right to receive a religious exemption unless the military can meet the statutory burden of proof, which the military has not and likely cannot.  On the other hand, the military faces a trivial, if any, prospect of material injury as a result of permitting the service members continued service under the same terms and conditions and with the same privileges and emoluments as currently prevail, especially because the military permits a large group of unvaccinated persons to serve without adverse consequence.

Finally, the military is most likely unable to establish, and certainly has not established, that permitting the relatively small number of RFRA objectors, even if every request for exemption (much less the two at issue in this motion) were sincere and successful, to serve without adverse consequences to their standing and the terms and conditions of their service will adversely affect the public's interest in the maintenance and readiness of the nation's military forces.  In fact, the public undoubtedly has some considerable interest in maintaining the services of skilled, experienced, highly trained, patriotic, courageous, and esteemed service members, such as the two

moving service members, in whom the public has an immense financial investment and who are not, to say the least, readily replaceable.

The Secretary of Defense and anyone acting in concert with him, as specified in and to the full extent of Rule 65, Federal Rules of Civil Procedure, is **ENJOINED** through **February 11, 2022**, from diminishing or altering in any manner and for any reason the current status of Navy Commander and Lieutenant Colonel 2, including their assignment, privileges, rank, or the like. In short, Navy Commander and Lieutenant Colonel 2 must remain "as is" throughout the duration of this injunctive relief.

ORDERED in Tampa, Florida, on February 2, 2022.

*[signature]*
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE