IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, et al., <br><br>   Plaintiffs, <br><br> and <br><br> THOMAS MORE MACIK, USMC <br><br> [PROPOSED] Plaintiff-Intervenor <br><br> v. <br><br> LLOYD AUSTIN, et al., <br><br>   Defendants. | Case No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFF-INTERVENOR'S MOTION TO INTERVENE**

Plaintiff-Intervenor Thomas More Macik, USMC, moves this Court for leave to intervene in this action as of right, pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, for permissive intervention pursuant to Fed. R. Civ. P. 24(b). As grounds for this Motion, Plaintiff-Intervenor states as follows:

1.  On October 15, 2021, Plaintiffs Navy Seal 1, *et al.*, filed a "Verified Class Action Complaint" against Joseph Biden, Lloyd Austin, and Alejandro Mayorkas, alleging violations of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §360bbb-3), the First Amendment of the United States Constitution, and the Religious Freedom Restoration Act (42 U.S.C. §2000bb-1, et seq.). A First Amended Complaint, filed February 7, 2022, added the Secretaries of each branch of the military as defendants, while dropping Joseph Biden as a defendant. The complaint seeks relief from the federal COVID-19 vaccine mandates imposed on members of the military, as well as federal contractors and employees

2. Plaintiff-Intervenor Macik satisfies the requirements for intervention as of right.  First, Plaintiff-Intervenor's Motion to Intervene is timely because the litigation is in its early stages.  Plaintiffs Navy Seal 1 *et al*. filed their complaint just four months ago.  No trial date or discovery deadlines have been set.  Plaintiff-Intervenor's participation will not create any delay.  Thus, intervention by Plaintiff-Intervenor at this juncture will not prejudice the existing parties.

3. Plaintiff-Intervenor Macik has a substantial legal interest in the subject matter of the action because he is threatened with imminent harm in the same manner as Plaintiffs, involving the identical legal authority invoked by the identical military chain of command. On February 8, 2022, Plaintiff-Intervenor Macik received notification of the denial of his appeal of the denial of his religious accommodation request and on February 9 was ordered to receive the COVID-19 vaccine within seven days (i.e., by February 16, Okinawa, Japan local time (effectively February 15, Eastern Standard Time).

4. Disposition of the action without Plaintiff-Intervenor's participation may impede his right to timely relief.

5. Plaintiff-Intervenor Macik's interests are not adequately protected by the existing parties to the litigation because the Plaintiffs have not yet certified a class providing protection to Plaintiff-Intervenor's interests, nor are they expected to do so before Plaintiff-Intervenor suffers irreparable harm by being forced to choose between violating his religious beliefs and incurring the consequences of violating an order.

6. Plaintiff-Intervenor Macik also satisfies the requirements for permissive intervention because his claims against the defendants have questions of law and fact in common with the claims and facts at issue in the main action.

Further support for this Motion is set forth in the below Memorandum of Law.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

**A. <u>Plaintiff-Intervenors Satisfy the Requirements for Intervention of Right</u>**

Under Fed. Rule Civ. P. 24(a)(2), upon timely application, anyone shall be permitted to intervene in an action when the applicant shows:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Here, Plaintiff-Intervenor's request for intervention satisfies the requirements of Rule 24(a)(2) for intervention as of right.

**1. Plaintiff-Intervenor's Motion to Intervene is Timely**

The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213).

This Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). Ample case law indicates that a motion to intervene is likely to be timely when, as here, it is filed within months of the original complaint. In *Chiles*, for example, a motion to intervene was held to be timely where the motion "was filed only seven months after [the plaintiff] filed

his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun." 865 F.2d at 1213; *see also Diaz v. S. Drilling Corp*., 427 F.2d 1118, 1125-26 (5th Cir. 1970) (motion to intervene more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery and intervention would not cause any delay in the process of the overall litigation);[1] *Anderson v. United States*, No. 14-cv-1182, 2015 U.S. Dist. LEXIS 167398, at *2 (N.D. Ala. 2015) (where there is no prejudice to the parties, intervention is permissible even a year after litigation has commenced, and even though discovery has closed); *DeVault v. Isdale*, No. 15-cv-135, 2015 U.S. Dist. LEXIS 137684, at *9 (M.D. Fla. 2015) (when intervenor files a Motion to Intervene in advance of the defendant's deadline for production, the ensuing prejudice is "minimal"); *Davis v. S. Bell Tel. & Tel. Co.,* 149 F.R.D. 666, 670 (S.D. Fla. 1993) (allowing intervention when, "[a]lthough the case has been pending for more than two years, discovery on the merits has not been completed and dispositive motions have not been filed. As a consequence, there is no indication that this litigation is close to conclusion.").

Applying these factors, Plaintiff-Intervenors's application for intervention is timely. The complaint was filed October 15, 2021. No answer has been filed, no discovery has taken place, and no discovery deadlines have been set. This litigation remains at an early stage and this intervention will not prejudice either party.

### 2. Plaintiff-Intervenor Macik has a Substantial Legal Interest in this Litigation and The Disposition of the Instant Litigation May Impair His Ability to Protect His Interests.

For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249*; see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances

surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

Macik has a legally protectable interest in this litigation because he is a putative member of the class to be certified, and "the judgment will definitively determine the class members' substantive rights." *Tech Training Assocs. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 696 (11th Cir. 2017). Indeed, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty of N. Va.*, 418 F.3d 277, 314 (3rd Cir. 2005) (emphasis added).

While the existing parties to the litigation will not be prejudiced by Plaintiff-Intervenor's intervention, he will be prejudiced if his request for intervention is denied.

### 3. The Existing Parties Do Not Adequately Represent Plaintiff's Interests

The fourth and final element to justify intervention of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation. This element is satisfied if the proposed intervenor "shows that representation of his interest 'may be inadequate.'" *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)). The burden on the proposed intervenor to show that existing parties cannot adequately represent its interest is "minimal." *Stone*, 371 F.3d 1311; *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (citing *Trbovich*, 404 U.S. at 538 n.10). Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action. *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

While Plaintiffs and Plaintiff-Intervenor Macik share the same interests, Macik's interests are not currently being adequately represented because Plaintiffs have yet to bring a motion certifying the class so as to enable class-based relief to be granted. In the meantime, Plaintiff-Intervenor Macik is facing an imminent deadline by which he must decide whether to violate his

religious beliefs or incur the consequences of violation an order whose lawfulness has yet to be adjudicated.

In summary, Macik meets the Rule 24(a) requirements for intervention as of right.

### B. **Plaintiffs Meets the Requirements for Permissive Intervention**

Fed. R. Civ. P. 24(b) provides for permissive intervention as an alternative basis for Plaintiff-Intervenor Macik's intervention in this action. Rule 24(b) states, in relevant part:

> (1) On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> (2) On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> (A) a statute or executive order administered by the officer or agency; or
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
> (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Eleventh Circuit has established a two-part test to guide the Court's discretion as to whether a party may intervene pursuant to Rule 24(b)(2): the applicant must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

As discussed above, Plaintiff-Intervenor Macik's application for intervention in this litigation is timely and his participation would neither unduly delay the proceedings nor prejudice the adjudication of the rights of the original parties. Additionally, Macik's claims against the defendants share common questions of law with Plaintiffs' claims, and rest upon common facts. By avoiding multiple lawsuits and coordinating discovery, intervention will lend efficiency to the proceedings.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff-Intervenor Macik's Motion to Intervene (i) as a matter of right pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, or, in the alternative, (ii) permissively pursuant to Rule 24(b) Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ *Thomas More Macik*

THOMAS MORE MACIK, *pro se*
Marine Air Support Squadron 2
Marine Air Control Group 18
Unit 37211
FPO, AP 96372-7211
Cell Tel: 216-373-7531
tmacik5@gmail.com

Dated: February 15, 2022 (Okinawa, Japan Time)