## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

NAVY SEAL 1, et al.,

     Plaintiffs,

and

THOMAS MORE MACIK, USMC

Plaintiff-Intervenor,

v.

LLOYD AUSTIN, et al.,

     Defendants.

Case No. 8:21-cv-2429-SDM-TGW

**APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**RELIEF REQUESTED BY FEBRUARY 15, 2022**

**APPLICATION FOR EMERGENCY TEMPORARY RESTRAINING ORDER**

Plaintiff-Intervenor First Lieutenant Thomas More Macik ("Macik"), pursuant to Fed. R. Civ. P. 65, and this Court's Order of October 18, 2021 (Doc. 9), moves the Court for an emergency temporary restraining order to preserve the status quo ante for himself, pending further proceedings in this action. Specifically, Macik moves this court that the Secretary of Defense and anyone acting in concert with him, be ordered to rescind Lieutenant Colonel Jason Lambert's order dated February 9, 2022, to Macik to submit to injection with a COVID-19 vaccine **by February 15** (February 16, Okinawa Local Time). Further Macik moves the court to enjoin the Secretary of Defense and anyone acting in concert with him, until a hearing on a motion for preliminary injunction at which Macik shall participate or be represented by counsel, from diminishing or altering in any manner and for any reason Macik's current status with the U.S. Marine Corps, including his assignment, privileges, rank, or the like.

In support of this motion, First Lieutenant Macik incorporates by reference the facts stated in Plaintiffs' Verified Complaint (Doc. 1) and further relies on his

1

Declaration in Support of Emergency Temporary Restraining Order, the accompanying Memorandum of Points and Authorities, and the complete file and records of this action, and such other oral and documentary evidence as the court may provide for.

Pursuant to this Court's order of October 18, First Lieutenant Macik contacted counsel for defendants in an attempt to meet and confer to obtain a resolution to this issue. As of filing, Macik has been unable to obtain such a resolution. Declaration of Thomas Macik in Support of Emergency Temporary Restraining Order, ¶19 and Ex. I.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY TEMPORARY RESTRAINING ORDER

### Statement of Facts

In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are otherwise not adequately protected by the hearing on November 15, 2021; and whose circumstances are for some singular reason markedly more acute than other members of the putative class." (Doc. 9 at 4.)

Plaintiff-Intervenor Macik is a First Lieutenant in the United States Marine Corps, currently serving at Marine Corps Air Station Futenma, Okinawa, Japan. He is assigned to the command of Marine Aviation Support Squadron 2. Macik Declaration, ¶2.

Macik was commissioned in the Marine Corps in May of 2019. He reported to The Basic School in June of 2019 and completed the Basic Officer Course in December of 2019. He completed the Air Support Control Officer Course in

---

[1] Macik also contacted Plaintiffs' counsel, but was unable to obtain confirmation that they would seek relief for him in a timely manner. Macik Declaration at ¶18.

Twenty-Nine Palms, California, in August of 2020 and reported to Marine Air Support Squadron 2 in September of 2020. *Id*. at ¶3.

From December of 2020 through March of 2021, Macik served as the US Naval Hospital Okinawa's COVID-19 Cell Joint Liaison Element (JLE) Officer-in-Charge (OIC). The Joint COVID-19 Response Center (JCRC) was a USMC O-6 led joint organization established to coordinate the U.S. military's COVID-19 effort on the island of Okinawa. As the JLE OIC, he acted as the chief liaison between the Joint COVID-19 Response Center (JCRC), Task Force Safeguard (III Marine Expeditionary Force's expansion of the JCRC), and the US Naval Hospital Okinawa's COVID-19 Cell. *Id*. at ¶4.

From April of 2021 until the present, in addition to performing duties within my primary military occupational specialty (PMOS), he has served as the Squadron Adjutant for Marine Air Support Squadron 2. *Id*. at ¶5.

On September 16, 2021, Macik submitted a request for Religious Accommodation for exemption from the Secretary of Defense's memo mandating all service members receive the FDA-approved Comirnaty vaccination and any other vaccines produced with or tested with aborted fetal cell lines. As stated more particularly in his request, Macik has a sincerely held religious objection to vaccines which are produced or tested with aborted fetal cell lines. Macik's Squadron Chaplain and Squadron Commanding Officer strongly recommended approval of Macik's religious accommodation request. *Id*. at ¶6 and Ex. A.

On October 18, 2021, Macik received the denial of his request signed by a Mr. Michael Strobl.  Immediately after receipt, his Squadron Commanding Officer ordered him to appeal the decision or receive the vaccination within ten days. *Id*. at ¶7 and Ex. B.

On October 26, 2021, Macik submitted a Request for Redress to his Commanding Officer, Lt. Col. Jason A. Lambert, asking whether his order to

Macik to be vaccinated required the use of an EUA drug as there was (and still is) no FDA licensed vaccine on Okinawa. *Id*. at ¶8 and Ex. D.

On October 29, 2021, Lt. Col. Lambert responded. The response did not answer Macik's questions and concerns, but merely pointed to the memo from the Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN M&RA), which asserts that the Pfizer BioNTech and Comirnaty injections are interchangeable. *Id*. at ¶ 8 and Ex. D.

Lt. Col. Lambert's response says that he had "no authority to provide you redress for a policy issued by ASN M&RA [Assistant Secretary of the Navy for Manpower and Reserve Affairs]." Lt. Col. Lambert declined to answer Plaintiff Macik's specific questions but stated "while you are certainly free to ask the medical clinic which vaccine they have, the ASN M&RA policy makes it clear that you may not refuse vaccination on this ground." *Id*. at Ex. D.

On November 23, 2021, Macik appealed the initial denial of his religious exemption request pointing out substantive and procedural errors in the denial. *Id*. at ¶ 9 and Ex. E.

On January 2, 2022, while on leave at home in the U.S., Macik tested positive for COVID-19 from a pharmacy lab PCR test. He fully recovered within a few days. *Id*. at ¶ 10.

On February 9, 2022, Macik was provided the final denial letter to his appeal, dated February 8, 2022, without the listed enclosures. *Id*. at ¶ 11 and Ex. F. On the same day, he received an order from his Squadron Commanding Officer to receive a COVID-19 vaccination within seven calendar days or face punitive and/or administrative measures. *Id.,* Ex. G. The seventh day is Wednesday, February 16, 2022 (Okinawa Local Time).

On 11 February he submitted another Request for Redress. In this Request for Redress, he asked to be provided the missing enclosures listed in the letter and

again asked for clarification regarding the difference between the licensed product, Comirnaty, and the EUA-only Pfizer product. He also asked if any FDA licensed COVID-19 vaccine was available to him or if his Commanding Officer's order required the use of an EUA drug. *Id*. at ¶ 12 and Ex. H.

Macik is facing the possibility of receiving a less than Honorable discharge, specifically the probability of receiving a "General (under honorable conditions)" characterization of service.  If he receives a "General (under honorable conditions)" characterization of service, he will lose all of the GI Bill's education benefits. *Id*. at ¶ 13.

As a Marine with under six years of service who is not being processed for an Other than Honorable characterization, he will not be afforded the due process right to present a case to a board of inquiry in defense or mitigation.  His separation will occur as quickly as the Marine Corps can route the paperwork. *Id*. at ¶ 14.

If he does not get the COVID injection by February 16, 2022, Okinawa Local Time (February 15, EST), the process will immediately begin to place him on the Officer Disciplinary Notebook (ODN). On February 10, his Squadron Commanding Officer ordered him to schedule a separation physical examination with Navy physicians at the earliest possible date explicitly for the purpose of separation processing.  Placement on the ODN will make him ineligible for Permanent Change of Station orders, ineligible for promotion boards, ineligible for Professional Military Education boards, ineligible for career level schools, ineligible for deployments, and ineligible for all other normal career progressions. He will be separated from the Marine Corps with the basis of a "commission of a serious offense" and probably a General (under honorable conditions) characterization of service.  A General (under honorable conditions)

characterization of service will deprive him of many benefits of service, including the GI Bill's education benefits. *Id.* at ¶15.

Macik's vaccination status did not prevent him from continuing to execute the mission of the Marine Corps. He has participated in multiple training exercises continuing his PMOS progression, he filled a critical position in fighting COVID-19 as the Joint Liaison Element OIC, and he has successfully run the administrative section for the Marine Air Support Squadron 2. His fitness reports show not just consistent and adequate performance, but above standard performance. *Id.* at ¶ 16.

## Argument

Five and a half months have passed since Defendant Austin's vaccine mandate order issued. (Doc. 1, ¶54) As of February 4, almost 90% of religious accommodation denial appeals were still under review. (Doc. 73-4 at 2.) Yet Macik was given only **seven days** after the denial of his appeal to receive the vaccine or disobey a direct order.

As set forth in his declaration, Macik attempted several other channels before coming directly to this Court for emergency relief. Macik Declaration at ¶¶ 12, 18, 19. There was simply not enough time.

Plaintiff-Intervenor Macik faces immediate and irreparable harm as explicitly defined by this Court in its Order of November 15:

> The pertinent precedents (and a fair empathy for the conscience of the sincere religious objector) suggest that in a Free Exercise Clause claim the initial episode of denial of free exercise causes irreparable harm and satisfies the demands of "ripeness" without the need to endure the denial of free exercise during the protracted exhaustion of every non-judicial remedy. But when is free exercise actually "denied?" . . . In the present instance, the first moment an objecting service member must act contrary to a religious belief is when **the exemption is finally denied and the member must choose to immediately receive the injection or immediately defy a direct**

> **order. For that reason, "ripeness" can occur no later than the moment the member must irreparably receive the injection or irreparably defy an order.**

Doc. 40 at 30 (emphasis added) There is no need to belabor the point. As this Court correctly determined, a service member being forced to choose between receiving the injection contrary to his religious beliefs or defying an order is itself a denial of free exercise.

Plaintiff-Intervenor faces this choice approximately 30 hours from now, when morning breaks in Okinawa on the seventh day after the denial of his religious accommodation appeal. Unless this Court grants and temporary restraining order, Macik will suffer irreparable injury and the violation of his rights.

As with the case of the Navy and Marine officers for whom this Court granted temporary injunctive relief on February 2, "The record in this action establishes that [Macik is] very likely to prevail on [his] claim that [his] branch of the military has wrongfully denied a religious exemption from COVID-19 vaccination." Doc. 67 at 8.  Likewise, as to the balance of equities, while Macik faces the imminent violation of his religious freedom rights, "the military faces a trivial, if any, prospect of material injury as a result of permitting the service member[] continued service under the same terms and conditions and with the same privileges and emoluments as currently prevail, especially because the military permits a large group of unvaccinated persons to serve without adverse consequence." *Id*. at 9.

Indeed, because Macik had a recent, symptomatic COVID-19 infection from which he has fully recovered (Macik Declaration at ¶10), the chances of his contracting or spreading COVID pending the ruling on a preliminary injunction are infinitesimally small. *Id*. at Ex. E, Encl. 1 and 2.

7

Finally, as to the public interest, "the military is most likely unable to establish, and certainly has not established, that permitting the relatively small number of RFRA objectors, even if every request for exemption  . . . were sincere and successful, to serve without adverse consequences to their standing and the terms and conditions of their service will adversely affect the public's interest in the maintenance and readiness of the nation's military forces." *Id*.

CONCLUSION

For the foregoing reasons, this Court should grant the requested relief, specifically that the Secretary of Defense and anyone acting in concert with him, be ordered to rescind Lieutenant Colonel Jason Lambert's order dated February 9, 2022, to Macik to submit to injection with a COVID-19 vaccine. Further the Secretary of Defense and anyone acting in concert with him enjoined, until a hearing on a motion for preliminary injunction at which Macik shall participate or be represented by counsel, from diminishing or altering in any manner and for any reason the current status of First Lieutenant Thomas More Macik, U.S. Marine Corps, including his assignment, privileges, rank, or the like.


Respectfully submitted,

/s/ *Thomas More Macik*

THOMAS MORE MACIK, *pro se*
Marine Air Support Squadron 2
Marine Air Control Group 18
Unit 37211
FPO, AP 96372-7211
Cell Tel: 216-373-7531
tmacik5@gmail.com


Dated: February 15, 2022 (Okinawa Local Time)