UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 8:21-cv-2429-SDM-TGW ) |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, pursuant to Local Rule 3.01(i), as supplemental authority in support of Plaintiffs' ongoing preliminary injunction proceedings before the Court (Docs. 2, 51, 60), give notice to the Court of the Memorandum Opinion and Order granting a preliminary injunction, issued today, in *Air Force Officer v. Austin*, No. 5:22-cv-00009-TES (M.D. Ga. February 15, 2022). In accordance with Local Rule 3.01(i)(3), Plaintiffs provide the following succinct quotation from the authority:

> Relying on the protections of the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act, Plaintiff, a United States Air Force officer, seeks a preliminary injunction to protect her from our military's mandatory COVID-19 vaccination requirement. Although the Air Force claims to provide a religious accommodation process, it proved to be nothing more than a quixotic quest for Plaintiff because it was "by all accounts, . . . theater." Despite thousands of requests for religious exemption, the Air Force hadn't granted a single one of them when Plaintiff filed her Complaint. Why? Because until about two weeks ago, apparently no religious exemption from a COVID-19 vaccine was "compatible

with military service." The Air Force defends its actions by arguing that the military has a compelling interest in "maintaining the health and readiness of its forces," and that interest is compelling enough to overcome any constitutional or statutory challenge to it. "But even in a pandemic, the Constitution cannot be put away and forgotten."

\* \* \*

Given "the Nation's essential commitment to religious freedom[,]" Plaintiff's harm—a constitutional injury involving her right to freely exercise her religion—is not a mere trivial grievance. And, what real interest can our military leaders have in furthering a requirement that violates the very document they swore to support and defend? The Court is unquestionably confident that the Air Force will remain healthy enough to carry out its critical national defense mission even if Plaintiff remains unvaccinated and is not forced to retire.

All Americans, especially the Court, want our country to maintain a military force that is powerful enough to thoroughly destroy any enemy who dares to challenge it. However, we also want a military force strong enough to respect and protect its service members' constitutional and statutory religious rights. This ruling ensures our armed services continue to accomplish both.

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Preliminary Injunction. Defendants are enjoined from enforcing the Department of Defense Military Mandate, the Air Force Military Mandate, and the Air Force Military Order against Plaintiff. Defendants are also enjoined from taking any adverse action against Plaintiff on the basis of this lawsuit or her request for religious accommodation, specifically including forcing her to retire. Finally, Plaintiff is relieved from posting any bond.

*Air Force Officer*, Mem. Op. & Order 2–3, 31–32 (citations and footnotes omitted).

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 15, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam