UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NAVY SEAL # 1,** et al.**,**

          Plaintiffs,

  v.

**JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States, et al.,

          Defendants.

Case No. 8:21-cv-02429-SDM-TGW

## DEFENDANTS' NOTICE OF DOCUMENTS FILED UNDER SEAL

Defendants provide notice that they have submitted to the clerk documents filed under seal pursuant to the Court's Order dated February 13, 2022. *See* ECF No. 90 (expressly permitting filing under seal). Public declarations identifying the submitted documents are attached hereto. *See* Declaration of Captain Mery-Angela Sanabria Katson (Navy); Declaration of Second Lieutenant Eugene B. McCarthy (USMC); Declaration of Technical Sergeant Tasha L. Johnson (Air Force). Defendants further certify that they provided the documents submitted under seal to Plaintiffs' counsel via file-sharing link on February 17, 2022.

In general, names of individual requestors have been redacted from the submissions because they are not parties (to our knowledge) and have not put this information at issue.[1] It may nonetheless be possible for the public to discern their

---

[1] As of February 17, 2022, Plaintiffs still have not provided Defendants' counsel with the names of individual Plaintiffs other than the two who are the subject of the temporary restraining order.

identities from other information in the files, which should therefore remain under seal at this time.

Finally, the Government reserves its objections to the continued collection, analysis and submission of information to the Court. *See generally* ECF No. 47 (objecting to data submissions). The new submissions here do not support Plaintiffs' claims that the exemption process is a "ruse," because even these partial records show individualized adjudication of the requests. But even if the Court disagreed, the submissions are not probative because they concern the requests of non-parties to the litigation. The Court cannot reasonably draw conclusions about the merits of the requests of two specific Plaintiffs based on partial information about how 25 other requests were ultimately adjudicated. Even if all of the denial decision memoranda were simple form letters – and they are not – that would not show anything about the merits of the requests, which still may have been properly denied.

And it would be improper to conclude from such review that senior military leadership was acting improperly or in bad faith. *Cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 357, 131 S. Ct. 2541, 2555 (2011) (finding statistics did not give rise to an inference of discrimination because the data did not show whether the outcome was a result of discrimination). The Supreme Court has long directed district courts to give deference to the professional judgment of military authorities concerning the relative importance of a particular military interest. *See Rostker v. Goldberg*, 453 U.S. 57, 71, 81-82 (1981) (It is "quite wrong" and "palpably exceed[s]" the court's authority to "undertak[e] an independent evaluation of [] evidence, rather than adopting an

appropriately deferential examination" of the military "evaluation of that evidence."). And military officials are presumed to act in good faith. *See Dodson v. Dep't of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993) ("[M]ilitary administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs."); *Patel v. McHugh*, 2014 WL 953493, at *2 (S.D. Ga. Mar. 11, 2014) (same), *aff'd*, 586 F. App'x 583 (11th Cir. 2014); *Perry v. Dep't of Army*, No. 2013 WL 4432175, at *4 (M.D. Ga. Aug. 15, 2013) (same); *Hicks v. Sec'y of Air Force*, 2009 WL 2151200, at *8 (M.D. Fla. July 14, 2009) (same).

Dated February 17, 2022                    Respectfully submitted,

                                                              BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Program Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

                                            Tel: (202) 616-8467
                                            Fax: (202) 616-8470
                                            Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendants*

2/17/2022

4