UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>    Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

  Plaintiffs, pursuant to the Court's Order of November 22, 2021 (Doc. 40, the "PI Order"), file this supplemental memorandum in support of their motion for preliminary injunction (Doc. 2, the "PI Motion"), in response to today's submission of data by Defendants (Doc. 103) pursuant to the Court's Order of February 13 (Doc. 90).[1]

  1. Today's submission by Defendants, consistent with the Court's Order directing it, includes denials of religious exemption after appeal from the Navy, Marines, and Air Force. (Order, Doc. 90, at 1–2.) Some of these denials include a point made by Defendants in a public filing (Doc. 74-11, ¶ 9) in advance of the

---

[1] The Court's PI Order authorized the filing of supplemental memoranda following Defendants' filing additional data ordered by the Court. (Doc. 40 at 33–35.) To the extent the PI Order does not authorize this supplemental memorandum, Plaintiffs respectfully request the Court's leave to file it.

emergency preliminary injunction hearing of February 10 (Doc. 84), to the effect that vaccination of servicemembers is necessary to allow their deployment to the country of Kuwait because of Kuwait's vaccination requirements. But Defendants have not introduced record evidence showing that the United States Armed Forces' deployment decisions are subject to the local laws of foreign countries in which they operate and, therefore, have not met their burden of justifying the burdening of Plaintiffs' religious exercise with a universal vaccine mandate.

    2.    According to the United States Department of State, "The United States and Kuwait have a 1991 Defense Cooperation Agreement (DCA) and a 2013 Acquisition and Cross-Servicing Agreement (ACSA), supporting our robust [military] presence in Kuwait." *U.S. Security Cooperation with Kuwait*, U.S. Dept. of State, Bureau of Political-Military Affairs (July 22, 2021), https://www.state.gov/u-s-security-cooperation-with-kuwait-2/. Both agreements predate COVID-19. And according to the Congressional Research Service, although the text is classified, "The DCA reportedly includes a Status of Forces Agreement (SOFA) that provides that U.S. forces in Kuwait be subject to U.S. rather than Kuwaiti law—a common feature of such arrangements." Kenneth Katzman, Cong. Research Serv., RS21513, *Kuwait: Governance, Security, and U.S. Policy* 9 (May 4, 2016), *available at* https://apps.dtic.mil/sti/pdfs/AD1013621.pdf. The widespread availability of these facts, both within the federal government and to the public, heightens Defendants' burden to prove that Armed Forces' deployment decisions must yield to foreign countries' local laws, as Defendants apparently suggest to the Court.

3. While the Government may agree to observe various local laws and customs in its SOFAs with other countries, there is no evidence before the Court that any SOFA takes decisions on who may be deployed out of the hands of the Armed Forces themselves. Indeed, Defendants do not argue—nor could they—that the Armed Forces could exclude servicemembers, by agreement with a foreign country, from serving in the country on the basis of race, ethnicity, sex, religion, or any other discriminatory category prohibited by the Constitution or federal law. The Government is not free to negotiate away servicemember Plaintiffs' First Amendment and RFRA rights in SOFAs, nor is there any evidence that it has attempted to do so.

4. Even if the Armed Forces' deployment decisions are governed by other countries local laws in a few instances, allowing only vaccinated servicemembers to serve at U.S. military installations in those countries, Defendants have not adduced any record evidence that assigning unvaccinated servicemembers to units that avoid those few countries is not possible as an accommodation of those servicemembers' sincerely held religious objections to vaccination, or that any such accommodation would necessarily have to be permanent given the worldwide fluidity of COVID-19 restrictions and protocols.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Specially admitted

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 17, 2022, I caused a true and correct copy of the foregoing to be electronically filed with the Court. Service will be effectuated on all counsel of record via the Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam
Attorney for Plaintiffs