UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 8:21-cv-2429-SDM-TGW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED PSEUDONYMOUSLY[1]**

*"[T]he intent of applicable law and the Federal Rules of Civil Procedure to ensure certain privacy interests might warrant special exceptions or allowances from time to time in this action, as in all others."*[2]

**I.   NUMEROUS COURTS HAVE PERMITTED MILITARY PLAINTIFFS TO PROCEED PSEUDONYMOUSLY TO PROTECT THEIR IDENTITIES FROM PUBLIC DISCLOSURE.**

Where, as here, Plaintiffs are members of the United States Armed Services who are clearly subject to threats, harassment, or even violence by virtue of their positions, courts across the country have permitted the use of pseudonyms to protect their identities from public disclosure. *See, e.g., Doe 2 v. Shanahan*, 755 F. App'x 19 (D.C.

---

[1] At the February 10 hearing, Plaintiffs understood the Court to orally grant them leave, with the consent of Defendants, to file this reply in support of Plaintiffs' Motion for Leave to Proceed Pseudonymously (Doc. 55). To the extent Plaintiffs misunderstood the discussion or the Court's direction, Plaintiffs respectfully request the Court's leave to file it.

[2] Order (Doc. 80) at 2 (emphasis added).

1

Cir. 2019) (permitting servicemembers to proceed using pseudonyms to challenge official military policies and disciplinary measures); *Doe v. Bush*, 323 F.3d 133 (1st Cir. 2003); *Doe v. Walker*, 746 F. Supp. 2d 667, 671 n.2 (D. Md. 2010) (permitting military servicemember to proceed using a pseudonym to protect his military mission). And, contrary to Defendants' suggestion in their Opposition (Doc. 79, at 1–2), federal courts have also permitted military plaintiffs to proceed using pseudonyms when challenging a military vaccine mandate. *See, e.g.*, *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004). Thus, Plaintiffs' status as members of the United States Armed Forces is not reason alone to deny their requests to proceed using pseudonyms where—as here—there is a substantial privacy interest in protecting disclosure of their religious and medical decisions in a climate hostile to their deeply personal beliefs and decisions.

## II. THE INEXTRICABLY INTERTWINED NATURE OF PLAINTIFFS' PRIVATE RELIGIOUS BELIEFS AND INTIMATE MEDICAL DECISIONS ENHANCES THE NEED FOR PRIVACY HERE.

Defendants claim—contrary to binding law in this Circuit—that Plaintiffs will not be forced to reveal any information of the utmost intimacy if their identities are disclosed in the instant action. (Opp'n 8.) This is not correct. Because Defendants' vaccine mandate in the instant action involves Plaintiffs' private medical decisions coupled with their sincerely held religious beliefs that compel such medical decisions, revelation of their identities to the public will necessarily disclose matters of the utmost intimacy. Indeed, Plaintiffs' private medical decisions are inextricably intertwined with their private religious beliefs.

Plaintiffs have requested religious accommodations from Defendants' mandate that requires them to submit to certain medical treatment. (*See* Doc. 75, Second Am. Verified Class Action Compl., ¶¶ 32-64, ¶¶ 85–115.) Revealing Plaintiffs' identities would necessarily reveal the nature of their private medical decisions and religious beliefs, both of which are matters of the utmost intimacy under binding law and Defendants' own concessions. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[R]eligion is perhaps the quintessentially private matter."); *Doe v. Rollins*, No. 6:16-cv-2232-Orl., 2017 WL 116100361, *2 (M.D. Fla. Mar. 22, 2017) ("As to the second factor, the Eleventh Circuit has noted that information of the utmost intimacy includes issues such as abortion, *prayer and personal religious beliefs*." (emphasis added)).

Defendants' answer seems to be that medical decisions *alone* are not sufficient, and religious beliefs *alone* are not sufficient to warrant using pseudonyms. (Opp'n 9 ("[M]edical decisions or medical history—standing alone—has never been considered information of the utmost intimacy . . . ."), 14 (contending pseudonym status not merited "merely because the case may touch upon a plaintiff's religious beliefs").) But this ignores the fact that neither Plaintiffs' religious beliefs nor their private medical decisions stand alone. They are inextricably intertwined in this action. And, in considering whether pseudonyms are warranted to protect matters of a Plaintiffs' utmost privacy, "the court should carefully review *all* the circumstances of a given case." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (cleaned up). Even where either individual factor would be insufficient standing alone (which Plaintiffs

do not concede), the totality of circumstances here warrants a measure of protection. Shielding Plaintiffs' identities from public disclosure while permitting Defendants to obtain and use Plaintiffs' identities to defend against their claims strikes the appropriate balance.

### III. DEFENDANTS' CALLOUS INDIFFERENCE TO THE THREATS FACED BY PLAINTIFFS DEMONSTRATES THE NEED FOR PRIVACY.

Defendants contend that a simple Google search of the Plaintiffs' names known to Defendants reveals identifying information, so it is "no secret that these individuals are in the military" and there is no danger to announcing this information to the public at large. (Opp'n 17.) But this contention "is as tautological as it is true." *Fuqua v. Volunteers of Am., Se, Inc.*, No. 3:12-CV-03700-RDP, 20015 WL 12838133, at *2 (N.D. Ala. Feb. 12, 2015). Defendants can Google Plaintiffs precisely because Defendants *know their names*. Presumably, anyone who knows a Plaintiff also knows the Plaintiff is in the military. But revealing Plaintiffs' names to the public will reveal not only that Plaintiffs are in the military, but also that Plaintiffs' *are plaintiffs* challenging a vaccine mandate that a majority of the public supports. Hostile adversaries to Plaintiffs' challenge—including their own command authorities—would then be free to use this information to harass or retaliate against Plaintiffs. Avoiding retaliation for their vaccination stance is a key aim of this lawsuit, which is thus representative of cases "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

Moreover, Defendants eschew the various cases where the hostile and violent threats made against plaintiffs seeking a religious accommodation from mandatory COVID-19 vaccine policies were found to warrant proceeding pseudonymously. (Opp'n 11–12.) But those cases demonstrate the public appetite for hostility, retaliation, or even violence that has arisen against all individuals seeking exemptions from vaccine mandates. Being called "sociopaths," "bioterrorits," and "the American Taliban" who should be targeted by "drone strikes" is sufficiently threatening to warrant protection. *See Stegall*, 653 F.3d at 186. Defendants' only answer to this is that such comments were not "referring to any specific Plaintiff in this case." (Opp'n 16.) Defendants ignore that those comments were made specifically against all individuals who have requested exemptions from the COVID-19 vaccine mandates across the county, which necessarily includes Plaintiffs. Additionally, Defendants ignore that Plaintiffs have put forward hostile statements from their own command authorities and fellow servicemembers demonstrating harassment and intimidation for the exercise of their sincerely held religious beliefs. (*See* Decl. of Richard L. Mast, Doc. 55-1, ¶ 4 (noting Plaintiffs have been called "plague rats" and "transvaxxites").)

In short, the record evidence demonstrates both broad public hostility and calls for violence towards individuals seeking religious accommodations from COVID-19 vaccine mandates and specific hostility and harassment of the Plaintiffs in the instant action. Such threats warrant the grant of limited protection for Plaintiffs' identities.

### IV.   CONCEALING THE IDENTITIES OF PLAINTIFFS WILL NOT INHIBIT THE EFFECTIVE LITIGATION OF THIS DISPUTE.

Defendants contend that permitting Plaintiffs to proceed using pseudonyms would inhibit the effective litigation of this dispute and unnecessarily complicate the matter. (Opp'n 3.) But the proceedings so far prove otherwise. On February 9 the Court entered an Order (Doc. 80) permitting Plaintiffs NAVY COMMANDER SURFACE WARFARE OFFICER and USMC LIEUTENANT COLONEL 2 to testify pseudonymously at the February 10 hearing. The hearing proceeded with live testimony, written testimony, exhibits, and legal argument, and every word was open to the public and anyone with an interest in the litigation. No party was prejudiced by permitting the two Plaintiffs to testify using pseudonyms, no argument was restricted or limited because of such pseudonymity, and the effective resolution of the underlying merits of Plaintiffs' motion was not inhibited by the protection. Moreover, there is no reason to conclude that the same openness and efficiency could not be accomplished again in subsequent proceedings. Defendants' suggestion that the progress of this case will be inhibited by protecting Plaintiffs' identities from disclosure to the public (but not Defendants) is not supportable.

Indeed, the issues typically associated with proceeding under a pseudonym are substantially diminished when the questions to be resolved in the proceeding are purely legal questions. *See Doe v. Alaska*, 122 F.3d 1070, 1997 WL 547941 (9th Cir. Sept. 2, 1997). In *Doe v. Alaska*, the court stated that the issues presented were "purely legal and do not depend on identifying the specific plaintiffs," 1997 WL 547941, at *1,

and therefore, "[n]one of the values protected by public access will be hindered by the use of pseudonyms. The public, as well as the plaintiffs, will benefit when the case proceeds to a resolution on the merits." *Id.* And here, this Court has recognized that the questions involved in the resolution of Plaintiffs' claims are largely legal. (*See* Order, Doc. 40, at 28 ("The present class action asserts the unusual claim that the military — despite facially benign regulations conforming to RFRA — intends to, and is, contrary to RFRA, acting in fact under a policy of across-the-board denial without the individualized determination required by RFRA. The present class action — presenting a single issue of uniform non-compliance with RFRA. . . is much nearer a facial constitutional challenge than an individual claim for damages or injunction.").) Such a facial challenge is predominantly a question of law because it is "an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015). Indeed, "[i]n a facial challenge such as this, the facts of the challenging party's case are irrelevant." *Miami Herald Publ'g Co. v. City of Hallandale*, 734 F.2d 666, 674 n.4 (11th Cir. 1984). Under such a scenario, no prejudice is suffered by protecting the identities of Plaintiffs from public disclosure, particularly when Defendants will be provided the identities of the Plaintiffs and can use that information to mount their defense.

## CONCLUSION

Because Plaintiffs have a substantial privacy interest in protecting their identities from public disclosure, and because neither Defendants nor the public will suffer any

measure of prejudice from permitting Plaintiffs to proceed using pseudonyms, the Court should grant Plaintiffs' motion.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
Email: court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org*
rmast@lc.org*
*Admitted specially

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 18, 2022, I caused a true and correct copy of the foregoing to be electronically filed with this Court. Service will be effectuated on all counsel of record via this Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam
Attorney for Plaintiffs
