UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                            CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, et al.,

    Defendants.
_____/

## ORDER

The plaintiffs move (Doc. 55) to proceed under a pseudonym. The defendants oppose (Doc. 79) the request.

In resolving whether privacy interests outweigh the public interest in disclosure of the names of plaintiffs, a district court must consider at least:

> (1) whether the plaintiff who requests anonymity challenges governmental activity;
>
> (2) whether prosecution of the action compels a plaintiff to disclose information "of the utmost intimacy;" and
>
> (3) whether the plaintiff must disclose an intent to engage in illegal conduct and by the disclosure risk criminal prosecution.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981) (discussing *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "Along with these factors, a court 'should carefully review *all* the circumstances of a given case and

then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (emphasis in original) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)).

Although acknowledging the "presumption that parties' identities are public information," the plaintiffs claim that a privacy interest under governing authority overcomes the presumption. (Doc. 55 at 1–2) The plaintiffs assert that the privacy of their medical and health information and the privacy of their religious beliefs and practice, as well as the prospect of "stigma, ostracization, retaliation, and other harms," including threats of violence, require the use of a pseudonym. (Doc. 55 at 9)

The plaintiffs correctly observe that "religion is perhaps the quintessentially private matter." *Stegall*, 653 F.2d at 186; *Doe v. Barrow Cnty.*, 219 F.R.D. 189, 193 (N.D. Ga. 2003) (acknowledging a plaintiff's privacy interest because the action required the plaintiff "to reveal his beliefs concerning the proper interaction between government and religion"). Prosecution of this action compels the plaintiffs to disclose sincere religious beliefs and to disclose the deeply personal experiences that form the foundation of those beliefs. For example, Lieutenant Colonel 2 opposes any vaccine associated with aborted fetal cell lines because she received an abortion after suffering a rape and later — through her religious devotion — believes herself forgiven, according to her beliefs, for the sin of abortion. (Doc. 60-2 at 5) Although the defendants argue that the plaintiffs' vaccination status "is not a matter of utmost

intimacy," this action encompasses substantially more intimate detail than whether a person chose to accept a vaccine. (Doc. 79 at 9–10)

Further, the plaintiffs point to an array of recent and current actions similar to, or nearly the same as, this action that permit pseudonyms for the same reasons that plaintiffs advance. *See, e.g.*, *Does 1–6 v. Mills*, No. 1:21-cv-242-JDL, 2021 WL 4005985 (D. Me. Sept. 2, 2021); *Air Force Officer v. Austin*, 5:22-cv-00009-TES (M.D. Ga. Feb. 15, 2022) (Doc. 52). *Mills* recognizes the "reasonable fear of harm that outweighs the public's interest" in disclosure because of the "substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status." *Mills*, 2021 WL 4005985, at *2 (granting leave to proceed pseudonymously to healthcare workers objecting to a COVID-19 vaccination requirement). As in *Mills*, the plaintiffs in this action challenge the government on the controversial issue of a COVID-19 vaccination requirement. The statements and incidents cited by the plaintiffs adequately demonstrate, and everyday experience in recent weeks and months confirms, an acrid public atmosphere of contention about masks, vaccines, mandates, and the like. (Doc. 55 at 12–16)

Beyond the plaintiffs' interests in maintaining privacy and safety, the record shows that little harm results from the plaintiffs remaining innominate. The public's interest in this action is satisfied by the facts patent in the record — the branches of the armed forces involved; the rank, duty, service record, and the like of the litigants;

the nature of the claims and defenses; and the orders of the court. The names add nothing substantial, but enable those who — through "social media," as well as more immediate mechanisms — intimidate, harass, and defame. (A February 9, 2022 protective order (Doc. 77) ensures interim protection for the defendants against any fundamental unfairness.)

Accordingly, the motion (Doc. 55) to proceed under a pseudonym is **GRANTED**. Also, the parties must continue to comply with the interim protective order (Doc. 77).

ORDERED in Tampa, Florida, on February 18, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE