## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 8:21-cv-2429-SDM-TGW |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

### SECOND DECLARATION OF RICHARD L. MAST IN SUPPORT OF MOTION TO CERTIFY CLASS AND MOTION FOR PRELIMINARY INJUNCTION

I, Richard L. Mast, do hereby declare as follows:

1.      I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2.      I am an attorney with Liberty Counsel representing Plaintiffs in this case and have reviewed the relevant documents pertaining to Plaintiffs' pending motions for class certification and preliminary injunction, and have personal knowledge of the matters herein.

3.      I have spoken with hundreds of servicemembers. As of February 22, 2022, Liberty Counsel has received requests for legal assistance from more than 700 servicemembers from all branches of the United States Armed Forces, including the Army, Air Force, Space Force, Navy, Marine Corps, and Coast Guard.

4.     The number of servicemembers who have sought assistance from Liberty Counsel pales in comparison to the pool of those who need assistance. With more than 24,000 servicemembers expecting denials of religious accommodation (RA), it is unlikely that all or even most servicemembers will find individual representation from attorneys willing and able to assist them and successfully seek judicial intervention during the five-day window following denials of final RA appeals.

5.     Liberty Counsel maintains an internal "Servicemember Final Denial List" for servicemembers who have contacted Liberty Counsel and whose final RA appeals have been denied. An earlier excerpt from this ever-expanding list was provided to the Court on February 9, 2022 (Doc. 82-1). Since that date, the list has grown to 131 similarly situated servicemembers, including 116 whose final denials were issued more than 5 business days ago. A true and correct copy of excerpted information for all 131 servicemembers on the Servicemember Final Denial List as of February 22, 2022, is attached hereto as Exhibit 1.

6.     The Servicemember Final Denial List includes servicemembers in all branches of the United States Armed Forces, and currently comprises 39 Air Force, 24 Air Force Reserve, 3 Air National Guard, 1 Army, 4 Coast Guard, 19 Marine Corps, 40 Navy, and 1 Space Force servicemembers who have received final denials.

7.     Of the 131 servicemembers with final appeal denials, more than 30 are pilots of various aircraft, with fighter pilots disproportionately represented, including

2

the F-16 Fighting Falcon, F/A-18 Hornet, F-22 Raptor, F-35 Lightning II, AH-64 Apache, MV-22 Osprey, C-5 Galaxy, and C-17 Globemaster.

8.      In addition to Plaintiff NAVY COMMANDER SURFACE WARFARE OFFICER (*see* Docs. 105, 111), there are four other Navy Surface Warfare Officers and an officer who is the second-in-command of a *Virginia*-class nuclear submarine, with multiple nuclear operations personnel and other Navy enlisted personnel also represented.

9.      Based on the Servicemember Final Denial List alone, the U.S. military stands exposed to the loss of well-trained, highly qualified, and experienced personnel, including personnel in such diverse fields and specialties as artillery, aviation safety, air support control, administration, boatswains mate, chaplain, civil affairs, corpsman, crew chief, culinary specialist, cyber warfare operations, damage control, electronic warfare, emergency management, engineering, explosive ordnance disposal, flight nurse, imagery analyst, infantry officer, in-flight refueling, intelligence, logistics, marine science, medical, munitions inspection, nuclear propulsion, operations specialist, space operations officer, recruiter, security forces officer, SERE specialist, and special agent.

10.      Declarant LIEUTENANT COLONEL, United States Marine Corps, is a Marine Corps pilot on the Servicemember Final Denial List (ID no. 118). The first declaration of LIEUTENANT COLONEL filed in this case (Doc. 30-1) recited the initial denial of his RA request and the Marine Corps' retaliatory removal of

LIEUTENANT COLONEL from his command and flight operations as a result of merely submitting his RA request. As shown in LIEUTENANT COLONEL's Second Declaration attached hereto as Exhibit 2, his final RA appeal was denied on February 16, 2022, imposing a final vaccination deadline of February 22, 2022, and the Marine Corps has also denied his retirement request. If LIEUTENANT COLONEL does not receive a COVID shot by February 22, 2022, he will be placed in the Officer Disciplinary Notebook (ODN), and all of the consequences threatened by the Marine Corps against Plaintiff USMC LIEUTENANT COLONEL 2 (*see* Docs. 105, 111) will begin for Declarant LIEUTENANT COLONEL, a Marine pilot whose many career accomplishments include recognition for a helicopter rescue he performed in combat in Afghanistan. LIEUTENANT COLONEL has completed the service obligation necessary to transfer his G.I. Bill benefits to his children. Under a General discharge, however, his children will lose these education benefits that LIEUTENANT COLONEL has provided to them at great personal and family cost. Many servicemembers are similarly situated.

11.     Before servicemembers receive final denials, many are caught in Permanent Change of Station (PCS) limbo. They and their families are currently experiencing irreparable harm, in that they currently are homeless or imminently will be. Household possessions have been packed up and forwarded to next duty stations, even as the servicemembers and their families have been required to vacate the prior

duty stations' on-base housing. These families are being forced to pay out-of-pocket to live in hotel rooms or travel trailers. Some have young children and pregnant wives.

12.     For example, Declarant NAVY CHAPLAIN 2, United States Navy, whose declaration is attached hereto as <u>Exhibit 3</u>, has been restricted from any Permanent Change of Station (PCS) orders and held over by the Navy in Newport, Rhode Island for the last three months since graduating from his temporary training assignment in November, 2021, because of his pending RA request. NAVY CHAPLAIN 2 lived with his family in on-base housing at his last duty station, but the Navy did not provide housing for his family at his temporary training station, and has refused to send NAVY CHAPLAIN 2 and his family to his next duty station, requiring NAVY CHAPLAIN and his wife (more than 7 months pregnant), their three children (ages 7, 5, and 2), and their dog to live in a hotel since October 2021—paying out of pocket, and without access to most of their clothing and household goods which were packed up when his family vacated their on-base housing at his last duty station.

13.     Along with NAVY CHAPLAIN 2, Declarants NAVY LCDR, United States Navy (declaration attached hereto as <u>Exhibit 4</u>), and TSGT RAWS TECHNICIAN, United States Air Force (declaration attached hereto s <u>Exhibit 5</u>), are also caught in the PCS limbo created by the Armed Forces to pressure servicemembers (through family disruption and the threat of homelessness) to violate their sincerely held beliefs and get vaccinated.

14.     Members on overseas deployments have been told they will not be granted terminal leave to return from overseas, pack down their on-base housing, transition to the civilian sector, and find employment, and receive pay while doing so, but will instead have as little as 4 days' "leave" to do it all.

15.     Absent relief from the Court, these situations will continue and worsen.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct.

Executed this February 22, 2022.

<div align="right">
s/ Richard L. Mast
Richard L. Mast
</div>

**Putative Class Members with Final Denials**

**as of February 22, 2022**

| ID | Service Branch | Rank | Years of Service | Final Denial Date |
|----|----------------|------|------------------|-------------------|
| 144 | Air Force | O-4/Major | 14 | 2/21/2022 |
| 136 | Coast Guard | E-6 | 11 | 2/18/2022 |
| 133 | Navy | Lieutenant, O-3 | 16 | 2/18/2022 |
| 140 | Navy | E-6 | 17.75 | 2/18/2022 |
| 125 | Air Force Reserve | Master Sergeant | 11 | 2/17/2022 |
| 126 | Air Force Reserve | E3/A1C | 2 | 2/17/2022 |
| 139 | Air Force Reserve | Senior Master Sergeant ( | 18 | 2/17/2022 |
| 119 | Marine Corps | First Lieutenant | 2 | 2/17/2022 |
| 135 | Navy | E-6 | 17 | 2/17/2022 |
| 111 | Coast Guard | Lieutenant (O-3) | 10 | 2/16/2022 |
| 118 | Marine Corps | Lieutenant Colonel | 19 | 2/16/2022 |
| 121 | Marine Corps | Lieutenant Colonel | 18.75 | 2/16/2022 |
| 141 | Marine Corps | CAPT | 7 | 2/16/2022 |
| 137 | Navy | E6 | 8 | 2/16/2022 |
| 124 | Air Force | Major | 19 | 2/15/2022 |
| 90 | Air Force Reserve | Major | 22 | 2/14/2022 |
| 102 | Air Force Reserve | Captain (O3) | 10 | 2/14/2022 |
| 95 | Army | 1LT | 9 | 2/14/2022 |
| 92 | Navy | E6 | 15 | 2/14/2022 |
| 97 | Navy | E5 | 11 | 2/14/2022 |
| 116 | Navy | LCDR | 11 | 2/14/2022 |
| 94 | Air Force Reserve | TSGT | 13.5 | 2/12/2022 |
| 80 | Air Force Reserve | MSgt/E-7 | 17 | 2/11/2022 |
| 60 | Coast Guard | E6 | 16.5 | 2/11/2022 |
| 84 | Marine Corps | First Lieutenant | 18 | 2/11/2022 |
| 85 | Navy | E6 | 12 | 2/11/2022 |
| 91 | Navy | LCDR/O4 | 14.5 | 2/11/2022 |
| 100 | Navy | E-6 | 11 | 2/11/2022 |
| 120 | Navy | E5 | 6 | 2/11/2022 |
| 132 | Air Force | Major | 13.5 | 2/10/2022 |
| 145 | Air Force | Major | 13 | 2/10/2022 |
| 143 | Air Force | TSgt/E-6 | 18 | 2/10/2022 |
| 70 | Air Force | SSgt | 5 | 2/10/2022 |
| 54 | Air Force Reserve | MAJ | 23 | 2/10/2022 |
| 127 | Air Force Reserve | MSGT/E-7 | 9 | 2/10/2022 |
| 56 | Marine Corps | CPL | 1.5 | 2/10/2022 |
| 67 | Navy | E6 | 15 | 2/10/2022 |
| 93 | Navy | LT | 8.5 | 2/10/2022 |
| 115 | Navy | Ensign | 1 | 2/10/2022 |
| 117 | Navy | LCDR/O4 | 10.5 | 2/10/2022 |
| 129 | Navy | E4 | 3 | 2/10/2022 |
| 130 | Air Force | TSgt/E6 | 12 | 2/9/2022 |
| 138 | Air Force | E4/SrA | 2.5 | 2/9/2022 |
| 101 | Air Force Reserve | CMSgt, E-9 | 28 | 2/9/2022 |
| 134 | Air Force Reserve | Lt Col | 18.5 | 2/9/2022 |
| 105 | Air Force Reserve | E5 | 15 | 2/9/2022 |
| 61 | Air National Guard | CW3 | 17 | 2/9/2022 |
| 34 | Air Force | SMSgt/E-8 | 21 | 2/8/2022 |
| 55 | Air Force | Captain | 6 | 2/8/2022 |

**EXHIBIT 1**

**Putative Class Members with Final Denials**
**as of February 22, 2022**

| ID | Service Branch | Rank | Years of Service | Final Denial Date |
|----|----------------|------|------------------|-------------------|
| 89 | Air Force | E-4 | 4 | 2/8/2022 |
| 37 | Air Force Reserve | Lt Col | 18 | 2/8/2022 |
| 142 | Air Force Reserve | Lt Col | 18 | 2/8/2022 |
| 44 | Marine Corps | 1stLt/O-2 | 3 | 2/8/2022 |
| 66 | Navy | E7 | 18.5 | 2/8/2022 |
| 31 | Air Force | TSgt | 13 | 2/7/2022 |
| 106 | Air Force Reserve | MSgt | 11 | 2/7/2022 |
| 52 | Navy | LT | 8 | 2/7/2022 |
| 78 | Navy | E-5 | 3 | 2/7/2022 |
| 46 | Air Force Reserve | Major | 14 | 2/6/2022 |
| 114 | Air Force Reserve | E-5 | 13 | 2/6/2022 |
| 72 | Air Force Reserve | E7 MSgt | 24 | 2/5/2022 |
| 23 | Air Force | MSgt/E-7 | 19.3 | 2/3/2022 |
| 82 | Coast Guard | E-4 | 9 | 2/2/2022 |
| 19 | Navy | E6 | 8 | 2/2/2022 |
| 25 | Navy | E5 | 2 | 2/2/2022 |
| 49 | Navy | LT | 7 | 2/2/2022 |
| 28 | Air Force | TSgt | 17.5 | 2/1/2022 |
| 79 | Air Force | E-7 | 19 | 2/1/2022 |
| 108 | Air Force | Captain (O-3) | 6 | 2/1/2022 |
| 68 | Air Force Reserve | Lt Col (O-5) | 18 | 2/1/2022 |
| 17 | Navy | E7/Chief Petty Officer | 19 | 2/1/2022 |
| 51 | Space Force | Sgt / E-5 | 6 | 2/1/2022 |
| 11 | Air Force | MSgt | 12 | 1/31/2022 |
| 39 | Air Force | Captain | 8 | 1/31/2022 |
| 2 | Navy | LCDR | 10 | 1/31/2022 |
| 6 | Navy | 0-4 | 17 | 1/31/2022 |
| 18 | Navy | LCDR | 10 | 1/31/2022 |
| 27 | Navy | LCDR / O-4 | 17.5 | 1/31/2022 |
| 40 | Navy | Commander (O-5) | 17 | 1/31/2022 |
| 88 | Navy | O3/LT | 10 | 1/31/2022 |
| 12 | Navy | O3E | 23 | 1/31/2022 |
| 96 | Air Force | E-6 | 12 | 1/28/2022 |
| 103 | Air Force | Captain | 6 | 1/28/2022 |
| 71 | Navy | LCDR | 15 | 1/28/2022 |
| 9 | Air Force Reserve | TSgt | 15 | 1/26/2022 |
| 74 | Air National Guard | LT | 4 | 1/25/2022 |
| 64 | Navy | LT | 1 | 1/25/2022 |
| 81 | Navy | E6/YNC | 13 | 1/25/2022 |
| 122 | Navy | LTJG/O2 | 3 | 1/25/2022 |
| 4 | Air Force | Captain | 10 | 1/24/2022 |
| 7 | Marine Corps | LtCol | 19.75 | 1/24/2022 |
| 22 | Marine Corps | LtCol | 18.3 | 1/24/2022 |
| 99 | Marine Corps | Lieutenant Colonel | 17 | 1/24/2022 |
| 104 | Marine Corps | Master Sergeant | 21 | 1/24/2022 |
| 5 | Navy | LT / O-3 | 7 | 1/23/2022 |
| 24 | Navy | Commander | 18 | 1/23/2022 |
| 30 | Navy | E-6 | 11 | 1/23/2022 |
| 87 | Navy | E6 | 13 | 1/23/2022 |

**EXHIBIT 1**                                        2

**Putative Class Members with Final Denials**

**as of February 22, 2022**

| ID | Service Branch | Rank | Years of Service | Final Denial Date |
|----|----------------|------|------------------|-------------------|
| 107 | Navy | LT/O-3 | 8.5 | 1/23/2022 |
| 8 | Air Force | Staff Sergeant | 7 | 1/21/2022 |
| 20 | Air Force | O-2 | 4 | 1/21/2022 |
| 36 | Air Force | TSgt | 18.8 | 1/21/2022 |
| 109 | Air Force | TSgt | 14.5 | 1/21/2022 |
| 16 | Air Force Reserve | Major | 16 | 1/21/2022 |
| 3 | Air Force | Major | 15 | 1/18/2022 |
| 53 | Marine Corps | Captain | 9 | 1/14/2022 |
| 57 | Air Force | TSgt | 10 | 1/13/2022 |
| 59 | Air Force | SMSgt | 22.5 | 1/7/2022 |
| 113 | Air Force | O4 | 16 | 1/7/2022 |
| 83 | Air Force | TSgt/E-6 | 17.5 | 1/6/2022 |
| 110 | Air Force | Captain | 14 | 1/6/2022 |
| 47 | Marine Corps | Major / O-4 | 14 | 1/6/2022 |
| 112 | Marine Corps | Corporal (E-4) | 2 | 1/5/2022 |
| 38 | Air Force | Major | 12 | 1/4/2022 |
| 123 | Air Force | E-6 | 19 | 12/29/2021 |
| 73 | Air Force Reserve (AGR- Tit | MSgt | 13.5 | 12/29/2021 |
| 75 | Marine Corps | Lieutenant Colonel | 21 | 12/29/2021 |
| 63 | Air Force Reserve | Staff Sergeant / E-5 | 12 | 12/27/2021 |
| 26 | Marine Corps | E-3 | 2.5 | 12/27/2021 |
| 58 | Air Force | Lt Col | 28 | 12/22/2021 |
| 33 | Marine Corps | Major | 16.9 | 12/22/2021 |
| 21 | Air Force | 2LT | 8 | 12/20/2021 |
| 86 | Marine Corps | E-7 Gunnery Sergeant | 17 | 12/16/2021 |
| 77 | Air Force | Major | 12 | 12/13/2021 |
| 13 | Air Force | Captain | 8.5 | 12/10/2021 |
| 131 | Air Force Reserve | Lt. Col | 20 | 12/10/2021 |
| 35 | Marine Corps | Staff Sergeant | 10 | 12/9/2021 |
| 98 | Air Force | Captain | 19 | 12/6/2021 |
| 41 | Navy | E-4 | 1.5 | 11/30/2021 |
| 48 | Air Force | Major | 12 | 11/29/2021 |
| 76 | Air National Guard | Captain | 15 | 7/23/2021 |

**EXHIBIT 1**                3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 8:21-cv-2429-SDM-TGW |
| v. | ) ) | |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**SECOND DECLARATION OF LIEUTENANT COLONEL,**
**UNITED STATES MARINE CORPS**

I, LIEUTENANT COLONEL, United States Marine Corps, do hereby declare as follows:

1.      I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2.      I provide the following as a material update to my previous declaration (Doc. 30-1), which was considered by this Court at the November 15, 2021, hearing.

3.      My RA appeal has now been denied. As of Thursday, 17 Feb 2022, I have been ordered to get an "FDA licensed and approved vaccine" by 22 Feb 2022 or I will be entered into the Officer Disciplinary Notebook (ODN).

4.      If added to the ODN, I will be barred from taking new orders, advancing, promoting, slating for command, and retiring. This will also begin the process for punitive administrative separation where the pension I have earned over 95% of will

**EXHIBIT 2**

be forfeited. Under the threatened General discharge, I will also lose the GI Bill for which in 2016, I completed my additional service obligation to transfer to my children.

5.      I have 19 years and 1 month of faithful service in the United States Marine Corps. I am now a Marine Officer and aviator prohibited from leading Marines and conducting flight operations as a result of my pursuit of a religious accommodation.

6.      I am barred from serving in every officer billet within my installation's command structure. 12 weeks after its arrival at headquarters Marine Corps, my Religious Accommodation decision appeal remains unanswered, and I have still committed no transgression.

7.      My aviation currency continues to stagnate, and with it, my competitiveness for commercial aviation employability decays further. Due to the discriminatory treatment that I continue to experience, I will be rendered non-competitive for hire within my chosen civilian industry in just over 3 months. While I do not feel that the Marine Corps is responsible for ensuring my employability on separation, it is incumbent upon the service to abstain from intentionally damaging my prospects.

8.      My request for early retirement submitted on 25 October 2021 was eventually disapproved on 6 December 2021. I only became aware of this status change when I noticed the "disapproved" notation in the retirement section of my online service records. I did not receive any notification and Headquarters refuses to offer me any official feedback or documentation as to the reason for disapproval or

how I might reformulate for a passable submission. Despite that the applicable service directive instructs endorsers to comment on the "character and quality of the applicant, taking into consideration performance and potential for further service," headquarters apparently relied upon my chain of command simply "recommending disapproval" with no reasoning or explanation whatsoever. Evidently, this retirement request process was predetermined for rejection much like my original Religious Accommodation.

9.      Following one of my combat tours, I was honored when named the Marine Corps Aviation Association "Marine Aviator of the Year" for the tactical recovery of a downed aircrew in harm's way in Afghanistan's Helmand River Valley. The first recipient of this annual award was John Glenn in 1962. Up until these COVID shots that conflicted with my faith, I have done everything that my nation and the service have asked of me, and more.

10.     In stark contrast, my continued service has now been deemed expendable and unwelcome. I am prohibited from performing the primary roles of a Marine Officer and a pilot, yet I am inexplicably also disapproved for voluntary separation with a partially intact pension and the benefits my family and I have earned. The evident vindictiveness and rejection of a "win-win" solution seemingly demonstrates the intent of the USMC to impair me as much as possible on exit. I can only attribute this to anti-religious animus on the part of the civilian leadership over DoD, or anti-religious animus within the Marine Corps.

11.     Trust and confidence at this point is beyond repair, but this treatment must stop. The America I signed up to defend would not stand for it. Immediate relief in the form of injunction seems to me to be the only remedy that may prevent this imminent damage.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this February 18, 2022.

<div style="margin-left: 35%;">

s/ Lieutenant Colonel, United States Marine Corps
Lieutenant Colonel, United States Marine Corps
(Original Signature retained by Counsel)

</div>

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 8:21-cv-2429-SDM-TGW |
| v. | ) ) | |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF NAVY CHAPLAIN 2, UNITED STATES NAVY**

I, NAVY CHAPLAIN 2, United States Navy, do hereby declare as follows:

1.      I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2.      I am a Chaplain with the rank of Lieutenant in the United States Navy. I am currently on Temporary Duty orders in Newport Rhode Island at Naval Station Newport Navy Chaplain School.

3.      I previously served in the United States Air Force for 6 years as an enlisted Linguist before getting out to finish my education and rejoin the Air Force as a Chaplain. I have served the Chaplain Corps since 2014, first in the Air Force and then, since the summer of 2021, in the Navy, consistent with God's call to a new direction of ministry.

**EXHIBIT 3**

4.      As a Chaplain, I have assisted members in their free exercise of religion and helped to ensure the constitutional rights of the military force as a whole. I have served to provide religious rites and services in accordance with the tenets of my faith and have provided for the religious and spiritual needs of all through referral, counseling, and other services to ensure care for all. As a Chaplain, I have advised leadership at many levels on a variety of religious needs as well as ethical, moral, and morale issues.

5.      My temporary duty to Newport was originally for three months of training, en route to my next duty station. The Navy would not accept the equivalent Air Force officer and chaplain training, so I was ordered to complete the Navy's Officer Development School and the Navy Chaplain Basic Leadership Course. I graduated on 18 November 2021 and was supposed to report to my next duty at Camp Lejeune, NC on 21 November 2021.

6.      I have natural immunity to COVID-19 and believe that I was designed by a Creator who knows what He was doing when He gave us our immune system, so I do not believe that any tampering by a fallen and sinful human creator is necessary or wise. I tested positive for T-Cell immunity. I first requested medical exemption on 10 November 2021 based on this factor along with several others. This was denied on 30 November 2021.

7.      I have since requested a religious accommodation (RA) from the COVID-19 shot mandate. I have always expressed that for me my concerns have been both with prior medical issues and a matter of conscience. I initiated my RA on 10

2

December 2021 and submitted it on 21 December 2021. After I submitted my RA, it was returned for corrections and resubmitted on 12 January 2022.

8.      I was told by my command leadership that if I did not take the vaccine or have an approved exemption, I would be held over in training, have to pay out of pocket for lodging, receive an adverse fitness report, be separated, and lose educational benefits, transition assistance, career credit, and more. The Navy policy that my command applied to hold me over states that "Navy service members 'refusing the vaccine'[]" will have certain PCS restrictions. The Navy definition of "'refusing the vaccine'" does not apply to someone who "[has] a pending or approved exemption request," and thus it is my belief that the policy has been applied abusively to hold us over when we could have gone on to our next duty stations. This decision has turned three months of training into an undefined hold, as my family and I are not allowed to proceed on to our next duty station.

9.      Since my hold over began I have not been able to perform my duties as a Chaplain. I have been ordered by my command to 'telework' but assigned no work. I have tried to find useful tasks to do in this status, but have not received any responses to my requests. I have not been gained to a unit or had basic administrative issues corrected with my personnel files. I have even been excluded from performing religious rites and services that are offered to the other members of my command.

10.     My family lived in base housing at our last duty station, which we had to vacate upon changing branches of service. We went to visit family in the few weeks before I headed off to training in Newport, and my wife and children were supposed

to head on to Camp Lejeune in North Carolina while I was in training. We heard very early on in training, in the beginning of September, that due to the mandates I would not be able to move on from training. My wife was able to stay with different family and friends for a little while as we waited to hear more about the policies being put out, but their accommodations ran out and we could not afford housing in that area because at that time as we were not receiving Base Housing Allowance (BAH) to pay for housing. I explained the situation to my course instructor and got approval from my command to move to an off-base hotel that would accommodate my family. My family drove out here, arriving 14 October 2021, as they had nowhere else to go. We are caught between having to leave our last duty station, and not being allowed to go on to our next.

11.     Our family of five—myself, my wife (who is 7 months pregnant), our three children (ages 7, 5, and 2), and our dog—has been living in a hotel since their arrival. It has been over 11 weeks since I graduated and was told I would not be moving forward.

12.     My wife has been forced to homeschool our children, as they are unable to attend school in our uncertain situation. Our fourth child is due in a little over two months, and we spend our days trying to keep some semblance of a schedule and regular life while confined to a single hotel room with limited resources. We have spent many major holidays and most family birthdays this year here. We are unable to obtain suitable housing here while temporarily assigned, as my current status does not

allow us BAH for the area or access to military housing, nor are we allowed to transfer our household goods here for access to any of our items.

13.     We have been forced to purchase clothing and supplies we already have in storage as the weather changes, our needs change, and the children continue to grow.

14.     We will also need to re-buy all our baby items if we are still here and without our household goods when the baby comes. This is all coming out of pocket, since I have not been able to file a travel voucher as that is normally done at my next duty station.

15.     With the threats of what will happen to us if I am kicked out, we are fearful the Navy will attempt deny reimbursement to us for the over $20,000 in expenses we have accrued so far.

16.     The Navy's heavy-handed vaccine mandate, and the Navy's treatment of me and similarly situated personnel, will result in our family's potentially being jobless and have already effectively made us homeless.

17.     My experience has shown the religious accommodation process in the Navy to be 'mere theater.'

18.     I have been told over and over that the Navy's 'administrative' actions, including the Navy's holding me in limbo, are not 'punitive' under Navy definitions, but they are inflicting very real and very defined harm on my family and me.

19.     Absent relief from this court, I and many others "in between" duty stations within the United States, and others on overseas deployment, face major life

disruptions, financial difficulties, and potential homelessness through no fault of our own.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this February 9, 2022.

<u>s/ Navy Chaplain 2, United States Navy</u>
Navy Chaplain 2, United States Navy
(Original Signature retained by Counsel)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

NAVY SEAL 1, *et al.*, for themselves )
and all others similarly situated, )
                                       )
               Plaintiffs, )
v. )           No. 8:21-cv-2429-SDM-TGW
                                         )
LLOYD AUSTIN, in his official )
capacity as Secretary of the United )
States Department of Defense, *et al.*, )
                                       )
              Defendants. )

---

**DECLARATION OF NAVY LCDR, UNITED STATES NAVY**

I, NAVY LCDR, United States Navy, do hereby declare as follows:

1.       I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2.       I am an active duty Lieutenant Commander (LCDR) in the United States Navy. I provide the sole income for my family, which includes my wife and three young children (ages 9, 6, and 2), one of whom is enrolled in the military's Exceptional Family Member Program.

3.       I submitted a religious accommodation (RA) request on 13 September 2021 which was disapproved on 23 December 2021. My appeal submitted 7 January 2022 is still pending.

4.       I am a student at the Army's Command and General Staff College (CGSC). I have hard-copy orders to Permanent Change of Station (PCS) in June 2022

**EXHIBIT 4**

to Millington, TN. Due to the Navy's PCS freeze for those with pending RA requests, however, I will not be able to move, and my family and I will soon be effectively homeless.

5.      CGSC is a one-year master's degree program offering one class per year for about 1,200 students. Both on- and off-base student housing rotates each year. The lease for our current residence will end in June, and our property manager is requiring us to leave to make room for students of the incoming class.

6.      Much of base housing is similarly earmarked for incoming students due to a shortage of available accommodations. On-base housing also does not offer month-to-month leases. Based on the lack of availability locally, we will most likely have to put our household goods in storage and live out of a hotel at great personal expense.

7.      If my RA appeal is denied, the staff at CGSC have stated that I will have five days to be vaccinated or be kicked out of the master's program. Once the five days have elapsed, I must resign my commission or face disciplinary proceedings. With my upcoming loss of housing, this puts an additional burden on my family, as "Letters of resignation must be submitted to reach NAVPERSCOM at least 9 months in advance of the desired detachment month" (Navy MILPERSMAN 1920-200). This leaves a substantial time gap between losing housing and ending my military service, during which I am unsure of where my family will live.

8.      My family and I are under a tremendous amount of stress with sleepless nights trying to figure out what to do about our living situation. Our earnest hope is to

continue to serve in the Navy but feel incredible pressure to submit my resignation so that we can find a new job and home as soon as possible.

9.      In addition to my religious objection to receiving a COVID-19 vaccine, I have natural immunity to COVID-19, having received a blood antibodies test confirmed on 10 July 2020 showing the presence of robust antibodies.

10.      Absent relief from this Court, I and many others face major life disruptions, financial difficulties, and potential homelessness, through no fault of our own.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this February 11, 2022.

<div align="right">

s/ Navy LCDR, United States Navy
Navy LCDR, United States Navy
(Original Signature retained by Counsel)

</div>

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 8:21-cv-2429-SDM-TGW |

## DECLARATION OF TSGT RAWS TECHNICIAN,
## UNITED STATES AIR FORCE

I, TSGT RAWS TECHNICIAN, United States Air Force, do hereby declare as follows:

1.     I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2.     I am a Radar, Airfield, and Weather Systems (RAWS) technician with the rank of Technical Sergeant (TSgt) in the United States Air Force. I am currently on a remote tour in South Korea, stationed at Kunsan Air Base.

3.     The primary weapon system at Kunsan is the F-16 Fighting Falcon fighter jet operated by the 8th Fighter Wing (FW). The 8th FW is the host unit at Kunsan Air Base, and is assigned to Seventh Air Force, headquartered at Osan Air

**EXHIBIT 5**

Base, Republic of Korea. Seventh Air Force falls under Pacific Air Forces, which is headquartered at Hickam Air Force Base, Hawaii.

4.     The mission of Kunsan Air Base is "Defend the Base, Accept Follow-On Forces, Take the Fight North!" as part of our deterrence of North Korean Communist aggression. Kunsan Air Base is a very austere and remote base, with more than 2,800 personnel living on base in dormitories. It is not one of the garden spots of the world.

5.     My assignment to Kunsan is a one-year, unaccompanied tour, separated from my wife and three small boys (ages 10, 6, and 2) who remain at home at Ft. Dix, New Jersey. I am halfway through this unaccompanied tour.

6.     As a RAWS technician, I am responsible for installing, maintaining, repairing, overhauling, deploying, and modifying ground radar and airfield systems upon which flying operations at Kunsan Air Base depend. My job is critical to mission success, for among other things, without radar, the base is blind for command and control of our own aircraft and is also blind to potential enemy aircraft attack. I have 14.5 years' experience in my job.

7.     I am the non-commissioned officer (NCO) In Charge of training with 12 technicians under me, 11 of whom are "fully vaccinated." Since I first arrived on my one-year remote tour, my base has experienced more than 800 cases of COVID, the vast majority amongst the "fully vaccinated." I have not gotten sick with COVID, as verified by my weekly testing.

8.     I believe I have natural, God-given immunity to COVID, and have requested accommodation from the COVID shot mandate, as accepting any of the available COVID-19 vaccines will require me to commit sin.

9.     I submitted a Religious Accommodation (RA) request in response to the COVID shot mandate on 28 Sep 2021.

10.     After I submitted my RA, on 26 Jan 2022, I received back an initial denial from PACAF General Kenneth S. Wilsbach. The RA denial stated I had five business days to appeal.

11.     I was told by my First Sergeant that if my appeal is not approved that I will be involuntarily separated. With an involuntary separation, I will lose the 60 days' paid leave that I would otherwise have with a voluntary separation or separation for the convenience of the Air Force, and will not be able to use the leave for transition readiness, job search, and moving my family. Normally, such leave would be used as "terminal leave" for all of these tasks during a voluntary or convenience separation.

12.     As I am what the Air Force characterizes as a "vaccine refuser," instead of what I truly am—a sincere religious objector—I have been told that instead of 60 days' paid leave, I will receive four (4) days' proceed time in lieu of "terminal leave" that will begin the moment I set foot on the airplane to fly from South Korea home to New Jersey, which is a two-day trip.

13.     My family lives in on-base housing at Ft. Dix and does not have a home of our own. My wife will be expected (on her own) to pack down the entire house, find

3

a home, and move all of our household items to a home off-base, while taking care of our three children, without my help.

14.     Since I am on an overseas one-year tour, I am unable to interview for jobs like I would stateside. The refusal to provide transition leave makes my transition (assuming my appeal is denied, and no judicial intervention occurs) that much harder.

15.     The Air Force has placed a stop Permanent Change of Station (PCS) order on me and has assigned me a code which restricts me from changing bases and receiving formal job training. I have been turned down for a one-month training class since the implementation of this order. This effectively prevents me from gaining additional job experience for use in obtaining a job on the outside of the Air Force. Since I cannot change my station from Kunsan Air Base, I fully expect to be separated from my family beyond my one-year tour, if I am still in the Air Force by that time. This holdover, punitive separation from family members has occurred to another member in my unit who has also requested a religious accommodation.

16.     The vaccine mandate, and the Air Force's treatment of me and similarly situated personnel will result in my family's potentially being jobless and homeless.

17.     The Air Force seems bent on being as vindictive as possible to those whose religious beliefs do not allow them to get the shot. The Air Force is disregarding my years of faithful service, and the sacrifices made by my family, particularly those of my wife, who has also made every other move of my military career (Missouri, Mississippi, Idaho, Pennsylvania, and New Jersey), and who took care of our family

alone while I was deployed to Afghanistan for six months and now one year in South Korea.

18.     Absent relief from this court, I and many others on overseas deployment face major life disruptions, financial difficulties, and potential homelessness, through no fault of our own.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this February 4, 2022.

                    s/ TSgt RAWS Technician, United States Air Force
                    TSgt RAWS Technician, United States Air Force
                    (Original Signature retained by Counsel)