IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**NAVY SEAL # 1,** *et al.***,**

        Plaintiffs,

v.

**JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States, *et al.*,

        Defendants.

Case No. 8:21-cv-02429-SDM-TGW

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENER'S MOTION TO INTERVENE**

Defendants respectfully submit this memorandum of law in opposition to Proposed Intervener Thomas Macik's motion to intervene (Dkt. No. 93).

## INTRODUCTION

This civil action has been underway since October 2021, when a group of service members and federal contractors filed suit on behalf of themselves and a putative class, challenging two Executive Orders and the Department of Defense directive requiring vaccination against COVID-19. Dkt. No. 1 ¶¶ 50-57, 157. Since then, Plaintiffs have amended their complaint to include a total of 33 service members, two federal employees, and one federal contractor, Dkt. No. 75, and the Court has severed the non-service member Plaintiffs and their claims "[t]o effect more efficient case management," Dkt. No. 89. Thus, the claims of 33 individual Plaintiffs, asserted on their own behalf as well as on behalf of a putative class, are presently at issue in this action.

To date, the parties have already litigated Plaintiffs' motion for temporary

1

restraining order and preliminary injunction (including supplemental briefing), motion for class certification, and a second motion for temporary restraining order. Dkt. Nos. 2, 23, 35, 51, 60, 66, 74. Those efforts have required extensive factual development and discussion of the merits of Plaintiffs' claims. Defendants have additionally provided responses to several distinct information requests from the Court, including producing court-ordered discovery on a bi-weekly basis. Dkt. Nos. 19, 34, 40, 47, 52, 73, 76, 90, 103. And the Court has devoted judicial resources to this action as well, in hearing and resolving the motion for temporary restraining order and a portion of the preliminary injunction motion, and in continuing to consider Plaintiffs' class certification motion and the broader motion for preliminary injunction. Dkt. Nos. 9, 40, 67, 84, 111.

Despite the significant litigation already underway in this action, that the claims of 33 individual Plaintiffs are already before the Court, that class certification has been fully briefed and is pending decision, and that he is a "putative member of the class to be certified," Proposed Intervener First Lieutenant Thomas Macik now seeks to intervene as yet another Plaintiff. Dkt. No. 93 ("Mot."). Macik, however, does not appear to have any connection whatsoever with this venue, or even Florida or the Eleventh Circuit more generally: he has been stationed in Japan since September 2020, completed officer training in California and Virginia before then, has not asserted that he resides or is domiciled anywhere within this Circuit, and indeed did not contest his lack of contact with this venue in his filings requesting emergency relief. *See* Dkt. No. 94-2 ¶¶ 2-3; Dkt. Nos. 94, 98.

2

Moreover, Macik fails to satisfy all the requirements of Rule 24(a)(2) to intervene as of right, and numerous considerations militate against allowing Rule 24(b) permissive intervention under the circumstances here, as set forth below. At bottom, Macik remains free to pursue his claims and interests in a lawsuit of his own, filed in a district with which he has an actual connection—an option that the Eleventh Circuit has repeatedly recognized as warranting denial of intervention. Conferring him party status in this action would add no benefit to the litigation while simultaneously causing prejudice and disruption to the proceedings already well underway. The Court should deny Macik's motion.

## ARGUMENT[1]

As Defendants have preliminarily explained, Macik's claims are nonjusticiable and premature. Dkt. No. 97 at 7-12. Accordingly, they should be dismissed, and the instant motion denied as moot. But assuming Macik could overcome these important

---

[1] As an initial matter, Macik is not entitled to liberal construction of his pleadings. Though he purports to proceed pro se, *see, e.g.*, Mot. at 7 (signature block), Macik admits "that all of his filings in this case" were actually "prepared with the assistance of counsel," Dkt. No. 99. Thus, at a minimum, the Court "cannot accord him the advantage of the liberal construction of his complaint normally given pro se litigants." *Olivares v. Martin*, 555 F.2d 1192, 1194, n.1 (5th Cir. 1977); *see also, e.g., Senatus v. Lopez*, 2021 WL 5310591, at *2 (S.D. Fla. Aug. 19, 2021) ("An attorney ghostwriting for a *pro se* litigant is improper because it affords the litigant the benefit of the court's liberal construction of *pro se* pleadings while also shielding the attorney from responsibility for his counsel."); *Hammett v. Sec'y, Dep't of Homeland Sec.*, 2011 WL 13175525, at *1 n.1 (M.D. Fla. Apr. 28, 2011), *aff'd*, 488 F. App'x 405 (11th Cir. 2012); *Deforest v. Johnny Chisholm Glob. Events, LLC*, 2010 WL 1792094, at *5 n.9 (N.D. Fla. May 4, 2010).

threshold hurdles,[2] the Court should nevertheless deny his motion to intervene, as Macik cannot satisfy the requirements of either Rule 24(a)(2) or Rule 24(b).

I. Macik Cannot Intervene as of Right Under Rule 24(a)(2)

Rule 24(a) governs intervention of right and "continues to set bounds that must be observed." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir. 2008). To intervene under Rule 24(a)(2), a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Id.* at 1302-03.

Macik cannot satisfy the third and fourth requirements to intervene as of right. Critically, as a non-party to this action, Macik remains free to pursue his claims and interests in his own litigation, brought in the appropriate venue. No class has been certified in this action (and none should be certified, *see* Dkt. No. 42), and the "individual legal claims" of putative class members like Macik therefore "remain intact." *Truesdell v. Thomas*, 2016 WL 7205490, at *4 n.7 (M.D. Fla. Sept. 8, 2016); *see also In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) (explaining that putative class members are not "subject to the court's power" in the absence of class certification). In the Eleventh Circuit, "the ability to separately

---

[2] Macik's reply to his motion for temporary restraining order—filed without leave of Court, *see* Local R. 3.01(d)—contested only Defendants' arguments regarding exhaustion and irreparable harm. Dkt. No. 98.

4

litigate defeats the impairment element." *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 292 (11th Cir. 2020). After all, if the proposed intervener's "separate suit is still viable, then []he has a choice that effectively preserves all of h[is] rights, without the need to intervene." *EEOC v. E. Airlines, Inc.*, 736 F.2d 635, 638-39 (11th Cir. 1984); *see also, e.g.*, *Diamond Resorts*, 2019 WL 1976450, at *2-3 (denying motion where the proposed intervener "has other avenues to obtain the relief it seeks" and could "protect its interest through th[at] more appropriate avenue[]"); *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, 2017 WL 8340660, at *4 (M.D. Fla. Apr. 3, 2017) ("There is no reason to expand this litigation when Prince may bring its claims against Archer in a separate suit."); *Blue Heron Beach Resort Dev., LLC v. Branch Banking & Tr. Co.*, 2013 WL 12161446, at *7 n.7 (M.D. Fla. May 15, 2013) (denying motion where the proposed intervener "has not established that he cannot proceed with his own action"); *In re Photochromic Lens Antitrust Litig.*, 2013 WL 12156446, at *3 n.7 (M.D. Fla. Oct. 21, 2013) (finding no prejudice to the proposed intervener in denying motion to intervene, where the proposed intervener was a putative class member that could file its own action if class certification were denied).

Nor has Macik made the necessary showing of inadequate representation by the existing parties because, as a *putative* class member, his "individual legal claims remain intact" and unaffected by the rulings thus far in this action. *Truesdell*, 2016 WL 7205490, at *4 n.7. If anything, Macik could readily address any concerns he had with inadequate representation in this proceeding by initiating his own lawsuit, in which he would exercise full control over the protection of his interests. That he

5

has been receiving "the assistance of counsel" in "all of his filings in this case," Dkt. No. 99, confirms that Macik can obtain adequate representation and protection of his interests in a proceeding of his own.

Moreover, although Defendants have demonstrated why the lead Plaintiffs' claims cannot withstand the rigorous analysis applied under Rule 23, *see* Dkt. No. 42, if the Court nevertheless were to grant class certification, Macik still could not satisfy the third and fourth requirements under Rule 24(a)(2). As to the impairment prong, Macik offers only the unremarkable observation that, if a class were certified, "the judgment will definitively determine the class members' substantive rights." Mot. at 5. But that statement does nothing to show that such a future (completely hypothetical) judgment would *impede* or *impair* his ability to protect his interest. *See Fox*, 519 F.3d at 1303. The cases he relies on (Mot. at 5) only underscore this deficiency, as they involved *actual* class settlements, which would resolve all the claims of the certified class but raised serious concerns about class counsel's protection of absent class members' interests. *See Tech. Training Assoc., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017); *In re Cmty. Bank of. N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

Macik has not raised such concerns with lead Plaintiffs, leaving him further unable to satisfy the adequacy of representation prong even if there were a certified class. The Eleventh Circuit "presume[s] adequate representation when an existing party seeks the same objectives as the would-be interveners." *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999); *see also Banking & Tr. Co. v. Maxwell*, 2012 WL

6

13136513, at *1 (M.D. Fla. July 9, 2012) (Merryday, J.) (denying motion where the proposed intervener "pursue[d] the same remedy" as the existing plaintiff).[3] Here, Macik expressly represents that he and the lead Plaintiffs "share the same interests," Mot. at 5, and that he seeks the same relief "[a]s with the case of the Navy and Marine officers for whom this Court granted temporary injunctive relief on February 2," Dkt. No. 94 at 7. He certainly has not "com[e] forward with some evidence to the contrary" to rebut the presumption. *Clark*, 168 F.3d at 461; *see also Burke*, 833 F. App'x at 293 (affirming denial of intervention of right, where the proposed interveners "identified no evidence" of inadequate representation). In fact, his sole contention in this respect—that "Plaintiffs have yet to bring a motion certifying the class so as to enable class-based relief to be granted," Mot. at 5—is wrong. The class certification motion has been fully briefed and is pending decision by this Court. *See* Dkt. Nos. 35, 42. Macik's dissatisfaction with the status of that motion does not provide him the right to intervene in this action as a party.

And, in all events, even if a class were certified and Macik were somehow dissatisfied with the pursuit of his interests or adequacy of representation as part of

---

[3] Defendants' opposition to class certification explained that lead Plaintiffs had not met their burden to demonstrate that they would adequately represent the proposed class because, among other things, their proceeding pseudonymously made it difficult to determine whether they had any conflicts of interests with absent class members. Dkt. No. 42 at 13. The adequacy inquiry under Rule 23 is distinct from that under Rule 24; the former demands a stringent examination for conflicts between and among the lead plaintiffs and the class, whereas the latter *presumes* adequacy from shared objectives between the existing parties and the proposed intervener. *See Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1374 (11th Cir. 1984); *Clark*, 168 F.3d at 461.

that class, he could still choose to opt out of a Rule 23(b)(3) class and bring his own action. *See, e.g., Demsheck v. Ginn Dev. Co.*, 2014 WL 12650672, at *1 (M.D. Fla. Feb. 14, 2014) (denying intervention of right, where the proposed intervener "may choose to 'opt out' of the current class and pursue his claims individually").

In short, Macik has several options available to him—whether or not the Court certifies a class here—that amply protect his interests. Rule 24(a)(2) does not provide for intervention under such circumstances.

## II. The Court Should Deny Permissive Intervention

The Court should also deny Macik's motion under Rule 24(b) because it does not satisfy all of the requirements for permissive intervention. Rule 24(b) permits intervention when an applicant's claim and the main action share a common question of law or fact and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b); *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

While Macik and the lead Plaintiffs may have the same objective in challenging their respective vaccination orders (*i.e.*, enjoining those orders), it is not the case that his "claims against the defendants share common questions of law with Plaintiffs' claims, and rest upon common facts." Mot. at 6. As discussed in Defendants' opposition to class certification, and without retreading that ground here, common questions do not unite the putative members of the class and the lead

8

Plaintiffs. *See* Dkt. No. 42 at 5-10. Rather, as another court in this district recently held, resolution of the religious claims "require[s] a separate analysis" for each individual, thus "involv[ing] different proof and different witnesses, located in various places across the country." *Crosby v. Austin*, No. 8:21-cv-2730, Dkt. No. 44 at 3 (M.D. Fla. Feb. 22, 2022) (severing misjoined plaintiffs and finding "substantial factual differences among Plaintiffs' claims"); *see generally Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430 (2006) (RFRA "contemplate[s] an inquiry more focused than [a] . . . categorical approach"). The need for that "separate analysis" is especially acute here, given Macik's station overseas in a country with limited American medical resources and his residence in a military barracks (among other individualized factors). *See* Dkt. No. 94-8 at 3.

Perhaps more importantly, the Court should exercise its discretion to deny permissive intervention for at least four other reasons. First, as discussed above, Macik is free to initiate his own suit. "When an [individual] has other adequate means of asserting [his] rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975)[4]; *see also Worlds*, 929 F.2d at 595 (affirming denial of permissive intervention when the proposed intervener could, and did, file his own lawsuit); *Burke*, 833 F. App'x at 294 (concluding that the

---

[4] Fifth Circuit decisions issued before October 1, 1981 "shall be binding as precedent in the Eleventh Circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

availability of a separate lawsuit is sufficient reason to deny permissive intervention). The Supreme Court and Eleventh Circuit have long stressed the benefits of allowing important questions of law to percolate in multiple forums. *See, e.g.*, *Califano v. Yamaski*, 442 U.S. 682, 702 (1979) (highlighting the benefits of "adjudication by a number of different courts and judges"); *State of Florida v. Dep't of Health & Human Servs.*, 19 F.4th 1271, 1283 (11th Cir. 2021) (cautioning that "it is especially vital that various courts be allowed to weigh in" on challenges that involve "important and difficult questions of law," "so that the issues can percolate among the courts"). Allowing intervention here, even when Macik has more appropriate remedies available to him, would undermine that well-established principle.

That Macik chose not to file a suit of his own and instead seeks to intervene in this particular action, in a venue with which he can demonstrate no connection, "strongly hints of forum shopping" and provides an additional reason to deny intervention. *In re W. Caribbean Airways Crew Members*, 2010 WL 11601239, at *10 (S.D. Fla. Jan. 8, 2010); *see also, e.g.*, *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 388 (D. Md. 2004) (identifying forum shopping as "an additional consideration [that] militates against permissive intervention"). To date, Macik has not provided any explanation for why his claims should be heard in this Court, as opposed to the court in the district in which he is domiciled or otherwise has substantial contact.

Furthermore, Macik's attempt to insert himself into this action only serves to delay this proceeding and works substantial prejudice on Defendants. For one,

Macik's motions have diverted time and resources away from other ongoing tasks in this litigation and now present two more issues (intervention and emergency relief) this Court must resolve in addition to the significant matters already pending before it. And to the extent that adding Macik as a party would necessitate another round of class certification briefing—briefing that has been complete for several months—that delay would "only prolong a resolution of those issues and detract from the merits of class certification." *In re Photochromic Lens Antitrust Litig.*, 2013 WL 12156446, at *1 (denying permissive intervention); *see also Lyttle v. Trulieve, Inc.*, 2021 WL 2379395, at *8 (M.D. Fla. June 10, 2021) (same).

    Permitting intervention would also be highly prejudicial, where significant litigation has already occurred in this action, including (among other things) extensive briefing on Plaintiffs' motions for temporary restraining order and preliminary injunction, full briefing on class certification, and Defendants' bi-weekly compliance with court-ordered discovery and other information requests from the Court. *See, e.g.*, Dkt. Nos. 2, 23, 34, 35, 42, 47, 52, 60, 66, 73, 76, 84, 103. Defendants have already devoted extensive resources to responding to the claims and substantive motions of the 33 lead Plaintiffs. Adding yet more parties—each of whose claims would require separate adjudication and analysis, based on separate facts and witnesses—raises serious "pragmatic concerns" that "weigh heavily against" permissive intervention. *Dyer v. Publix Super Markets, Inc.*, 2000 WL 374580, at *2 (M.D. Fla. Apr. 14, 2000). In *Dyer*, the court denied intervention when the lawsuit already involved eleven individual plaintiffs, "each of whom will have to

11

present evidence specific to her own claims." *Id.* at *1. Adding yet more plaintiffs through intervention, the court reasoned, would likely "cause confusion at trial and create case management problems in a case which may already be rather cumbersome to manage efficiently due to the large number of individual plaintiffs." *Id.*; *see also* Dkt. No. 89 (severing the non-service member Plaintiffs and claims "[t]o effect more efficient case management"). So too here.

Finally, permitting intervention would extend an open invitation to other would-be plaintiffs to request the same—even when they can pursue their claims in separate litigation in the appropriate venue. Inundating Defendants and the Court with serial requests and accompanying motions for emergency relief, and detracting from prompt resolution of the issues between the existing parties, simply is not consistent with the purpose of Rule 24.

## CONCLUSION

For the foregoing reasons, the Court should deny Macik's Motion to Intervene.[5]

---

[5] Macik did not provide "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Defendants do not object to his motion based on this procedural defect so long as Macik's claims and requested relief are strictly limited to those articulated in his motion papers. *See Piambino v. Bailey*, 757 F.2d 1112 (11th Cir. 1985). But to the extent Macik asserts any other claims or seeks any other relief, his failure to comply with Rule 24(c) would warrant denial of his intervention request for yet another reason. *See, e.g.*, *A&M Metals Processing, LLC v. Stericycle, Inc.*, 2017 WL 1240347, at *2 (M.D. Fla. Mar. 31, 2017) (Merryday, J.) (denying motion to intervene where, among other issues, it "fail[ed] to comply with Rule 24's pleading requirement"); *Espinosa v. U.S. Gov't*, 2013 WL 624132, at *1 (M.D. Fla. Jan. 9, 2013) ("[L]itigants appearing *pro se* must adhere to the procedure requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida.").

Dated: February 28, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

/s/ *Catherine M. Yang*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4336
Email: catherine.m.yang@usdoj.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 28, 2022, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notification of Electronic Filing to all parties and counsel of record. I further certify that I served a copy of the foregoing on Proposed Intervener:

Thomas More Macik
Marine Air Support Squadron 2
Marine Air Control Group 18
Unit 37211
FPO, AP 96372-7211
Tmacik5@gmail.com

/s/ *Catherine M. Yang*
CATHERINE M. YANG
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4336
Email: catherine.m.yang@usdoj.gov
*Counsel for Defendants*