# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 8:21-cv-2429-SDM-TGW |
| | ) |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' PRELIMINARY RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL AND FOR IMMEDIATE ADMINISTRATIVE STAY

Plaintiffs file this preliminary response to Defendants' Emergency Motion for Stay Pending Appeal and for Immediate Administrative Stay (Doc. 118). The Court should deny the stay motion out of hand. But if the Court is inclined to give the stay motion full consideration, then Plaintiffs request a reasonable opportunity to file a full response, on or before this Monday, March 7.

1. The stay motion presents nothing new. It repackages the same discredited testimony and flawed arguments already rejected by the Court in its Preliminary Injunction and Order (Doc. 111, the "PI Order"). Just yesterday the Fifth Circuit denied the Government's motion for a stay of a preliminary injunction order substantially similar to this Court's PI Order, as to both record facts and legal analysis, in *U.S. Navy Seals 1–26 v. Biden*, No. 22-10077, 2022 WL 594375 (5th Cir. Feb. 28, 2022) (denying stay of order enjoining the Secretaries of Defense and the Navy "from

enforcing certain COVID-19 vaccination requirements against 35 Navy special warfare personnel and prohibit[ing] any adverse actions based on their religious accommodation requests," reported at *U.S. Navy Seals 1-26 v. Biden*, No. 4:21-cv-01236-O, 2022 WL 34443 (N.D. Tex. Jan 3, 2022)). The Fifth Circuit rejected the Government's justiciability and merits arguments, and observed, "Defendants identify no instance where a Plaintiff's vaccination status—or any service member's vaccination status—compromised a . . . mission." 2022 WL 594375, at *3. Defendants' position is the same in this case, and the same result should obtain.

2. Just like the supposed obstacles to deploying unvaccinated service members, the "emergency" is of Defendants' own creation and not deserving of the Court's heed. Defendants waited a full week to appeal the PI Order (Doc. 115), and another 3 days to file their "emergency" stay motion. Defendants ask the Court for its decision in just 2 days (Doc. 118 at 2), effectively giving Plaintiffs just 1 day to respond. Defendants have identified no justification for such emergency treatment. Defendants, not the Court, sidelined Navy Commander Surface Warfare Officer's destroyer.[1] (Doc.

---

[1] Defendants' insistence that Navy Commander Surface Warfare Officer cannot command his ship (Doc. 118 at 15–16) reeks of petty retaliation and contempt of this Court's PI Order prohibiting such retaliation. The Navy's feigned "loss of confidence" in the Commander is patently pretextual and has everything to do with the Commander's lawful and orderly attempt to obtain judicial relief from an unconstitutional mandate. Defendants have not, and cannot, justify sidelining a destroyer based on the Commander's unvaccinated status when the ship was underway for more than 300 days during 400 days of the pandemic when no vaccine was available, with no operational impediment. (Hr'g Tr., Doc. 112, at 30:15–21.) If there is injury to the Navy from shutting down the Commander's ship, it is self-inflicted and intentional.

118 at 1, 15–16.) Defendants, not the Court, have imposed status restrictions on Marine Lieutenant Colonel 2's ability to travel. (Doc. 118 at 12–13, 17.) Defendants do not need emergency relief from the Court to remove these self-imposed impediments. If the Court is inclined to give the stay motion full consideration, instead of denying the motion out of hand as it deserves, then Plaintiffs request a reasonable, though still expedited opportunity to file a full response, on or before this Monday, March 7.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Specially admitted

*Attorneys for Plaintiffs*