UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>        Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER PENDING
DECISION ON MOTION FOR PRELIMINARY INJUNCTION
RELIEF REQUESTED BY MARCH 3, 2022, AT 2:00 P.M.**

Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), move the Court for an emergency temporary restraining order (TRO) to preserve the status quo ante for Plaintiff CAPTAIN, United States Marine Corps ("USMC Captain") (Second Am. V. Compl., Doc. 105, ¶¶ 45, 115, 140), pending the Court's decision on Plaintiffs Motion for Preliminary Injunction (Doc. 2) and Supplemental Memorandum and Renewed Motion for Preliminary Injunction. (Doc. 51). In support thereof, Plaintiffs show unto the Court as follows:

**INTRODUCTION**

In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are

otherwise not adequately protected by the hearing on November 15, 2021; and whose circumstances are for some singular reason markedly more acute than other members of the putative class." (Doc. 9 at 4.) As demonstrated below and in the Declaration of USMC Captain attached hereto as EXHIBIT A, USMC Captain faces immediate and irreparable harm to his free exercise rights and military career absent immediate injunctive relief from the Court. Emergency, interim injunctive relief is necessary pending determination of Plaintiffs' preliminary injunction motion. Plaintiffs did not seek, or invite any action requiring, their return to this Court for emergency relief, but Defendants' march toward final separation of all religiously unvaccinated service members continues unabated except by judicial intervention. The Marine Corps, on March 1, 2022, ordered USMC Captain to receive a COVID-19 vaccine **within 2 days**—**by tomorrow, March 3, at 3:00 P.M.**—or be in violation of "a lawful order" subjecting him "to punitive and/or administrative action." (Ex. A, ¶¶ 5–6.) Thus, **USMC Captain needs relief before 2:00 P.M. tomorrow, March 3, 2022**, or he faces life-altering discipline.

## ARGUMENT

In addition to the argument below, Plaintiffs incorporate by reference the legal argument contained in their Motion for Preliminary Injunction (Doc. 2), Reply in Support (Doc. 30), and Supplemental Memorandum and Renewed Motion for Preliminary Injunction (Doc. 51), as well as the Court's analysis in its Preliminary Injunction and Order of February 18, 2022 (Doc. 111, "PI Order"). As variously set forth therein, Defendants' refusal to consider or grant Plaintiffs' requests for religious

exemption and accommodation while granting thousands of similarly situated nonreligious exemptions violates the First Amendment and the Religious Freedom Restoration Act.

**I.   A TRO IS NEEDED TO PRESERVE THE STATUS QUO ANTE AND PREVENT IRREPARABLE INJURY PENDING THE COURT'S DECISION ON PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.**

"A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application . . . ." *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 n.5 (11th Cir. 1999); *see also Grasso v. Dudek*, No. 6:130cv01536-Orl-28GK, 2014 WL 12621193, at *2 (M.D. Fla. Jan. 6, 2014) ("In the Eleventh Circuit, TRO's are intended to protect against irreparable harm and to preserve the status quo until a decision on the merits can be made."); *Talib v. SkyWay Comms. Holding Corp.*, No. 8:05-cv-282-T-17TBM, 2005 WL 8160176, at *5 (M.D. Fla. Apr. 5, 2005) (same). (*See also* Doc. 67 at 8 (granting TRO for the "preservation of the status quo" while a decision on the preliminary injunction is pending).) Here, a TRO pending preliminary injunction is necessary to preserve the status quo ante and prevent immediate and irreparable harm that will occur for USMC Captain **beginning at 3:00 P.M. on March 3**.

**A.   Plaintiff and Other Class Members Face Immediate and Irreparable Deprivation of Free Exercise Rights in the Form of Involuntary Separation and Irreparable Career Damage.**

Plaintiff USMC Captain will suffer immediate and irreparable injury absent a TRO pending decision on Plaintiffs' preliminary injunction motion because he will suffer the irretrievable sacrifice of cherished First Amendment liberties. *See Roman*

3

*Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("There can be no question that the challenged restrictions, if enforced, will cause irreparable harm. 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Indeed, as this Court already held, "[t]he pertinent precedents (and a fair empathy for the conscience of the sincere religious objector) suggest that in a Free Exercise Clause claim the initial episode of denial of free exercise causes irreparable harm . . . ." (Order, Doc. 40, at 30.) Indeed, as this Court already held, "[r]equiring a service member either to follow a direct order contrary to a sincerely held religious belief or to face immediate processing for separation or other punishment undoubtedly causes irreparable harm." (PI Order 45.)

As this Court observed in its PI Order, five days is hardly enough time to permit most service members to obtain judicial relief prior to facing irreparable harm. **Yet, the Marine Corps is treating USMC Captain even worse—giving him only 2 days** "to decide the life-altering question whether to accept COVID-19 vaccination or face discharge for disobeying an order." (PI Order 5.)

Plaintiff USMC Captain is a patriotic American whose faith is Islam. (Ex. A, ¶ 2.) Desiring to serve his country, he enlisted in the United States Marine Corps in 2014, graduating from recruit training in March 2015. (*Id.*) After serving with a Law Enforcement Battalion and earning his undergraduate degree, USMC Captain was selected for Officer Candidate School, and commissioned as a second lieutenant in 2016. (*Id.*) After graduating from The Basic School, he attended the Military Police

Basic Officer Course, with his first duty assignment at a Marine Corps Law Enforcement Battalion as a Platoon Commander. (*Id.*) He has attended courses in Norway and commanded a Military Police Integrated Company during a NATO Exercise and has been deployed in several locations, including Africa. (*Id.*)

USMC Captain desires to continue serving in the Marine Corps, consistent with his Islamic religious beliefs that require him to abstain from participation in that which is *haram*—forbidden—including the destruction and commoditization of innocent human life as exemplified by the commercial use of human fetal cell lines derived from abortions. (Ex. A, ¶ 3.) USMC Captain's sincere religious beliefs compel him to exercise "complete reliance on God" rather than in what he believes to be morally tainted COVID shots. (*Id.*) USMC Captain has performed multiple duty assignments during the COVID-19 pandemic, and neither COVID-19, nor USMC Captain's or any other Marine's vaccination status, has prevented the performance of any mission assigned to USMC Captain or any unit of which he has been a part. (Ex. A, ¶¶ 7–10.)

USMC Captain submitted a religious accommodation request to the Marine Corps supported by a Chaplain's determination that his religious beliefs are sincere. (Ex. A, ¶ 4.) The Marine Corps denied USMC Captain's religious accommodation request on October 27, 2021, and he timely appealed that decision on November 11, 2021. (*Id.*) The Marine Corps denied his appeal on February 23, 2022. (*Id.*) On March 1, 2022, the Marine Corps issued USMC Captain an Order to Receive COVID-19 Vaccination within 2 days—by March 3, 2022, at 3:00 P.M. (Ex. A, ¶ 5.) The March

1 vaccination order also states that his failure to comply would be a violation of a "lawful order" subjecting him to "punitive and/or administrative action." (Ex. A, ¶ 6.)

In addition to USMC Captain (and Navy Commander and Marine Lieutenant Colonel 2, *see* PI Order), numerous named Plaintiffs and other class members have received final denials of their appeals from their initial denials, and their irreversible vaccinate-or-separate choices are imminent. (*See, e.g.,* Doc. 82.) Relief is needed now to prevent this immediate and irreparable harm to the Nation's cherished heroes.

### B. Only a TRO Pending Decision on Plaintiffs' Motion for Preliminary Injunction Can Preserve the Status Quo.

In entering a TRO, "the court's task . . . is generally to restore, and preserve, the *status quo ante, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1193 (S.D. Fla. 2011) (cleaned up). Indeed, where—as here—"an irremediably deteriorating condition threatens to thwart the Court's ability to render a proper final judgment on the merits later, the Court must act to preserve or restore the vanishing status quo ante." *Schrank v. Bliss*, 412 F. Supp. 28, 34 (M.D. Fla. 1976).

Here, only an immediate TRO pending decision on Plaintiffs' preliminary injunction motion (Docs. 2, 51) can preserve the status quo ante. Absent immediate injunctive relief, USMC Captain will suffer irreparable deprivation of his free exercise rights and irreparable damage to his military career. Indeed, USMC Captain faces either "(1) a most-likely-unlawful deprivation of [his] accumulated status and standing in the United States military, as well as prospective advancement and benefits, or (2)

deprivation of [his] constitutional and statutory rights to Free Exercise and the statutory right to receive a religious exemption . . . ." (Order, Doc. 67, at 9.)

## II. THE COURT SHOULD ISSUE THE TRO WITHOUT WAITING FOR A REPONSE FROM DEFENDANTS.

Pursuant to Rule 65(b)(1), the Court may issue the TRO if specific sworn facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This motion satisfies the requirements for issuance of a TRO without waiting for a response from Defendants.

On March 2, 2022 (less than 24 hours after USMC Captain received the March 1 vaccination order), and in accordance with the Court's October 18, 2021 Order (Doc. 9), Plaintiffs' counsel conferred by e-mail with counsel for Defendants, seeking Defendants' agreement to pause the imminent adverse action against Plaintiff USMC Captain, pending the Court's decision on Plaintiffs' preliminary injunction motion. Plaintiffs' counsel have already provided this Plaintiff's identity to Defendants' counsel under this Court's Protective Order. (Docs. 59-1, 110.) As of the filing of this motion, Defendants' counsel was unable to provide any such agreement. Given the imminent and irreparable adverse action facing USMC Captain as shown above and supported by the attached Declarations (Ex. A), the Court should not request or wait for any further response from Defendants before entering the requested TRO.

## CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the foregoing efforts made to confer with Defendants' counsel regarding the relief requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any response from Defendants prior to issuing the TRO.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*