## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,  )<br>)<br>Defendants.  ) | No. 8:21-cv-2429-SDM-TGW |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S
### NOTICE OF EXTENSION OF DEADLINE FOR COMPLIANCE

Plaintiffs respond to Defendants' Notice of Extension of Deadline for Compliance (Doc. 123) as follows:

1. Defendants' Notice demonstrates that the Armed Forces can tolerate unvaccinated service members when it suits them—in this case, to avoid an inconveniently expedited briefing and hearing schedule (perhaps because Defendants themselves have already triggered the same for their own benefit). If USMC Captain's shot deadline can be extended to accommodate Defendants' *lawyers*, then it certainly can be extended to accommodate USMC Captain's constitutionally and statutorily protected free exercise rights, at least until those rights are finally adjudicated by a court. There is no emergency justifying the military's full court press on the relatively few conscientious objectors within its 99% vaccinated forces, as proved by Defendants' arbitrary 21-day extension of USMC Captain's shot deadline. To be sure, the Court

should deem Defendants' Notice a sufficient response to enable the Court to enter the TRO for USMC Captain now.

2. Defendants' persistent retort that there is no actual urgency for service members under final shot orders because the military's full deployment of its punitive arsenal "typically takes many months" (Doc. 123 at 2) is at best inconsistent, and at worst dishonest. In Defendants' just-filed emergency stay motion (Doc. 118) they make it exceedingly clear that disobeying a "lawful order" to get a COVID-19 shot is, in and of itself, a cardinal sin, making the disobedient service member *immediately* "unfit" and an "unacceptable risk" to his or her unit—even if the service member is diligently prosecuting a legal challenge of the order's authority (with some success), and even if the same service member was fit and acceptable to serve while waiting out the military's religious accommodation review process. Even a win in court, apparently, does not remove this stain. Moreover, the constitutional injury attaches with the choice posed by the final shot order: "By pitting their consciences against their livelihoods, the vaccine requirements would crush Plaintiffs' free exercise of religion." *U.S. Navy Seals 1-26 v. Biden*, No. 22-10077, 2022 WL 594375, at *9 (5th Cir. Feb. 28, 2022).

3. While neither 2 days nor 5 days following a final shot order is sufficient for the typical service member to obtain judicial relief vindicating free exercise rights (*see* Prelim. Inj. & Order, Doc. 111, at 5), neither is 23 days (2 plus 21)—not really. Defendants' ostensible reprieve still contemplates expedited proceedings, holding the Court's and Plaintiffs' feet to the fire to meet an arbitrary deadline controlled by

Defendants. And while Plaintiffs do not presume to know the Court's mind beyond what it says, Plaintiffs submit the Marine Corps' brief and arbitrary extension of USMC Captain's status as a follower of orders does not in any way attain the "more organized and encompassing approach" for which the Court adjured in yesterday's Order (Doc. 122 at 19.) In these proceedings, 21 days is but a breath. There is no indication Defendants will use the time to change their ways, and thus no reason to expect we will not be right back here again. The Court should enter the TRO for USMC Captain now, pending the Court's decision on classwide preliminary injunctive relief.

4.   Defendants previously chided Plaintiffs for waiting too long to file their emergency TRO motion for Navy Commander and Marine Lieutenant Colonel 2. (Doc. 66 at 2 n.2.) Now, Defendants chide Plaintiffs for filing too fast. (Doc. 123 at 2.) Plaintiffs have not continued to press for emergency relief for all named Plaintiffs who have received final denials of their religious accommodation appeals, electing instead (so far) to seek such relief only when a Plaintiff had both a final appeal denial and a final shot order (threatening punitive action for disobedience). Thus, Plaintiffs did not know USMC Captain needed emergency relief until he received his final shot order, late in the day on March 1, giving him just 2 days to receive a shot. Plaintiffs' counsel conferred with Defendants' counsel less than 24 hours later, understanding that Defendants may not be able to provide an answer before Plaintiffs needed to file their emergency TRO motion in time to give the Court at least 24 hours to consider it before USMC Captain reached the point of no return—either receive an irreversible shot, or

3

receive the apparently irreversible stain of "disobedience" of a lawful order. Moreover, the last time Defendants were given the opportunity to avoid an expedited hearing and briefing schedule, for Navy Commander and Marine Lieutenant Colonel 2, they declined. Plaintiffs had no reason to believe things would be different this time. (*Cf.* Order, Doc. 122, at 19 ("The military, despite several adverse orders, continues on the path determined months ago.").)

## CONCLUSION

Defendants' notice of temporary reprieve for USMC Captain, in response to Plaintiffs' TRO motion, proves there is no military emergency requiring his vaccination now, and therefore supports entry of immediate injunctive relief for USMC Captain without further response from Defendants.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*