IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **NAVY SEAL # 1,** *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　　Defendants. | Case No. 8:21-cv-02429-SDM-TGW |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE FILED IN SUPPORT OF IMMEDIATE CLASS-WIDE RELIEF**

**INTRODUCTION**

In an attempt to bolster their pending motions for class certification and for preliminary injunctive relief for thousands of service members, Plaintiffs filed four declarations from unnamed, non-party service members.[1]  ECF No. 113-1.  The Court should disregard these anonymous declarations, because they are filled with hearsay from anonymous sources and plainly are unreliable.  If the Court does consider the declarations, they actually help demonstrate that individual issues predominate the service members' claims under the Religious Freedom Restoration Act ("RFRA"), and thus that class certification and preliminary injunctive relief for thousands of service members is inappropriate.

---

[1] Upon receipt of the filing, Defendants understood the declarations to be from the pseudonymous Plaintiffs.  *See* ECF No. 114.  However, once Plaintiffs' counsel provided the names of Plaintiffs on February 23, 2022, and Defendants had the opportunity to conduct a thorough review of the filed declarations, Defendants discovered that the declarations were not executed by any Plaintiff in this case.

1

## BACKGROUND

The procedural background of this matter is largely set forth in prior filings and orders. *See* ECF Nos. 66, 67, 74. Of note here, Defendants filed an opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction on November 3, 2021, ECF No. 23; opposed class certification on December 3, 2021, ECF No. 42; opposed a temporary restraining order on February 2, 2022, ECF No. 66; and opposed Plaintiffs' renewed motion for a preliminary injunction on February 4, 2022, ECF No. 74. Defendants incorporate by reference all arguments and declarations submitted in connection with those motions to this brief.

The Court granted Plaintiffs' motion to proceed pseudonymously in this action. *See* Order, ECF No. 110. Nothing in that Order indicates that it was meant to extend beyond the named Plaintiffs in this action to allow counsel to file and rely on declarations from other anonymous service members. *See id.*

The Court also has entered a preliminary injunction with respect to two Plaintiffs in this action. ECF No. 111. Plaintiffs' motions for class certification and a broader preliminary injunction remain pending.

On February 22, 2022, Plaintiffs filed a Notice in support of their pending motions for class certification and a preliminary injunction, a declaration from Plaintiffs' counsel, and declarations from four anonymous service members. ECF No. 113. These service members are not plaintiffs in this case, and Plaintiffs' counsel has not provided the names of the declarants to defense counsel or to the Court.

# ARGUMENT

**I.     The Court Should Not Rely on Declarations from Anonymous Individuals.**

The four declarations from service members are purportedly "verified" with the electronic signatures of pseudonymous service members.[2] *See* Decls., ECF No. 113-1. Plaintiffs have not provided the identities of their declarants to Defendants. Plaintiffs' failure to do so unfairly inhibits Defendants from "contradict[ing] or explain[ing] assertions" in the declarations. *See KeyView Labs, Inc. v. Barger*, 2020 WL 8224618, at *6 (M.D. Fla. Dec. 22, 2020), *report & recommendation adopted*, 2021 WL 510295 (Feb. 11, 2021).

In addition to the pseudonymous declarations, Plaintiffs attempt to rely on statements allegedly made by unnamed individuals to unnamed service members. Specifically, Plaintiffs' counsel seeks to attest, as if he were a witness offering evidence, that "[m]embers on overseas deployments have been told they will not be granted terminal leave from overseas, pack down their on-base housing, transition to the civilian sector, and find employment, and receive pay while doing so, but will instead have as little as 4 days' 'leave' to do it all." Mast Decl. ¶ 14, ECF No. 113-1. But Plaintiffs' counsel never identifies the members who were supposedly told this information, nor the individuals who allegedly made these statements. *See id.* The

---

[2] These non-parties are not covered by the Court's Order permitting Plaintiffs to proceed under pseudonyms. *See* Order, ECF No. 110. And those non-parties are not covered by the protective order in this case, which limits dissemination of the names of Plaintiffs only. *See* ECF Nos. 59-1, 77. Nor have Plaintiffs sought to modify the protective order to have it cover the names of these anonymous service members or sought permission from the Court for them to keep their names from appearing in the public docket. *See Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir. 1992) ("Lawsuits are public events," and the use of fictitious names should be permitted only in "exceptional cases.").

pseudonymous service member declarations likewise rely on statements allegedly made by unnamed individuals. *See, e.g.*, Navy Chaplain 2 Decl. ¶ 18 ("I have been told over and over that the Navy's administrative actions, including the Navy's holding me in limbo, are not punitive under the Navy's definitions . . . ."); TSGT RAWS Technician Decl. ¶ 12 ("I have been told that instead of 60 days' paid leave, I will receive four (4) days' proceed time in lieu of 'terminal leave' . . . ."). Such "anonymous double hearsay" is "problematic," "unreliable and of little persuasive value." *Advance Am. v. FDIC*, 2017 WL 2672741, at *8 (D.D.C. Feb. 23, 2017) (plaintiffs could not establish a likelihood of success on the merits by relying on such evidence). Plaintiffs cannot "meet [their] high burden to obtain a preliminary injunction" through reliance on such anonymous assertions. *KeyView Labs*, 2020 WL 8224618 at *6, *13 (anonymous declaration insufficient to show a likelihood of success on the merits and irreparable harm, as the declaration "lack[s] probative value") (citations omitted).

## II. The Declarations Bolster Defendants' Position that No Class Should Be Certified and No Class-wide Relief Should Be Granted.

Even if the Court considers the declarations, they do not support Plaintiffs' motions and instead bolster Defendants' position that no class should be certified and a preliminary injunction should not be entered on behalf of thousands of service members. Rather, the declarations underscore that individualized questions predominate over common ones, making class certification inappropriate. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013); *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562

4

F. App'x 782, 789 (11th Cir. 2014). The declaration from Plaintiffs' counsel, for example, states that Plaintiffs seek to represent

> personnel in such diverse fields and specialties as artillery, aviation safety, air support control, administration, boatswains mate, chaplain, civil affairs, corpsman, crew chief, culinary specialist, cyber warfare operations, damage control, electronic warfare, emergency management, engineering, explosive ordnance disposal, flight nurse, imagery analyst, infantry officer, in-flight refueling, intelligence, logistics, marine science, medical, munitions inspection, nuclear propulsion, operations specialist, space operations officer, recruiter, security forces officer, SERE specialist, and special agent.

Mast Decl. ¶ 9. As the Government's declarations make clear, the Services' analyses of the compelling government interest and less restrictive means factors of RFRA are highly dependent upon a service member's occupation and job duties. *See* Bannister Decl. ¶¶ 15–24, ECF No. 42-1; Grant Decl. ¶¶ 6–15, ECF No. 42-2; Jeppe Decl. ¶¶ 14–19, ECF No. 42-3; Katson Decl. ¶¶ 11–16, ECF No. 42-4; Bazer Decl. ¶ 15, ECF No. 42-5; Crosland Decl. ¶¶ 9–10, 20–25, ECF No. 42-6. The necessarily individualized, fact-specific assessment of each service member's RFRA claim underscores that certification of a class is not appropriate.[3]

Moreover, the declarations reflect that many of the service members' claims are not yet ripe and that they have not yet exhausted administrative remedies, further underscoring that it would be inappropriate to grant class-wide relief. Navy Chaplain

---

[3] The declarations also call into question whether Plaintiffs are adequate representatives for the class and "'possess the same interest and suffer the same injury' as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011). For example, Lieutenant Colonel raises arguments concerning the Marine Corps' decision to deny his request for early retirement in fall 2021, alleging that the "retirement request process was predetermined for rejection" and that he has been injured by not receiving a "partially intact pension." Lt. Col. Decl. ¶¶ 8, 10, ECF No. 113-1. But Plaintiffs have not raised any claims related to denials of requests to retire in their pleadings, and do not suffer the same alleged injury as their class members.

2's initial request is still pending, and Navy LCDR's and TSGT RAWS Technician's appeals remain pending. *See* Navy Chaplain 2 Decl. ¶ 7; Navy LCDR ¶ 3; TSGT RAWS Technician Decl. ¶ 10. And although Plaintiffs' counsel claims in his declaration that "4 Coast Guard" members have "received final denials" on their religious exemption requests, Mast Decl. ¶ 6, in fact "the Coast Guard has not made a final adjudication of any appeal of an initial denial of a request for religious accommodation from the COVID-19 vaccine requirement." Ex. 1 (Decl. of Kelly Blackburn) ¶ 2.

## CONCLUSION

For the foregoing reasons and those set forth in the Government's prior briefs, the Court should disregard Plaintiffs' Notice and anonymous declarations, and deny Plaintiffs' motions for class certification and preliminary injunctive relief.

Dated:  March 4, 2022                              Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General | */s/ Courtney D. Enlow*<br>ANDREW E. CARMICHAEL<br>AMY E. POWELL<br>Senior Trial Counsel |
| ALEXANDER K. HAAS<br>Director, Federal Programs Branch | ZACHARY A. AVALLONE<br>COURTNEY D. ENLOW<br>R. CHARLIE MERRITT |
| ANTHONY J. COPPOLINO<br>Deputy Director | Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 616-8467<br>Email: courtney.d.enlow@usdoj.gov<br>*Counsel for Defendants* |