UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>        Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER PENDING
DECISION ON MOTION FOR PRELIMINARY INJUNCTION**

**RELIEF REQUESTED BY MARCH 12, 2022.**

Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), move the Court for an emergency temporary restraining order (TRO) to preserve the status quo ante for First Lieutenant Thomas Macik, United States Marine Corps, pending the Court's decision on Plaintiffs' Motion for Preliminary Injunction (Doc. 2) and Supplemental Memorandum and Renewed Motion for Preliminary Injunction. (Doc. 51). In support thereof, Plaintiffs show unto the Court as follows:

**INTRODUCTION**

In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are

otherwise not adequately protected by the hearing on November 15, 2021; and whose circumstances are for some singular reason markedly more acute than other members of the putative class." (Doc. 9 at 4.)

First Lieutenant Thomas Macik previously attempted to retain the undersigned counsel to represent him in this case, but was not successful because of the high demands on, and limited availability of, the undersigned counsel. Macik therefore proceeded to seek intervention and has moved the Court for relief on his own, and under his own name. (Docs. 93, 94, 96, 98, 126.) Now that Macik appears to be at the end of the road, and with the Defendants unwilling to grant him a reprieve from his forthcoming final separation—**as early as this Saturday, March 12, 2022**—the undersigned counsel have agreed to represent Macik and to assist in bringing his dire situation to the attention of the Court.

As demonstrated below, and in the Declaration of First Lieutenant Thomas Macik, U.S. Marine Corps (Doc. 94-2), and in the Supplemental Declaration in Support of the Motion to Intervene of First Lieutenant Thomas Macik, U.S. Marine Corps (Doc. 126) filed yesterday, March 7, Macik faces immediate and irreparable harm to his free exercise rights and his continued service in the United States Marine Corps, absent immediate injunctive relief from the Court. Prior to filing this motion, the undersigned counsel contacted Defendants' counsel to request that Defendants pause further adverse action against Macik, as they have recently agreed to do for one other TRO movant. (Doc. 123.) **Defendants have not agreed to any stay or reprieve for Macik**. Therefore, emergency, interim injunctive relief is necessary pending

2

determination of Plaintiffs' preliminary injunction motion. Plaintiffs did not seek, or invite any action requiring, their return to this Court for emergency relief, but Defendants' march toward final separation of all religiously unvaccinated service members continues unabated except by judicial intervention.

Two and a half months after Macik filed an appeal of the denial of his religious accommodation request, the Marine Corps denied his appeal and ordered him to receive a COVID-19 vaccine within 7 days, *i.e.*, by February 16. (Doc. 94-2, ¶ 11.) He was ordered to receive a separation physical, which was completed on February 28, 2022. (Doc. 126, ¶ 6.) **Three days later**, the Marine Corps served him with the "Notification of Recommendation for Administrative Separation" and a copy of the "Report of Misconduct" addressed to the Commandant of the Marine Corps. (Doc. 126 at ¶ 8 & Exs. M, N). Macik acknowledged receipt of these papers and requested to submit a response. (Doc. 126, ¶ 9 & Exs. O, P.)

Macik promptly requested an extension of the 10-calendar day deadline to submit a response to the Notification and the Report of Misconduct, but he has not received a response. On the contrary, he has been informed that the person who could review the request for an extension will likely not see it before March 11. (Doc. 126, ¶ 10 & Ex. Q.)

**Macik has exhausted all administrative remedies prior to his final separation from the Marine Corps**. The Marine Corps must allow 10 days for Macik to submit a written response or rebuttal, **but there is no obligation on the part of the Marine**

**Corps to respond, assuming that they in fact consider his rebuttal at all**. After that date (March 13 JST / March 12 EST), the paperwork is routed to be signed by two others, the Deputy Commandant for Manpower and Reserve Affairs and the Assistant Secretary of the Navy for Manpower and Reserve Affairs. When the latter signs, **the separation will be final, and Macik will be discharged from the Marines for misconduct**. (Doc. 126, ¶¶ 12–13.) He most likely will be discharged with a characterization of his service that will make him ineligible for educational assistance through the GI bill and may negatively affect his future employment. (Doc. 126, ¶ 8.)

## ARGUMENT

In addition to the argument below, Plaintiffs incorporate by reference the legal argument contained in their Motion for Preliminary Injunction (Doc. 2), Reply in Support (Doc. 30), and Supplemental Memorandum and Renewed Motion for Preliminary Injunction (Doc. 51), as well as the Court's analyses in its Preliminary Injunction and Order of February 18, 2022 (Doc. 111) and Order of March 2, 2022 (Doc. 122). As variously set forth therein, Defendants' refusal to consider or grant Macik's request for religious exemption and accommodation while granting thousands of similarly situated nonreligious exemptions violates the First Amendment and the Religious Freedom Restoration Act.

**I.     A TRO IS NEEDED TO PRESERVE THE STATUS QUO ANTE AND PREVENT IRREPARABLE INJURY PENDING THE COURT'S DECISION ON PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.**

"A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application . . . ." *United States v. DBB,*

*Inc.*, 180 F.3d 1277, 1282 n.5 (11th Cir. 1999); *see also Grasso v. Dudek*, No. 6:130cv01536-Orl-28GK, 2014 WL 12621193, at *2 (M.D. Fla. Jan. 6, 2014) ("In the Eleventh Circuit, TRO's are intended to protect against irreparable harm and to preserve the status quo until a decision on the merits can be made."); *Talib v. SkyWay Comms. Holding Corp.*, No. 8:05-cv-282-T-17TBM, 2005 WL 8160176, at *5 (M.D. Fla. Apr. 5, 2005) (same). (*See also* Doc. 67 at 8 (granting TRO for the "preservation of the status quo" while a decision on the preliminary injunction is pending).) Here, a TRO pending preliminary injunction is necessary to preserve the status quo ante and prevent immediate and irreparable harm that will occur for Macik **as early as March 12**.

### A. Macik Faces Immediate and Irreparable Deprivation of Free Exercise Rights in the Form of Final Involuntary Separation and Irreparable Career Damage.

Macik will suffer immediate and irreparable injury absent a TRO pending decision on Plaintiffs' preliminary injunction motion because he will suffer the irretrievable sacrifice of cherished First Amendment liberties. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("There can be no question that the challenged restrictions, if enforced, will cause irreparable harm. 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

While Defendants have repeatedly represented to this Court that the separation process is lengthy and usually takes months to complete, there has been no such delay in the handling of Macik's separation. He received the Notification of Recommendation for Administrative Separation and a copy of the Report of

Misconduct a mere **15 days** after the expiration of the time to receive the COVID-19 vaccine. At this time, the Marine Corps need only wait **4 more days** before forwarding the Recommendation and Report to be signed off by two superior officers, which will complete the final separation process.

      **B.**    **Only a TRO Pending Decision on Plaintiffs' Motion for Preliminary Injunction Can Preserve the Status Quo.**

In entering a TRO, "the court's task . . . is generally to restore, and preserve, the *status quo ante, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1193 (S.D. Fla. 2011) (cleaned up). Indeed, where—as here—"an irremediably deteriorating condition threatens to thwart the Court's ability to render a proper final judgment on the merits later, the Court must act to preserve or restore the vanishing status quo ante." *Schrank v. Bliss*, 412 F. Supp. 28, 34 (M.D. Fla. 1976).

Here, only an immediate TRO pending decision on Plaintiffs' preliminary injunction motion (Docs. 2, 51) can preserve the status quo ante. Absent immediate injunctive relief, Macik will suffer irreparable deprivation of his free exercise rights and irreparable damage to his military career. Indeed, Macik faces either "(1) a most-likely-unlawful deprivation of [his] accumulated status and standing in the United States military, as well as prospective advancement and benefits, or (2) deprivation of [his] constitutional and statutory rights to Free Exercise and the statutory right to receive a religious exemption . . . ." (Order, Doc. 67, at 9.)

## II. THE COURT SHOULD ISSUE THE TRO WITHOUT WAITING FOR ANY ADDITIONAL REPONSE FROM DEFENDANTS.

Pursuant to Rule 65(b)(1), the Court may issue the TRO if specific sworn facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This motion satisfies the requirements for issuance of a TRO without waiting for an additional response from Defendants. (Defendants have previously responded to Macik's pro se filings.)

On March 7, 2022, shortly after the filing of Macik's supplemental declaration setting forth the impending timeline for his final separation from the Marine Corps, Plaintiffs' counsel conferred by e-mail with counsel for Defendants, in accordance with the Court's October 18, 2021 Order (Doc. 9). Plaintiffs' counsel sought Defendants' agreement to pause the imminent adverse action against Macik, pending the Court's decision on Plaintiffs' preliminary injunction motion. As of the filing of this motion, Defendants have not agreed to any pause. Given the imminent and irreparable adverse action facing Macik as shown above and supported by his declarations (Docs. 94, 126), the Court should not request or wait for any further response from Defendants before entering the requested TRO.

## CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the

foregoing efforts made to confer with Defendants' counsel regarding the relief requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any response from Defendants prior to issuing the TRO.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*
