UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>　　　　　Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL
AND FOR IMMEDIATE ADMINISTRATIVE STAY**

Plaintiffs, pursuant to the Court's Order of March 2, 2022 (Doc. 122, the "Preface Order"), respond in opposition to Defendants' Emergency Motion for Stay Pending Appeal and for Immediate Administrative Stay (Doc. 118), which seeks an emergency stay of the Court's Preliminary Injunction and Order (Doc. 111, the "PI Order") pending Defendants' appeal to the Eleventh Circuit (Doc. 115).

## INTRODUCTION

When the Court did not grant Defendants' stay motion immediately, but instead "prescribe[d] an accelerated but reasonable time for the plaintiffs to respond and schedule[d] a hearing at which the parties can offer evidence, including live testimony, and both legal and factual argument on the merits of the defendants' motion" (Preface Order 9–10), Defendants ran to the Eleventh Circuit with the same request—an immediate stay. (Defs.' Not., Doc. 128, at 2.) The Eleventh Circuit also

declined to issue an immediate stay, and even declined expedited handling of the motion, instead ordering Plaintiffs to file their response on Monday, March 14—after the hearing in this Court but in accordance with the standard timeframe for appellate motions. (Order, No. 22-10645 (11th Cir. Mar. 7, 2022).) Thus rebuffed in their attempts to get an immediate stay or expedited consideration in the Eleventh Circuit, Defendants now want to avoid finishing what they started in this Court, notifying the Court today that they waive both evidence and oral argument in support of their motion and suggesting the hearing be canceled.

    Defendants obviously want to lose their stay motion in this Court—and they should. They failed to carry their burden in response to Plaintiffs' preliminary injunction motion (at least for Navy Commander's or Lieutenant Colonel 2's religious accommodation requests, if not for all Plaintiffs and class members), and they have given up carrying their burden on their own stay motion (not that they could). But running prematurely to the Eleventh Circuit does not excuse Defendants from the stay proceedings they initiated in this Court, and should not allow them to avoid the evidence Plaintiffs have diligently prepared to put into the record in opposition to the matters Defendants raised in their motion. Nor should Defendants' Eleventh Circuit gambit excuse them from appearing before the Court to "discuss at length and in detail the management and resolution of these actions" as the Court directed in its March 3 e-mail communication to counsel. Thus, the Court should deny Defendants' stay motion in any event, but should allow Plaintiffs to complete the record here before having to also respond to Defendants' stay motion in the Eleventh Circuit.

# ARGUMENT

As shown below, and as will be further shown at the March 10 hearing, Defendants cannot satisfy the governing standard for staying a preliminary injunction pending appeal:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313–14 (11th Cir. 2000) (same). "Considering that this test is so similar to that applied when considering a preliminary injunction, courts rarely stay a preliminary injunction pending appeal." *Dream Defs. v. DeSantis*, No. 4:21CV191-MW/MAF, 2021 WL 4099437, at *33 (N.D. Fla. Sept. 9, 2021). Neither Defendants' stale justiciability argument nor their patently pretextual "lost confidence" argument—already rejected by the Court in its PI Order and Preface Order—provide the "exceptional circumstances" necessary to justify a stay of the Court's PI Order. *See id.*

## I.     PLAINTIFFS' RFRA CLAIMS ARE JUSTICIABLE.

It is difficult to add to the Court's treatment of the justiciability issue in its PI Order (Doc. 111) and Preface Order (Doc. 122), or to the Fifth Circuit's apposite justiciability analysis in *U.S. Navy Seals 1–26 v. Biden*, No. 22-10077, 2022 WL 594375 (5th Cir. Feb. 28, 2022) [*Navy Seals*], which the Court endorsed in its Preface Order

(Doc. 122 at 17–18). As both this Court and the Fifth Circuit concluded, RFRA—enacted by a bipartisan Congress and signed by President Clinton in 1993—makes Plaintiffs' free exercise claims justiciable as a matter of law.[1] (PI Order, Doc. 111, at 29–31; Preface Order, Doc. 122, at 4–11; *Navy Seals*, 2022 WL 594375, at *7.)

## II. DEFENDANTS ARE UNLIKLY TO SUCCEED ON THE MERITS BECAUSE THEY CANNOT CARRY THEIR RFRA BURDEN.

*"With current high levels of vaccination and high levels of population immunity from both vaccination and infections, the risk of medically significant disease, hospitalization, and death from COVID-19 is greatly reduced for most people."*[2]

*"'So, it's coming and going all the time, very small numbers, and really no [Navy] operational impact . . . . And the teams are just very, very attuned to watching their indications and reacting to it.'"*[3]

### A. Defendants' medical evidence is stale and inaccurate, and fails to identify any marginal risk of allowing a particular unvaccinated service member to perform his or her duties.

As the Court has already explained, it is Defendants' burden to prove that denying any religious accommodation or, more specifically, "vaccinating Navy Commander or Lieutenant Colonel 2 over their religious objection, that is, athwart the

---

[1] Plaintiffs' First Amendment claims are just as justiciable as their RFRA claims, under any justiciability analysis, but because RFRA provides greater free exercise protection than the First Amendment and was the focus of the Court's PI Order, it must necessarily be the focus of Plaintiffs' response to Defendants' stay motion.

[2] CDC, COVID-19 Community Levels (Mar. 3, 2022), https://www.cdc.gov/coronavirus/2019-ncov/science/community-levels.html.

[3] Diana Stancy Correll, *Omicron isn't significantly impacting Navy operations, admiral says*, Navy Times (Jan. 27, 2022), https://www.navytimes.com/news/your-navy/2022/01/27/omicron-isnt-significantly-impacting-navy-operations-admiral-says/ (quoting Vice Admiral William Merz, Deputy Chief of Naval Operations for Operations, Plans and Strategy).

right of each to the free exercise of religion, is 'the least restrictive means of furthering that compelling governmental interest.'" (Preface Order, Doc. 122, at 14; PI Order, Doc. 111, at 35 (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429–430 (2006)).) And as the Court has already concluded, despite the bulk of Defendants' numerous declarations, they contain stale, generalized numbers that do not address the specifics of any Plaintiff's religious accommodation request. (Preface Order, Doc. 122, at 15–17.) In other words, Defendants' evidence fails to answer "the question that RFRA burdens the defendants to answer." (*Id.* at 17.)

Moreover, at the general, force-wide level where Defendants insist on litigating, the military's own admissions refute any need for mandatory universal vaccination. For example, in an e-mail to the over 18,000 service members under his command, U.S. Army General James H. Dickinson, Commander of U.S. Space Command,[4] adopted the latest CDC position that, "[w]ith high levels of population immunity from both vaccinations and infections, the risk of medically significant disease, hospitalization, and death from COVID-19 has been greatly reduced." (A copy of the e-mail communication is attached hereto as Exhibit A (quoting CDC, COVID-19 Community Levels (Mar. 3, 2022), https://www.cdc.gov/coronavirus/2019-ncov/science/community-levels.html); *see also* Pls.' Ex. List, Doc. 129-2, Ex. No. 2.)

---

[4] U.S. Space Command, *Gen James H. Dickinson*, https://www.spacecom.mil/Leaders/Bio/Article/2329436/gen-james-h-dickinson/ (last visited March 8, 2022) ("He exercises combatant command authority over 18,000 Soldiers, Marines, Sailors, Airmen, and Guardians . . . .").

Thus, without acknowledging or identifying the rapidly diminishing rate of severe illness and hospitalization from COVID-19 for all, any argument by Defendants' that the unvaccinated are more likely to suffer severe illness or hospitalization lacks necessary context—a multiple of an exceedingly small number is still an exceedingly small number.

As another example, in January the *Navy Times* quoted Vice Admiral William Merz, Deputy Chief of Naval Operations for Operations, Plans and Strategy, disclaiming any disruption of Navy operations by the most recently prevalent Omicron variant: "'So, it's coming and going all the time, very small numbers, and really no operational impact . . . . And the teams are just very, very attuned to watching their indications and reacting to it.'" Diana Stancy Correll, *Omicron isn't significantly impacting Navy operations, admiral says*, Navy Times (Jan. 27, 2022) https://www.navytimes.com/news/your-navy/2022/01/27/omicron-isnt-significantly-impacting-navy-operations-admiral-says/; *see also Navy Seals*, 2022 WL 594375, at *9 (quoting same). In the absence of any operational impact on the Navy from COVID-19 in January, despite the ongoing service of thousands of unvaccinated sailors, Defendants cannot argue that allowing any Plaintiff to continue serving without vaccination will have an operational impact.

At the March 10 hearing, Plaintiffs intend to put on witnesses—military physicians—who will testify further to the lack of necessity, safety, and efficacy of the COVID-19 vaccines available to service members. (Pls. Witness List, Doc. 129-1.) While Plaintiffs concede, at the most general level, that the government has a

compelling interest in the health and safety of the military, Plaintiffs do not concede any compelling interest in universal or widespread COVID-19 vaccination. Plaintiffs agree with the Court that Defendants cannot carry their RFRA burden even by proving safety and efficacy of COVID-19 vaccines as a general matter (Preface Order, Doc. 122, at 14), and that Plaintiffs do not need to prove the converse to prevail. But Plaintiffs nonetheless intend to support their claims by proving the lack of necessity, safety, and efficacy of the vaccines, putting even more distance between Defendants' claimed government interest and the permissibility under RFRA of achieving it with mandatory vaccination.

### B. "Nondeployable" and "Lost Confidence" are code words for a blanket, pretextual policy of denying religious accommodation requests under the guise of individualized determinations.

By adopting a blanket policy of nondeployability of unvaccinated service members, the military can feign individualized denials of religious accommodation requests. (Mot., Doc. 118, *passim*.) But Defendants have never demonstrated how the determination of who is deployable belongs to anyone other than the military. (*Cf.* Pls.' Second Suppl. Mem. Supp. Mot. Prelim. Inj., Doc. 104 ("Defendants have not introduced record evidence showing that the United States Armed Forces' deployment decisions are subject to the local laws of foreign countries in which they operate and, therefore, have not met their burden of justifying the burdening of Plaintiffs' religious exercise with a universal vaccine mandate.").) "RFRA demands much more than deferring to officials' mere say-so that they could not accommodate a plaintiff's religious accommodation request." *Navy Seals*, 2022 WL 594375, at *11. (Preface

7

Order, Doc. 122, at 17.) Defendants cannot carry their RFRA burden without proving why any particular Plaintiff cannot be deployed as a basis for denial of a religious accommodation.

No less pretextual but more pernicious, Defendants' now revealed blanket policy of "lost confidence" for all service members who do not comply with a final vaccination order despite the pendency of justiciable legal challenges to such orders—even despite having obtained a preliminary injunction against enforcement of such orders—cannot survive RFRA strict scrutiny requiring individualized determinations. (Mot., Doc. 118, at 15–17.) The military's feigned "lost confidence" in Navy Commander and Lieutenant Colonel 2 is patently pretextual and has everything to do with their lawful and orderly attempt to obtain judicial relief from an unconstitutional and illegal mandate. The military's claiming "lost confidence" in service members for no other reason than their "disobeying" a final shot order pursuant to a federal court injunction vindicating their free exercise rights amounts to a military *coup d'état* against the coequal branches of the United States Government that enacted and interpreted RFRA according to their respective constitutional authorities.

### III. DEFENDANTS CANNOT SATISFY THE REMAINING REQUIREMENTS FOR A STAY PENDING APPEAL.

For the reasons already addressed by the Court in its PI Order and Preface Order, and to be further addressed at the March 10 hearing, Defendants cannot satisfy the remaining requirements for a stay pending appeal.

## CONCLUSION

For the foregoing reasons, supported by the evidence and argument to be presented at the March 10 hearing, the Court should deny Defendants' stay motion.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*