UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                                   CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, et al.,

    Defendants.
_____/

**ORDER**

The defendants move (Doc. 118) for a stay pending an appeal from a preliminary injunction. The plaintiffs oppose (Doc. 132) the stay. An evidentiary hearing occurred on March 10, 2022.

In a brief time in this action, the participants have spoken and written much, and much confusion has arisen. As a part of that confusion and in zealously pressing their respective objectives, the parties might attribute to a court order an interpretation that strays from the words and the purpose of the order and that strays from the understanding and purpose of the judge who entered the order.[*]

---

[*] The problems of meaning and interpretation are aggravated by the frailty of words as a means both to convey a writer's intended message and to exclude an unintended message. In the difficult task of fashioning an injunction, the drafting problem is compounded by unforeseen and changing circumstances and, as the facts, the law, and the issue are refined, by an evolving understanding of the parties' dispute.

But a tranquil resort to the basics will mitigate the confusion, including confusion between (1) a preliminary injunction (the injunction in this action) preventing vaccination and discipline and preventing retaliation for the exercise of statutory rights under RFRA and (2) a preliminary injunction (not the injunction in this action) preventing the normal and lawful exercise of military command.  The February 18, 2022, preliminary injunction (Doc. 111 at 47) states:

> The motion (Doc. 60) is **GRANTED**, and the defendants are **PRELIMINARILY ENJOINED** (1) from enforcing against Navy Commander and Lieutenant Colonel 2 any order or regulation requiring COVID-19 vaccination and (2) from any adverse or retaliatory action against Navy Commander of Lieutenant Colonel 2 as a result of, arising from, or in conjunction with Navy Commander's or Lieutenant Colonel 2's requesting a religious exemption, appealing the denial of a request for a religious exemption, requesting reconsideration of the denial of a religious exemption, or pursuing this action or any other action for relief under RFRA or the First Amendment.

The operative language of the preliminary injunction is direct and specific. Pending resolution of the pending RFRA claims, the preliminary injunction narrowly and specifically protects Navy Commander and Lieutenant Colonel 2 (1) from enforcement of an order to either accept vaccination or undergo discipline, including possible separation from service, and (2) from any adverse action that is retaliatory. Any interpretation to the contrary is wrong, including the interpretation advanced at the March 10, 2022 hearing that the preliminary injunction precludes, in all circumstances, consideration of vaccination status.  (The balance of this order addresses only retaliation, the question that is the source of the present motion.)  Consistent with the preliminary injunction, the defendants remain at liberty to issue commands,

assignments, orders, and the like in the normal course of business, including an order directed to Navy Commander or Lieutenant Colonel 2 (although a later order might determine that some adverse action, although not constituting retaliation, failed in violation of RFRA to reasonably accommodate the lack of vaccination by relaxing, suspending, or waiving the pertinent order, rule, regulation, or other requirement, such as the status of "deployable," which is a restriction the military imposes on itself). In other words, if the Navy has a non-retaliatory reason to re-assign Navy Commander, the injunction remains indifferent to that non-retaliatory exercise of command authority. If the Navy issues an order that Navy Commander believes is retaliatory and contrary to the preliminary injunction, Navy Commander can move in the district court for, as RFRA provides, "an appropriate remedy." As the statute suggests, RFRA is remedial and not punitive; the statute contemplates a "make whole" remedy, not contempt. In this action and in others, the familiar mechanics (nothing more, nothing less) of managing a preliminary injunction apply.

The narrow protection offered Navy Commander and Lieutenant Colonel 2 by the preliminary injunction offers the least restrictive means available to ensure the meaningful review and to secure the fundamental rights explicitly protected by RFRA. If the defendants can retaliate at will and with impunity against a RFRA claimant, the reason for RFRA is eviscerated and the explicit congressional purpose for RFRA is wholly thwarted. (RFRA's purpose is discussed thoroughly in Doc. 111 at 16–29 and in Doc. 122 at 3–8).

Typically, a proceeding triggered by a preliminary or a permanent injunction occurs after the motion of a party asserting either a violation of the injunction or asserting a need for a modification or clarification of an injunction (such as, whether a particular action offends the injunction). In this action and contributing much to the present flurry of activity, neither party moved for enforcement, modification, or clarification.

Instead, at the hearing that resulted in the preliminary injunction, the plaintiffs presented the testimony of Navy Commander and Lieutenant Colonel 2. The defendants offered no live testimony and no deposition. Rather, the defendants offered a last-minute declaration from Navy Commander's executive officer aiming to establish that Navy Commander in recent days had lied to his commanding officer, that because of the alleged lies the Navy had "lost confidence" in his ability to command, and that Navy Commander's immediate removal from his command was warranted. But credibility issues about the declarations were created by the timing of the un-cross-examined declarations, by the well-known risk of command influence, and by the declarations' supplying a handy and putatively neutral reason for removing Navy Commander from his command at a critical moment amidst his effort to assert under RFRA a religious exemption from vaccination. Additionally, the declarations were offered to negate live, cross-examined, and credible testimony.

Recognizing that an un-cross-examined declaration (in this instance, from declarants under the immediate and exclusive command of the proffering party) should rarely, if ever, overcome live and credible testimony, the preliminary injunction

- 4 -

remarks (Doc. 111 at 12, n. 3) the need for further proceedings to reconcile the conflict between the testimony of Navy Commander and the content of the declarations. As the order states:

> A determination of the credibility of the statements in the [declarations]—examination is necessary in this circumstance to permit assessment of, among other things, the extent to which 'command influence' might have affected the presence or content of the [declarations].

Without waiting for a hearing, along with the "live testimony and further exploration" available at a hearing, the defendants moved in the district court for an "immediate administrative stay," which was denied in an order that scheduled a March 10, 2022 evidentiary hearing.

Although the March 10 hearing resulted in the defendants' offering no testimony, live or otherwise, to support the claim that the Navy's alleged "loss of confidence" is bona fide and not retaliatory, the hearing identified a possible ambiguity — not an ambiguity in the preliminary injunction (Doc. 111) but an ambiguity in the order (Doc. 122) denying the "emergency administrative stay." First, on page eleven, the order responds to the assertion, lodged in the circuit court of appeals by the defendants, that the preliminary injunction usurps authority over both "composing, training, equipping, or otherwise controlling the military" and "assigning, promoting or demoting" military personnel. (The preliminary injunction neither undertakes nor accomplishes anything of the sort.) The next two sentences of the order note that the order merely preserves against retaliation the status quo — the assignments, promotion, and the rest — which was awarded by the defendants and not by the court. The

last sentence of the first full paragraph on page eleven clarifies any ambiguity in the preceding sentences:

> As an interim "appropriate remedy," the preliminary injunction prevents an adverse action by the military against Navy Commander and Lieutenant Colonel 2 based on their resort to the court in an effort to acquit their statutory rights under RFRA.

The first sentence of the final paragraph on page eleven (Doc. 122 at 11) might create an ambiguity, but only if read in isolation from the preliminary injunction, without regard to the balance of the order, and without consideration of, or without knowledge of, the usual and available mechanics of enforcing an injunction. In brief, an enjoined party who wants to undertake some action but who is subject to an injunction has, in general, three options. Forbear the action; either undertake the action either confident that the action is not athwart the injunction or undertake the action at risk of the consequences of violating the injunction; or move for clarification, modification, or the like to vindicate (or not) the proposed activity in advance.

In accord with the third option, the first sentence of the final paragraph on page eleven (Doc. 122 at 11) states:

> If the military has a non-retaliatory reason for some adverse action against Navy Commander and Lieutenant Colonel 2, the military can move for a modification of the injunction, which is always an option for a party subject to a preliminary, or even a permanent, injunction.

This sentence, self-classified as an "option," was intended as a reminder or a suggestion or a reassurance to the military that, as an alternative to forbearing an action or undertaking an action at risk of running afoul of the injunction, the district court was available for a prompt resolution. In sum, like any other litigant, the

military can forbear the proposed action, either undertake the action confident that the action is not athwart the injunction or undertake the action at risk of the consequences of violating the injunction, or move for clarification, modification, or the like to "clear," or otherwise allow for, the proposed action in advance.

In this instance, because the preliminary injunction permits the re-assignment or the like of Navy Commander and Lieutenant Colonel 2 for a non-retaliatory reason (although RFRA might require a reasonable accommodation) but prohibits re-assignment or the like for a retaliatory reason, the defendants remain free to re-assign Navy Commander and Lieutenant Colonel 2 or to forbear re-assignment, in either case without a motion in court, or to move in court for a determination in advance. The court remains open to Navy Commander or Lieutenant Colonel 2 (1) to move for an "appropriate remedy" if some adverse and retaliatory measure is directed toward either or (2) to move to protect a failure to reasonably accommodate.

## CONCLUSION

The motion (Doc. 118) is **DENIED**. I continue to credit the testimony of Navy Commander and Lieutenant Colonel 2 because the testimony was and is credible and persuasive and because, despite two opportunities, the defendants have offered no live testimony to rebut either. I persist in the rulings in the preliminary

injunction (Doc. 111) and the order denying the "emergency administrative stay." (Doc. 122)

ORDERED in Tampa, Florida, on March 11, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE