# Exhibit 7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD CROSBY, et al.,

    Plaintiffs,

v.                                                   Case No. 8:21-cv-2730-TPB-CPT

LLOYD AUSTIN, III, et al.,

    Defendants.
_____/

**ORDER**

    This matter is before the Court *sua sponte*. The Court conducted a hearing on February 11, 2022, to address a pending motion for preliminary injunction. As part of this hearing, the Court raised venue and joinder concerns with the parties. Having carefully considered the issues, the Court finds as follows:

    In this action, fifteen named Plaintiffs, from five different military services, challenge the U.S. military's covid-19 vaccine mandate.[1] These challenges fall into four broad categories: (1) religious objections; (2) objections due to pre-existing health concerns such as cancer, (3) objections arising from previous documented covid-19 infections, and (4) objections due to the alleged unavailability of FDA-licensed vaccines. Some of the fifteen Plaintiffs have just one of the objections previously noted, and some have multiple objections. All but one of the fifteen Plaintiffs assert

---

[1] Six Plaintiffs are serving in the U.S. Air Force, four in the U.S. Navy, two in the Marine Corps, two in the Army, and one in the Coast Guard.

objections based on religion.[2]  Two of the fifteen Plaintiffs assert objections based on pre-existing health concerns.  Eight of the fifteen Plaintiffs assert objections based on documented previous covid-19 infections.  One of the Plaintiffs asserts an objection based on the alleged unavailability of FDA-licensed vaccines.

Only one of the Plaintiffs has anything to do with the Middle District of Florida – Plaintiff Crosby is currently deployed with the Army in Texas, but he is domiciled in Brandon, Florida, which is located within the Middle District of Florida.  Another of the Plaintiffs, Severson, is currently deployed in Virginia and domiciled in Milton, Florida, but Milton is located in the Northern District of Florida.  The remaining Plaintiffs are domiciled and/or deployed in places throughout the United States including Texas, Kansas, Michigan, Nevada, Georgia, North Carolina, New Jersey, California, Ohio, Nebraska, Kentucky, Pennsylvania, and Hawaii.

This case was not filed as a class action.  Individuals may join in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  Even if the requirements of Rule 20 are satisfied, a court enjoys

---

[2] A putative class action concerning religious objections to the U.S. military's covid-19 vaccination mandate is presently pending before another judge in this district.  That case, if allowed to proceed as a class action, may include the individual Plaintiffs in the matter currently before this Court as class members  *See Navy SEAL 1 v. Lloyd Austin*, 21-cv-2429 (M.D. Fla., complaint filed 10/15/21).

considerable discretion to sever claims in the interests of judicial economy. *Torres v. Bank of America*, No. 8:17-cv-1534-T-26TBM, 2017 WL 10398671, at *1 (M.D. Fla. Oct. 6, 2017); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) ("[D]istrict courts enjoy equally broad discretion to sever parties based on misjoinder."). Under Rule 21, Fed. R. Civ. P., courts consider the following factors in determining whether to sever claims: "(1) the interest of avoiding prejudice and delay; (2) ensuring judicial economy; (3) safeguarding principles of fundamental fairness; and (4) whether different witnesses and documentary proof would be required for plaintiffs' claims." *Torres*, 2017 WL 10398671, at *2.

After careful consideration, the Court finds that severance in this case is appropriate. There are substantial factual differences among Plaintiffs' claims. As such, even if the fifteen Plaintiffs here satisfy the two-prong test for joinder, the differences between their claims are too numerous to promote judicial economy. Furthermore, it is clear that resolution of many of these claims – such as the religious claims – would require a separate analysis and involve different proof and different witnesses, located in various places across the country. Under these factual circumstances, the Court finds that severance, rather than joinder, of Plaintiffs' claims is necessary to promote judicial efficiency.

Because misjoinder of parties is not grounds for dismissal of an action, the Court severs the claims of all parties, except for Mr. Crosby, the first-named Plaintiff and the only Plaintiff that has any connection to the Middle District of Florida. Therefore, the parties with severed claims are dismissed without prejudice and may, if they choose, refile their claims in appropriate venues. *See In re Seroquel Prod. Liab.*

*Litig.*, No. 606MD-1769-ORL-22DAB, 2007 WL 737589, at *3 (M.D. Fla. Mar. 7, 2007); *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) All claims, other than those alleged by the first-named Plaintiff, Howard Crosby, are hereby **SEVERED** and **DISMISSED WITHOUT PREJUDICE**, and may be commenced in separate individual actions in appropriate venues.

(2) The Clerk is directed to terminate all Plaintiffs other than Howard Crosby as parties to this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd day of February, 2022.

                                               **TOM BARBER**
                                               **UNITED STATES DISTRICT**
                                               **JUDGE**