# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) )  No. 8:21-cv-2429-SDM-TGW |

## PLAINTIFFS' VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), move the Court for an emergency temporary restraining order (TRO) to preserve the status quo ante for 22 United States Armed Forces service members, comprising 1 named Plaintiff and 21 putative class members (collectively, the "22 Service Members"), pending the Court's decision on Plaintiffs Motion for Preliminary Injunction (Doc. 2).[1] In support thereof, Plaintiffs show unto the Court as follows:

---

[1]     Plaintiffs previously filed three emergency TRO motions for different service members (Docs. 60, 121, 130), one of which (Doc. 60) resulted in a TRO (Doc. 67) and preliminary injunction (Doc. 111), while the other two remain pending (Docs. 121, 130).

**INTRODUCTION**

In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are otherwise not adequately protected by the hearing on November 15, 2021; and whose circumstances are for some singular reason markedly more acute than other members of the putative class." (Doc. 9 at 4.) As demonstrated below and in the attached exhibits, the 22 Service Members face immediate and irreparable harm to their free exercise rights and military careers absent immediate injunctive relief from this Court. Emergency, interim injunctive relief is necessary pending determination of Plaintiffs' preliminary injunction motion. Plaintiffs did not seek or invite returning to this Court for emergency relief, but Defendants have nevertheless placed the 22 Service Members in need of immediate and emergency relief. **Each of the 22 Service Members has received his or her final religious accommodation (RA) appeal denial and order to be vaccinated against conscience or face immediate consequences**. Immediate relief is necessary because those consequences begin as early as today, **March 23, 2022**.

Following is a table identifying, for each of the 22 Service Members, the service member's name (in pseudonym), individual circumstances justifying immediate relief, and corresponding attached exhibit comprising the service member's RA appeal denial packet:

| Ex. | Name and Circumstances |
|---|---|
| A | LANCE CORPORAL ADMINISTRATIVE SPECIALIST, United States Marine Corps, received the final denial of her RA appeal on December 27, 2021, and was ordered to be COVID-19 vaccinated. She has been informed that **she will be separated by March 24, 2022** for failure to receive COVID-19 vaccination against her religious beliefs. |
| B | CAPTAIN, United States Marine Corps, has been ordered to receive the COVID-19 vaccine **by March 23, 2022** or face immediate disciplinary proceedings to include punitive and/or administrative action. CAPTAIN will be placed on the Officer Disciplinary Notebook (ODN) as of March 23, 2022. |
| C | STAFF SERGEANT, United States Marine Corps, has been given an order to receive the COVID-19 vaccine by **March 25, 2022** or face immediate disciplinary proceedings to include punitive and/or administrative action, including action for violation of Article 92 of the UCMJ. |
| D | Plaintiff COLONEL FINANCIAL MANAGEMENT OFFICER, United States Marine Corps, has been informed that **he will receive his administrative separation orders on Friday, March 25, 2022**. |
| E | CAPTAIN, United States Air Force, received a final denial of his religious accommodation request and appeal on February 20, 2022, and was given a five-day order to receive the COVID-19 vaccine or face immediate discipline, which can now occur at any time. |
| F | MAJOR 1, United States Air Force, has been informed that his failure to accept or receive the COVID-19 vaccine is a violation of a lawful order and that any day he could receive immediate discipline, including UCMJ and/or adverse administrative action up to and including separation from the Air Force Reserve. MAJOR 1 has been informed that his Letter of Reprimand (LOR) is forthcoming, and that he will be immediately placed on IRR as soon as it is received, which will begin the separation process for him. |

| Ex. | Name and Circumstances |
|---|---|
| G | MAJOR 2,<br>United States Air Force, received a final denial of his religious accommodation request and appeal on February 12, 2022, and was given a five-day order to receive the COVID-19 vaccine or face immediate discipline, which can now occur at any time. |
| H | STAFF SERGEANT,<br>United States Air Force, received the final denial of her religious accommodation appeal on March 3, 2022, and on March 14 was provided a written order to receive the vaccine by March 19, 2022. STAFF SERGEANT was informed that failure to comply by the deadline will be considered violation of a lawful order and will result in "administrative and/or punitive action for Failing to Obey and Order under Article 92 of the Uniform Code of Military Justice." |
| I | TECH SERGEANT,<br>United States Air Force, received the final denial of her religious accommodation appeal on February 10, 2022, and was ordered to receive the COVID-19 vaccine by February 22, 2022. TECH SERGEANT did not receive the COVID-19 vaccine on February 22, and on March 2, 2022 was issued a written Letter of Reprimand for refusal to obey an order, a copy of which was placed in her Unfavorable Information File. TECH SERGEANT is subject to imminent disciplinary action for her alleged failure to follow a direct order. |
| J | LIEUTENANT COLONEL 1,<br>United States Air Force Reserve, received the Air Force's final denial of his religious accommodation appeal on February 28, 2022 and was ordered to receive the COVID-19 vaccine within five days. LIEUTENANT COLONEL 1 is subject to imminent discipline and separation proceedings for an alleged failure to follow a lawful order. |
| K | LIEUTENANT COLONEL 2,<br>United States Air Force Reserve, received the Air Force's final denial of his religious accommodation appeal on February 25, 2022 and was ordered to receive the COVID-19 vaccine within five days. LIEUTENANT COLONEL 2 is subject to imminent discipline and separation proceedings for an alleged failure to follow a lawful order. |

| Ex. | Name and Circumstances |
|---|---|
| L | MAJOR,<br>United States Air Force Reserve, received the Air Force's final denial of his religious accommodation appeal on February 25, 2022, and on March 12 was ordered to receive the COVID-19 vaccine within five days. MAJOR was informed that failure to comply with the order would result in "administrative and/or punitive action for Failing to Obey and Order under Article 92, Uniform Code of Military Justice and transfer to the IRR." MAJOR is subject to imminent discipline and separation proceedings for an alleged failure to follow a lawful order. |
| M | STAFF SERGEANT,<br>United States Air Force Reserve, received the Air Force's final denial of his religious accommodation appeal on March 3, 2022, and on March 10 was ordered to accept or receive the COVID-19 vaccine within five days. STAFF SERGEANT was informed that failure to comply with the order would result in "administrative and/or punitive action for Failing to Obey and Order under Article 92, Uniform Code of Military Justice and transfer to the IRR." STAFF SERGEANT is subject to imminent discipline and separation proceedings for an alleged failure to follow a lawful order. |
| N | LIEUTENANT,<br>United States Navy, received a final denial of his religious accommodation request on March 14, 2022, and was provided an Administrative Remarks form containing a "COVID-19 Vaccination Refusal Counseling/Warning" stating "you are considered a COVID-19 persistent vaccine refuser and have disobeyed a lawful order." LIEUTENANT faces imminent discipline and separation from the United States Navy. |
| O | LIEUTENANT COMMANDER 1,<br>United States Navy, has received a final denial of his religious accommodation appeal and has been informed that failure to accept or receive a COVID-19 vaccine will result in immediate discipline and separation from the United States Navy. LIEUTENANT COMMANDER 1 has been informed that he may accept the COVID-19 vaccine or submit a request to retire or resign effective May 31, 2022. Failure to accept the vaccine or submit for retirement will result in a letter of misconduct that initiates the separation process and makes him ineligible for retirement benefits. |

| Ex. | Name and Circumstances |
|---|---|
| P | LIEUTENANT COMMANDER 2, United States Navy, has been brought before his command for a Fitness Report and Counseling Record, in which he was determined to be unfit and not deployable solely for seeking a religious accommodation from the COVID-19 vaccine requirement, and he anticipates the imminent commencement of administrative separation proceedings. |
| Q | HOSPITAL CORPSMAN FIRST CLASS, United States Navy, received a final denial of his religious accommodation appeal and an order to receive the COVID-19 vaccine or face imminent disciplinary proceedings and separation. |
| R | LIEUTENANT COLONEL, United States Space Force, received a final denial of his religious accommodation appeal on March 11, 2022, and was ordered to receive a COVID-19 vaccine by March 17, 2022. He was advised that his failure to receive the vaccine "may result in administrative and/or punitive action for Failing to Obey an Order under Article 92, Uniform Code of Military Justice," which action may now occur at any time. |
| S | LIEUTENANT COMMANDER, United States Navy Reserve, received the final denial of his religious accommodation appeal on March 14, 2022 and was ordered to receive the COVID-19 vaccine within five days. LIEUTENANT COMMANDER faces imminent discipline and separation for his failure to receive the vaccine. |
| T | LIEUTENANT COLONEL, United States Air Force, received the final denial of his religious accommodation appeal on March 14, 2022 and was ordered to receive the COVID-19 vaccine within five calendar days. LIEUTENANT COLONEL has been informed that "[f]ailure to comply with this lawful order may result in administrative and/or punitive action for Failing to Obey an Order under Article 92, Uniform Code of Military Justice." LIEUTENANT COLONEL faces imminent disciplinary and separation proceedings that can be initiated at any time. |

| Ex. | Name and Circumstances |
|-----|------------------------|
| U | ROTC MIDSHIPMAN, United States Navy, received a final denial of his religious accommodation appeal on March 8, 2022 and was given five days to receive a COVID-19 vaccine. On March 16, 2022 he was informed that he had been placed on interim leave of absence and that a performance review board will be scheduled. His tuition payments have been suspended, and he has been informed that his imminent performance review board may result in disenrollment. |
| V | MSGT OSI AGENT, United States Air Force, received a final denial of his religious accommodation appeal on January 21, 2022. His commander gave him a direct order to get COVID-19 vaccinated on February 3, 2022, and then again on February 17, 2022, both of which resulted in a Letter of Reprimand (LOR) because he did not get vaccinated. On March 1, 2022, his commander recommended him for demotion for failing to comply with the commander's vaccination orders, and threatened him with still "further administrative and/or Uniform Code of Military Justice actions" for continuing to conscientiously object to vaccination, which threat the commander repeated on March 7, 2022 ("I respect how you are comporting yourself, and I have no doubt it will continue, but you must follow the orders you have been given or you can face further administrative or UCMJ action."). The Air Force demotion authority determined that demotion was appropriate on March 21, 2022. MSGT OSI AGENT's appeal of the demotion is pending. MSGT OSI AGENT is just 8 months short of 20 years of faithful and highly decorated active duty service, and the punitive demotion and imminent further punishment threatened by his commander both jeopardize his current approved retirement date of November 30, 2022 (with terminal leave to begin on or about July 15, 2022) by potentially depriving him of retirement through punitive separation or further depriving him of rank at the time of retirement. |

## ARGUMENT

In addition to the argument below, Plaintiffs incorporate by reference the legal argument contained in their Motion for Preliminary Injunction (Doc. 2), Reply in Support (Doc. 30), Supplemental Memorandum and Renewed Motion for Preliminary

Injunction (Doc. 51), and Second Supplemental Memorandum in Support of Motion for Preliminary Injunction (Doc. 104), and rely on the supplemental declarations and notices of supplemental authority filed in support of classwide preliminary injunctive relief (Docs. 82, 95, 100, 113). As set forth therein, Defendants' refusal to consider or grant Plaintiffs' requests for religious exemption and accommodation while granting thousands of similarly situated nonreligious exemptions violates the First Amendment and the Religious Freedom Restoration Act.

I.    **A TRO IS NEEDED TO PRESERVE THE STATUS QUO AND PREVENT IRREPARABLE INJURY PENDING THE COURT'S DECISION ON PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.**

"A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application." *United States v. DBB, Inc.*, 1282 n.5 (1999); *see also Grasso v. Dudek*, No. 6:130cv01536-Orl-28GK, 2014 WL 12621193, at *2 (M.D. Fla. Jan. 6, 2014) ("In the Eleventh Circuit, TRO's are intended to protect against irreparable harm and to preserve the status quo until a decision on the merits can be made."); *Talib v. SkyWay Comms. Holding Corp.*, No. 8:05-cv-282-T-17TBM, 2005 WL 8160176, at *5 (M.D. Fla. Apr. 5, 2005) (same). (*See also* Doc. 67 at 8 (granting TRO for the "preservation of the status quo" while a decision on the preliminary injunction is pending).) Here, a TRO pending preliminary injunction is necessary to preserve the status quo and prevent immediate and irreparable harm that will occur for the 22 Service Members beginning **on March 23, 2022**, and continuing on March 24, March 25, and thereafter.

A. **The 22 Service Members Face Immediate and Irreparable Deprivation of Free Exercise Rights in the Form of Involuntary Separation and Irreparable Career Damage.**

The 22 Service Members will suffer immediate and irreparable injury absent a TRO pending decision on Plaintiffs' preliminary injunction motion, or individualized preliminary injunctive relief, because they will suffer the irretrievable sacrifice of cherished rights to free exercise under the First Amendment and RFRA. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("There can be no question that the challenged restrictions, if enforced, will cause irreparable harm. 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Indeed, as this Court already held, "[t]he pertinent precedents (and a fair empathy for the conscience of the sincere religious objector) suggest that in a Free Exercise Clause claim the initial episode of denial of free exercise causes irreparable harm . . . ." (Order, Doc. 40, at 30.) Indeed, as the Court held, "[r]equiring a service member either to follow a direct order contrary to a sincerely held religious belief or to face immediate processing for separation or other punishment undoubtedly causes irreparable harm." (Order, Doc. 111, at 45.)

The 22 Service Members all submitted RA requests based on their sincerely held religious objections to COVID-19 vaccination. (*See* Exs. A–V.) Their respective military branches denied their RAs and RA appeals, and issued orders to be vaccinated or face imminent discipline, administrative and punitive action, separation, and proceedings under Article 92 of the Uniform Code of Military Justice. But not one of

the 22 Service Members received an individualized determination of his or her RA request or appeal, all of them receiving instead generalized, boilerplate, form-letter denials that have become familiar to this Court, "predicat[ing] [the 22 Service Members'] denial[s] on a broadly articulated interest in 'the health and safety of the force' and on the assertion that broadly articulated 'demands of military life' render ineffective any less restrictive means." (Doc. 111 at 38.) As the Court observed, "RFRA demands more." (*Id.*)

### B.    Only a TRO Pending Decision on Plaintiffs' Motion for Preliminary Injunction Can Preserve the Status Quo.

In entering a TRO, "the court's task . . . is generally to restore, and preserve, the *status quo ante, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1193 (S.D. Fla. 2011) (cleaned up). Indeed, where—as here—"an irremediably deteriorating condition threatens to thwart the Court's ability to render a proper final judgment on the merits later, the Court must act to preserve or restore the vanishing status quo ante." *Schrank v. Bliss*, 412 F. Supp. 28, 34 (M.D. Fla. 1976).

Only an immediate TRO pending decision on Plaintiffs' preliminary injunction motion (Doc. 2) can preserve the status quo ante. Absent immediate injunctive relief, the 22 Service Members will suffer irreparable deprivation of their free exercise rights and irreparable damage to their military careers. Indeed, the 22 Service Members "face either (1) a most-likely-unlawful deprivation of their accumulated status and standing in the United States military, as well as prospective advancement and benefits, or (2)

deprivation of their constitutional and statutory rights to Free Exercise and the statutory right to receive a religious ex-emption." (Order, Doc. 67, at 9.) And, for Service Members USMC CAPTAIN and LANCE CORPORAL ADMINISTRATIVE SPECIALIST, that irreparable harm begins **today, March 23**, and **tomorrow, March 24**. Despite their best efforts to obtain temporary relief outside of seeking additional intervention from this Court, the 22 Service Members need immediate relief from this Court to prevent irreparable harm.

## II.   THE COURT SHOULD ISSUE THE TRO WITHOUT WAITING FOR A REPONSE FROM DEFENDANTS.

Pursuant to Rule 65(b)(1), the Court may issue the TRO if specific sworn facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This motion satisfies the requirements for issuance of a TRO without waiting for a response from Defendants.

On March 23, 2022, and in accordance with the Court's October 18, 2021 Order (Doc. 9), the undersigned Plaintiffs' counsel conferred by e-mail with counsel for Defendants, seeking Defendants' agreement to pause the imminent adverse action against the 22 Service Members, pending the Court's decision on Plaintiffs' preliminary injunction motion. Plaintiffs' counsel provided to Defendants' counsel the identities of the 22 Service Members and unredacted copies of their respective RA appeal denial packets, subject to the Court's protective orders (Docs. 59-1, 77, 110).

Defendants' counsel acknowledged receipt of the request and indicated that Defendants may need more time given the number of service members involved.  As of the filing of this motion, Defendants had not provided their position on the request. Given the imminent and irreparable adverse action shown above, the Court should not request or wait for any further response from Defendants before entering the requested TRO.

## CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the foregoing efforts made to confer with Defendants' counsel regarding the relief requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any response from Defendants prior to issuing the TRO.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially
*Attorneys for Plaintiffs*

**<u>VERIFICATION</u>**

I, LANCE CORPORAL ADMINISTRATIVE SPECIALIST, United States Marine Corps, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit A are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<div style="margin-left: 3em;">

/s/ LANCE CORPORAL ADMINISTRATIVE SPECIALIST
LANCE CORPORAL ADMINISTRATIVE SPECIALIST
(Original Signature retained by Counsel)

</div>

## **VERIFICATION**

I, CAPTAIN, United States Marine Corps, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit B are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ CAPTAIN
CAPTAIN
(Original Signature retained by Counsel)

14

## **VERIFICATION**

I, STAFF SERGEANT, United States Marine Corps, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit C are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ STAFF SERGEANT
STAFF SERGEANT
(Original Signature retained by Counsel)

**<u>VERIFICATION</u>**

I, COLONEL FINANCIAL MANAGEMENT OFFICER, United States Marine Corps, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit D are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ COLONEL FINANCIAL MANAGEMENT OFFICER
COLONEL FINANCIAL MANAGEMENT OFFICER
(Original Signature retained by Counsel)

16

## **<u>VERIFICATION</u>**

I, CAPTAIN, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit E are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ CAPTAIN</u>
CAPTAIN
(Original Signature retained by Counsel)

**<u>VERIFICATION</u>**

I, MAJOR 1, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit F are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ MAJOR 1                          </u>
MAJOR 1
(Original Signature retained by Counsel)

## **VERIFICATION**

I, MAJOR 2, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit G are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ MAJOR 2_____
MAJOR 2
(Original Signature retained by Counsel)

## **VERIFICATION**

I, STAFF SERGEANT, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit H are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ STAFF SERGEANT
STAFF SERGEANT
(Original Signature retained by Counsel)

20

## **VERIFICATION**

I, TECH SERGEANT, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit I are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ TECH SERGEANT
TECH SERGEANT
(Original Signature retained by Counsel)

**<u>VERIFICATION</u>**

I, LIEUTENANT COLONEL 1, United States Air Force Reserve, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit J are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ LIEUTENANT COLONEL 1</u>
LIEUTENANT COLONEL 1
(Original Signature retained by Counsel)

**<u>VERIFICATION</u>**

I, LIEUTENANT COLONEL 2, United States Air Force Reserve, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit K are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ LIEUTENANT COLONEL 2</u>
LIEUTENANT COLONEL 2
(Original Signature retained by Counsel)

23

## **<u>VERIFICATION</u>**

I, MAJOR, United States Air Force Reserve, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit L are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ MAJOR_____
MAJOR
(Original Signature retained by Counsel)

**<u>VERIFICATION</u>**

I, STAFF SERGEANT, United States Air Force Reserve, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit M are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ STAFF SERGEANT
STAFF SERGEANT
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT, United States Navy, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit N are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ LIEUTENANT
LIEUTENANT
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT COMMANDER 1, United States Navy, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit O are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ LIEUTENANT COMMANDER 1
LIEUTENANT COMMANDER 1
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT COMMANDER 2, United States Navy, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit P are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ LIEUTENANT COMMANDER 2
LIEUTENANT COMMANDER 2
(Original Signature retained by Counsel)

28

**<u>VERIFICATION</u>**

I, HOSPITAL CORPSMAN FIRST CLASS, United States Navy, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit Q are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ HOSPITAL CORPSMAN FIRST CLASS</u>
HOSPITAL CORPSMAN FIRST CLASS
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT COLONEL, United States Space Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit R are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ LIEUTENANT COLONEL
LIEUTENANT COLONEL
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT COMMANDER, United States Navy Reserve, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit S are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ LIEUTENANT COMMANDER
LIEUTENANT COMMANDER
(Original Signature retained by Counsel)

## **VERIFICATION**

I, LIEUTENANT COLONEL, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit T are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<div align="right">

/s/ LIEUTENANT COLONEL
LIEUTENANT COLONEL
(Original Signature retained by Counsel)

</div>

## **VERIFICATION**

I, ROTC MIDSHIPMAN, United States Navy, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit U are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

/s/ ROTC MIDSHIPMAN
ROTC MIDSHIPMAN
(Original Signature retained by Counsel)

## **<u>VERIFICATION</u>**

I, MSGT OSI AGENT, United States Air Force, am over the age of eighteen years. The statements that pertain to me in the foregoing VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION are true and correct, and the documents attached as Exhibit V are authentic. If called upon to testify to their truthfulness or authenticity, I would and could do so competently.

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct to the best of my knowledge.

Executed this March 23, 2022.

<u>/s/ MSGT OSI AGENT</u>
MSGT OSI AGENT
(Original Signature retained by Counsel)