UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **NAVY SEAL # 1,** et al.,<br><br>                    Plaintiffs,<br><br>   v.<br><br>**JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States, et al.,<br><br>                    Defendants. | Case No. 8:21-cv-02429-SDM-TGW |

### DEFENDANTS' PARTIAL RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR 22 MOVANTS AND NOTICE OF INTENT TO RESPOND FURTHER

### INTRODUCTION

Although there is a pending motion for class certification and a pending motion for a class-wide preliminary injunction in this action, neither motion has been granted. Plaintiffs have now filed yet another emergency motion for immediate relief on behalf of one Plaintiff and 21 non-Plaintiffs. Defendants are investigating the claims, but it is plain that the emergency motion lacks merit, contains factual and legal error, and is wholly unnecessary.

First, Defendants hereby notify the Court that they intend to respond further to the allegations of the included Plaintiff (identified as COLONEL FINANCIAL MANAGEMENT OFFICER in the current Complaint and referred to herein as Colonel FMO) on an ordinary motions schedule. As set forth in more detail below,

1

separation proceedings with respect to Colonel FMO have not even commenced, and Plaintiffs mischaracterize the process and next steps.

Second, the Court should not consider emergency relief for anonymous non-plaintiffs. There is no certified class in this matter, and Plaintiffs have not sought leave to add new parties. Accordingly, they are not entitled to any relief.

## PROCEDURAL BACKGROUND

The procedural background of this matter is largely set forth in prior filings and orders. *See* ECF Nos. 66, 67, 74, 118. Of note here, Defendants filed an opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction on November 3, 2021, ECF No. 23; opposed class certification on December 3, 2021, ECF No. 42; opposed a temporary restraining order on February 2, 2022, ECF No. 66; and opposed Plaintiffs' renewed motion for a preliminary injunction on February 4, 2022, ECF No. 74. The Court entered a temporary restraining order with respect to two Plaintiffs in this action and later entered a preliminary injunction as to the same two Plaintiffs. ECF Nos. 67, 111. Defendants moved for an emergency stay of the Court's preliminary injunction order as to those two Plaintiffs on February 28, 2022. ECF No. 118. Defendants separately opposed one additional motion for a temporary restraining order on behalf of one plaintiff on March 11, 2022, ECF No. 132, and has opposed two separate motions brought on behalf of a non-party, ECF Nos. 117, 140. Defendants have also moved to dismiss this action and to sever certain claims. ECF Nos. 139. Defendants incorporate by

reference all arguments and declarations submitted in connection with those motions to this brief.

On March 23, 2022, at approximately 3:30 pm, Plaintiffs' counsel contacted defense counsel to request immediate relief for one plaintiff and 21 newly identified non-parties, and demanded a response by 5 p.m. Despite being asked for more time, Plaintiffs filed the emergency motion at 8 p.m. It is hard to see how providing defendants part of an afternoon to investigate the status and allegations of 22 individuals constitutes "best efforts to obtain temporary relief outside of seeking additional intervention from this Court," *see* Pls.' Br. at 11, or even a conferral in good faith, *see* Order, ECF No. 9, at 5 (requiring good faith conferral). The Court may deny a motion without prejudice absent a good faith effort to meet and confer.

## DISCUSSION

I. **Plaintiffs' Motion Misrepresents that Colonel FMO Faces Imminent Harm, and Defendants Will File a Response**.

Plaintiffs' motion represents that Colonel FMO "has been informed that he will receive his administrative separation orders on Friday, March 25, 2022." Pls.' Br. at 3. This is incorrect, and undersigned counsel has been informed that Colonel FMO will not receive separation orders on March 25. With the benefit of a few hours to investigate the allegation, it appears that separation proceedings have not even been initiated with respect with Colonel FMO. Rather, when the Marine Corps denied his religious exemption appeal in December, *see* ECF No. 141-4, at 18-21, he sought a medical exemption. *See* ECF No. 141-4, at 22 (explaining his temporary

3

medical exemption and his medical appointment for March 24, 2022). In other words, it appears that Colonel FMO currently has a temporary medical exemption that may expire soon.

If Colonel FMO's medical exemption expires, he will likely thereafter receive an order to be vaccinated, in accordance with the Marine Corps procedures described in the Declaration of Lieutenant General David Furness, ECF No. 23-19. If he refuses the order, separation processing may commence in accordance with those same procedures. Given his years of service, he is entitled to a Board of Inquiry in which he will be represented by counsel and can submit testimony and evidence regarding why he is not in violation of a lawful order and why he should be retained. If the board finds no basis for separation or finds a basis for separation and recommends this officer be retained, that finding or recommendation is binding on the Secretary. Even if the Board ultimately determines that discharge is appropriate, separation orders likely would not issue for many months. *See* Furness Decl. ¶¶ 14-23. In other words, Plaintiffs' assertion that there is a need for emergency injunctive relief is unfounded, and minimal due diligence by competent counsel (including adequate conferral with the Government) would have confirmed that Colonel FMO is not about to receive "separation orders" on Friday.

In addition, Defendants have now had the benefit of half a day to investigate the matter, and hereby notify the Court that Defendants are also willing to ensure that if Colonel FMO does not receive a medical exemption as requested, he will have three weeks from Friday (up through and including April 15) to begin a vaccination

4

series. That should permit the Court time to decide a motion for emergency relief on the briefs. Unless the Court sets a different schedule, Defendants currently intend to file a full response on or before April 6, 2022 (the normal schedule for responding to motions under the local rules).

Because Plaintiff's compliance deadline will not be until April 15, there is no danger of imminent separation or other discipline. Moreover, even if such processes were to be initiated following expiration of Plaintiff's new compliance date, the process typically takes many months. *See* Furness Decl. ¶¶ 14-23. Accordingly, there is no threat of imminent or irreparable harm to Plaintiff, which Plaintiff must establish to be entitled to an immediate restraining order or that would necessitate a more truncated briefing schedule than Defendants propose.

## II. Non-Parties Are Not Entitled to Emergency Relief.

The non-parties are not entitled to relief because (1) they are non-parties; (2) anonymous allegations are insufficient to satisfy their burden; and (3) they cannot meet the exacting standard for emergency relief.

First, the 21 nonparty movants are not entitled to relief because an individual who has not yet been added as a party to the case is not entitled to emergency relief. *See Piambino v. Bailey*, 757 F.2d 1112, 1137 n.62 (11th Cir. 1985) (stating that a non-party could not seek an injunction); *Jones v. Arnold*, No. 3:09-CV-1170-J-34JRK, 2010 WL 11507773, at *1 (M.D. Fla. May 7, 2010) ("An unnamed 'class member' in an uncertified class . . . is not a party to this case and lacks standing here to seek the relief requested in the Motion for Preliminary Injunction"). Putative class members

become parties to an action—and thus subject to the Court's jurisdiction—only after class certification. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1245 (11th Cir. 2006); *cf. Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, (D.C. Cir. 2020) (refusing to dismiss or otherwise exercise jurisdiction over claims of putative class members).

The non-party movants are not parties who can seek relief; Plaintiffs have not sought leave to join them or amend the Complaint. And because the Court has not certified a class (and should not), the movants are also not class members who could be entitled to relief. The Court is not permitted, much less required, to exercise its equitable powers under these circumstances. Indeed, to do so would invite TRO motions in this Court from any of the over 21,000 service members that Plaintiffs claim are entitled to religious accommodation with respect to the COVID-19 vaccination. *See* ECF No. 51, at 3. This appears to be a transparent attempt to flood the court with purported emergencies and make it seem as though class certification is necessary:



Tweet, https://twitter.com/libertycounsel/status/1507006274361184270. In these circumstances, the Court should order Plaintiffs' counsel to cease filing motions for emergency relief on behalf of non-parties.

If the Court ultimately determines that class certification is appropriate, and if these movants fall within that class, then they may attempt to make a showing that they are entitled to emergency relief based on a full airing and briefing of the issues. In the alternative, Plaintiffs may move to amend their complaint, and Defendants will respond to such a motion within the time allotted under the Federal Rules. *See* FRCP 15(a)(3). Today, because Plaintiffs have not adhered to the requirements of the Federal Rules, the Court should deny the motion.

Second, the non-party movants are anonymous at this time and thus cannot proceed in this matter at all, much less make an evidentiary showing for extraordinary relief. The motion is purportedly "verified" with the electronic signatures of pseudonymous non-party movants, who have not separately submitted even anonymous affidavits as to specific facts. The movants have not alleged that any individual movant wishes to keep his or her identity private, nor have they filed a motion to proceed anonymously or sought a protective order to keep their names under seal. *See Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir. 1992) ("Lawsuits are public events," and courts permit plaintiffs to use fictitious names only in "exceptional cases."). (The existing protective order does not cover non-parties wishing to proceed under a pseudonym. *See* ECF No. 59-1.) The other non-party movant in this matter has been willing to proceed under his own name, *see* ECF No.

7

93, and there is no reason to assume that each of these movants disagrees. By relying on anonymous claims, Plaintiffs cannot "meet [their] high burden to obtain a preliminary injunction," and the Court can deny the non-parties' motion on this basis alone. *See KeyView Labs, Inc. v. Barger*, 2020 WL 8224618, at *6, *13 (M.D. Fla. Dec. 22, 2020), report & recommendation adopted, 2021 WL 510295 (Feb. 11, 2021) (anonymous declaration insufficient to show a likelihood of success on the merits and irreparable harm, as the declaration "lack[s] probative value") (citations omitted).

Finally, the movants have not made the extraordinary showing required for emergency relief. Movants cannot show a likelihood of success on their religious freedom claims because they have not exhausted their intra-service remedies, because they make non-justiciable claims about assignments, and because they cannot establish *en masse* or individually that the Government lacks a compelling interest in their vaccination or that less restrictive means would equally serve the Government's interest in military readiness. *See generally* ECF Nos. 23, 42, 66, 74, 117, 118, 139, 140.[1] For the reasons previously explained, none of the non-party movants have shown a likelihood of imminent irreparable harm because they can be made whole in the future, and the balance of any harms tips sharply in the

---

[1] Defendants have not had time to track down the status of each of the non-party movants, but it seems likely that there are additional errors in the motion. For example, undersigned counsel has been informed that at least one of the movants, HOSPITAL CORPSMAN FIRST CLASS, has received a vaccine. The motion also appears to mischaracterize the separation and discipline procedures previously described to the Court.

8

Government's favor, particularly given the deference due to the military's judgment about readiness and fitness. *Id*.

The movants allege that they have each had an appeal denied, which if accurate, means that high-ranking senior military officials determined with reference to individual records that the military has a compelling interest in vaccinating these particular individuals and that no less restrictive means are available. "[W]hen evaluating whether military needs justify a particular restriction on religiously motivated conduct, courts must give great deference to the professional judgment of military authorities concerning the relative importance of a particular military interest." *Goldman v. Weinberger*, 475 U.S. 503, 507 (1986); Tr. of Order 36:4–6, *Dunn v. Austin*, No. 22-cv-0028 (E.D. Cal. Feb. 22, 2022), ECF No. 224 ("As courts have said over and over again . . . , the Court must give great deference to the professional judgment of military authorities concerning the relative importance of a particular military interest."); Order, *Short v. Berger*, No. 2:22-cv-1151 (C.D. Cal. Mar. 3, 2022), ECF No. 25 at 10 (deferring to the military's "judgment that only vaccination will allow Plaintiff to perform his essential duties during the pandemic with an acceptable level of risk to the safety and effectiveness of both himself and his unit").

Accordingly, Plaintiffs have failed to establish any basis for emergency injunctive relief with respect to these individuals as well.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Emergency Motion to the extent it is brought on behalf of non-parties, and hold in abeyance the motion insofar as it applies to Colonel FMO. The Court should order Plaintiffs' counsel to cease filing motions for emergency relief on behalf of non-parties.

Dated: March 24, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

/s/ *Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov
*Counsel for Defendants*