## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 8:21-cv-2429-SDM-TGW<br>) |
| LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

In support of their Motion for Preliminary Injunction (Doc. 2) and Renewed Motion for Preliminary Injunction (Doc. 51), Plaintiffs submit for the Court's consideration the Supreme Court's opinion in *Ramirez v. Collier*, No. 21-5592, 595 U.S. _____ (2022), attached hereto as Exhibit A, issued March 24, 2022.

In *Ramirez*, the Supreme Court – when reviewing the appropriate standards under a preliminary injunction – held as follows:

(1) RLUIPA (and its "sister statute" RFRA) show that "the government cannot discharge [its] burden by pointing to broadly formulated interests." (Slip Op. at 12 (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014))). *Ramirez* confirms this Court's holding (Doc. 111 at 34-35) that the government cannot discharge its burden by formulating its interest in an overly broad manner, and Defendants have failed to satisfy their burden under RFRA by predicating their denial of Plaintiffs' requested religious accommodations on "broadly articulated interests in

'the health and safety of the force' and on the assertion that broadly articulated 'demands of military life' render ineffective any less restrictive means." (Doc. 111 at 38.)

(2) RLUIPA (and its "sister statute" RFRA) require an individualized assessment that applies the challenged law to the particular person. (*See* Slip Op. at 12 (government must "demonstrate that the compelling interest test is satisfied through application of the challenged law [to] the particular claimant whose sincere exercise of religion is being substantially burdened." (quoting *Holt v. Hobbs*, 574 U. S. 352, 363 (2015))); (Slip Op. at 15 (noting that "speculation is insufficient to satisfy respondents' burden [under strict scrutiny] and **fails to engage in the sort of case-by-case analysis that RLUIPA requires**." (emphasis added)).) *Ramirez* again confirms the correctness of this Court's holding that Defendants have failed to engage in the "to the person evaluation required by RFRA." (Doc. 111 at 40.)

(3) A "categorical ban" can hardly be the least restrictive means when other alternatives are available. (Slip Op. at 14 ("But respondents fail to show that a categorical ban on all audible prayer is the least restrictive means of furthering their compelling interests.")); Slip Op. at 16 ("respondents have not shown that a total ban on audible prayer is the least restrictive means of furthering their asserted interests")).).) Yet again, *Ramirez* confirms that this Court is correct in its holding that Defendants' "blanket or categorical ban [cannot] satisfy[y] RFRA's individualized assessment." (Doc. 111 at 44.)

(4) A "conclusory defense" of the challenged policy's tailoring is insufficient under strict scrutiny, and the Court will not simply "defer" to the government's determination. (Slip Op. at 14 ("Instead, respondents offer only a conclusory defense of the policy's tailoring. . . . They ask that we simply defer to their determination. **This is not enough under RLUIPA**." (emphasis added)).) *Ramirez* proves that this Court's refusal to grant blind deference to the military in the face of the demands of RFRA is correct as a matter of law. (Doc. 111 at 30 ("But that deference does not justify the abdication of the responsibility, conferred by Congress, to apply [a statute's] rigorous standard.").)

(5) Government fails strict scrutiny when its asserted interest "is one reasonably addressed by means short of banning *all* touch." (Slip Op. at 17 (italics original).)*Ramirez* thus evinces the astuteness of this Court in finding that a categorical ban simply fails the least restrictive means test when other available alternatives were "successfully implemented for more than a year before the development of the vaccines and have continued to implement in conjunction with vaccines." (Doc. 111 at 41.)

3

/s/ Daniel J. Schmid
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

***Attorneys for Plaintiffs***