IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NAVY SEAL #1, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br>      Defendants. | Case No. 8:21-cv-2429-SDM-TGW |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 3.01(i), Defendants respectfully provide notice that on Defendants respectfully provide notice that the Supreme Court has granted the government's application for a partial stay in *Austin v. U.S. Navy SEALs 1-26*, No. 21A477 (U.S. Mar. 25, 2022).

The plaintiffs in *U.S. Navy SEALs 1-26*, like Plaintiffs in this case, are military service members who contend that they are entitled to exemptions from military COVID-19 vaccination requirements under the Religious Freedom Restoration Act ("RFRA"). The district court in *U.S. Navy SEALs 1-26* granted a preliminary injunction similar to the injunction that Plaintiff requests here, prohibiting the military from applying its COVID-19 vaccination policies to the plaintiffs and "from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for

religious accommodation." *U.S. Navy SEALs 1-26 v. Biden*, No. 21-cv-1236, 2022 WL 34443, at *14 (N.D. Tex. Jan. 3, 2022). The Supreme Court granted the government's request to stay that injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." Order at 1, *Austin v. U.S. Navy SEALs 1-26*, 595 U.S. ___ (2022). Justice Kavanaugh observed in a concurring opinion that a stay was warranted because the district court had "in effect inserted itself into the Navy's chain of command, overriding military commanders' professional military judgments," and because "even accepting that RFRA applies in this particular military context, RFRA does not justify judicial intrusion into military affairs in this case." *Id*. at 2 (Kavanaugh, J., concurring). The Supreme Court's decision granting a partial stay in *U.S. Navy SEALs 1-26* necessarily rejected the reasoning of the district court in entering preliminary injunctive relief in that case, and confirms that this Court should deny similar requests from Plaintiffs and non-parties in this matter, *see* ECF Nos. 51, 94, 121, 130, 141, and defer to the military's judgments regarding military readiness. The reasoning also supports the Government's Motion to Dismiss. *See* ECF No. 139.

Dated:  March 29, 2021                          Respectfully submitted,

BRIAN M. BOYNTON                                /s/ Amy E. Powell
Principal Deputy Assistant Attorney             ANDREW E. CARMICHAEL
General                                         AMY E. POWELL
                                                Senior Trial Counsel
ALEXANDER K. HAAS                               ZACHARY A. AVALLONE
Director, Federal Programs Branch               COURTNEY D. ENLOW
                                                R. CHARLIE MERRITT

ANTHONY J. COPPOLINO
Deputy Director

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Email: amy.powell@usdoj.gov
*Counsel for Defendants*