UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>  Defendants. | No. 8:21-cv-2429-SDM-TGW |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING SUPREME COURT STAY ORDER IN**
*Austin v. U.S. Navy Seals 1–26*

Plaintiffs, in support of their pending preliminary injunction, class certification, and TRO motions (Docs. 2, 35, 121, 130, 141), submit this supplemental memorandum regarding the Supreme Court's order in *Austin v. U.S. Navy Seals 1–26*, No. 21A477, 2022 WL 882559 (March 25, 2022), granting a partial stay of the district court's preliminary injunction order of January 3, 2022, *U.S. Navy Seals 1–26 v. Biden*, No. 4:21-cv-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022) [*Navy Seals*]. (*See also* Defendants' Notice of Supplemental Authority, Doc. 144.)

> **A.   This Court's limited preliminary injunction does not conflict with the Supreme Court's partial stay order.**

The district court's preliminary injunction in *Navy Seals* prohibits the Navy from requiring vaccination of the plaintiffs and "from taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation." *Navy Seals*,

2022 WL 34443, at *14. The Supreme Court's order partially stays the *Navy Seals* preliminary injunction "insofar as it precludes the Navy from considering [the plaintiffs'] vaccination status in making deployment, assignment, and other operational decisions." 2022 WL 882559.

By contrast, this Court's Preliminary Injunction and Order (Doc. 111, the "PI Order") prohibits Defendants "(1) from enforcing against Navy Commander and Lieutenant Colonel 2 any order or regulation requiring COVID-19 vaccination and (2) from any adverse or retaliatory action against Navy Commander or Lieutenant Colonel 2 as a result of, arising from, or in conjunction with Navy Commander's or Lieutenant Colonel 2's requesting a religious exemption, appealing the denial of a request for a religious exemption, requesting reconsideration of the denial of a religious exemption, or pursuing this action or any other action for relief under RFRA or the First Amendment." (PI Order 47–48.) As the Court later explained, "The operative language of the preliminary injunction is direct and specific" and "narrowly and specifically protects Navy Commander and Lieutenant Colonel 2 (1) from enforcement of an order to either accept vaccination or undergo discipline, including possible separation from service, and (2) from any adverse action that is retaliatory." (Doc. 133 at 2.) "Any interpretation to the contrary is wrong." (Doc. 133 at 2.) Defendants "remain at liberty to issue commands, assignments, orders, and the like in the normal course of business," and "the injunction remains indifferent to [the] non-retaliatory exercise of command authority." (Doc. 133 at 2–3.)

Thus, the Court's PI Order only prohibits enforcement of an order to vaccinate or be disciplined, and retaliation for religious accommodation requests, while remaining indifferent to non-retaliatory exercises of command authority. As so limited, the PI Order is already narrower than the *Navy Seals* preliminary injunction partially stayed by the Supreme Court and would not be materially affected if subjected to a similar stay.

### B. Neither the partial stay order nor Justice Kavanaugh's concurrence has precedential value.

The Supreme Court's orders on applications for interlocutory stays or writs of injunction are not precedential. *See, e.g., Barefoot v. Estelle*, 463 U.S. 880, 907 n.5 (1983) (Marshall, J., dissenting) ("[T]his Court's denial of Brooks' application for a stay and petition for certiorari before judgment does not constitute a precedent . . . ."). And such orders "should not be construed as an expression of the Court's views on the merits." *Little Sisters of the Poor v. Sebelius*, 571 U.S. 1171 (2014). According to Justice Barrett, joined by Justice Kavanaugh, "[w]ere the standard otherwise, applicants could use the emergency docket to force the Court to give a merits preview . . . and to do so on a short fuse without the benefit of full briefing and oral argument." *Does 1–3 v. Mills*, 142 S. Ct. 17, 18 (2021) (Barrett, J., concurring). Thus, the Supreme Court's interlocutory order partially staying the *Navy Seals* preliminary injunction has no precedential value.

Justice Kavanaugh's lone concurrence in the partial stay order likewise has no precedential value. Neither a dictum nor a concurrence constitutes binding precedent.

*See Maryland v. Wilson,* 519 U.S. 408, 412–13 (1997). As Justice (then Judge) Kavanaugh previously explained, "Justices who join the majority may of course express additional thoughts in a concurrence, but concurrences do not bind lower courts." *United States v. Duvall*, 740 F.3d 604, 610 (D.C. Cir. 2013) (Kavanaugh, J., concurring); *see also B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293, 312 (3d Cir. 2013) ("federal courts should not give 'much precedential weight' to a concurring opinion"); *United States v. Robinson*, 241 F.3d 115, 122 n.7 (1st Cir. 2001) ("Justice Thomas's concurrence is explicitly denominated as an explanation of his view . . . and is not binding on us." (citation omitted)); *Brzonkala v. Va. Polytechnic Inst. & State Univ.*, 169 F.3d 820, 878 (4th Cir. 1999) (concurring and dissenting opinions of Supreme Court Justices are not binding on lower courts); *Weber v. Dell*, 630 F. Supp. 255, 260 n.4 (W.D.N.Y. 1986) ("[C]ertainly the opinion of only one Supreme Court Justice on an application for stay is not binding precedent."), *rev'd on other grounds*, 804 F.2d 796 (2d Cir. 1986). Nor can a lone concurrence reveal the unstated views of the other Justices making up a majority because "[d]ivergent and contradictory reasons often operate as to the same petition and lead to a common vote . . . ." *Darr v. Burford*, 339 U.S. 200, 227 (1950) (Frankfurter, J., dissenting).

Put simply, "a lower court [is] bound to follow the Supreme Court's majority opinion, not the concurrence of a single Justice." *United States v. Weaver*, 808 F.3d 26, 53 n.10 (D.C. Cir. 2015) (Henderson, J., dissenting). Thus, Justice Kavanaugh's conclusion in his lone concurrence in the *Navy Seals* partial stay order, that no less restrictive alternatives to universal vaccination are available to the military, 2022 WL

882559, at *1 (Kavanaugh, J., concurring), is of no legal consequence to this Court's PI Order or Plaintiffs' pending preliminary injunction, class certification, and TRO motions.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*