UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 8:21-cv-2429-SDM-TGW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RENEWAL OF EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER PENDING DECISION
ON MOTION FOR PRELIMINARY INJUNCTION**
*Relief Requested by April 1, 2022*

Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), hereby renew their Emergency Motion for Temporary Restraining Order (Doc. 121, the Captain's "TRO Motion") to preserve the status quo ante for Plaintiff CAPTAIN, United States Marine Corps, pending the Court's decision on Plaintiffs' Motion for Preliminary Injunction (Doc. 2).

On March 2, 2022, Plaintiffs filed the Captain's TRO Motion alerting the Court that he had been given two days, until March 3, to be COVID-19 vaccinated or be in violation of "a lawful order" subjecting him "to punitive and/or administrative action." (Doc. 121 at 2; Doc. 121-1, ¶¶ 5–6, Exs. 3, 4.) On March 3, Defendants notified the Court that the two-day vaccination order had been extended by three weeks, to March 24. (Doc. 123 at 1.) Plaintiffs, requested the Court to enter the TRO

anyway, predicting that Defendants would not use the pause to change course. (Doc. 124 at 2–3.)

The extension having expired, on March 28 the Marines ordered Captain to **vaccinate by April 1**. (A true and correct copy of the March 28 vaccination order is attached hereto as Exhibit A.) Once again, the order admonished Captain that his failure to vaccinate would be a violation of a "lawful order" subjecting him to "punitive and/or administrative action." (Ex. A.) This time, however, the Marines gave Captain **four days** "to decide the life-altering question whether to accept COVID-19 vaccination or face discharge for disobeying an order," which the Court already recognized is hardly enough time to permit a service member to obtain judicial relief in the normal course. (Doc. 111 at 5.) Thus, Captain again faces immediate and irreparable harm to his free exercise rights and military career absent immediate injunctive relief from the Court.

On the morning of March 29, 2022 (less than 24 hours after Captain received the March 28 vaccination order), and in accordance with the Court's October 18, 2021 Order (Doc. 9), Plaintiffs' counsel conferred by e-mail with counsel for Defendants, seeking Defendants' agreement to a further extension of Captain's shot deadline pending the Court's decision on the Captain's TRO Motion. Defendants' counsel quickly replied that she would review the request and respond to it, and later that evening she advised, "While this conclusion could change, I do not currently anticipate further extensions of this date." (A true and correct copy of counsel's e-mail correspondence is attached hereto as Exhibit B.)

**CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION**

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the foregoing efforts made to confer with Defendants' counsel regarding the relief requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any further response from Defendants. Therefore, for the reasons above and in the Captain's TRO Motion,[1] Plaintiffs respectfully request the Court to enter the TRO **on or before April 1, 2022**.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*

---

[1] Plaintiffs incorporate by reference the legal argument contained in the Captain's TRO Motion (Doc. 121) and in Plaintiffs' preliminary injunction briefing (Docs. 2, 30, 51, 104, 145-1 (proposed)), and rely on the supplemental declarations and notices of supplemental authority filed in support of classwide preliminary injunctive relief (Docs. 82, 95, 100, 113, 143, 146).