# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10645

_____

NAVY SEAL 1,
United States Navy,
NAVY SEAL 2,
EOD OFFICER,
United States Navy,
SENIOR CHIEF PETTY OFFICER,
United States Navy,
CHAPLAIN,
United States Navy, et al.,

                                          Plaintiffs-Appellees,

*versus*

SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

2                        Order of the Court                        22-10645

SECRETARY, US DEPARTMENT OF THE ARMY,
SECRETARY, U.S. DEPARTMENT OF THE NAVY,
COMMANDANT, UNITED STATES MARINE CORPS, et al.,

                                                      Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02429-SDM-TGW

_____

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

      This matter comes to us on a motion to stay a district court's preliminary injunction compelling the Navy and Marine Corps to provide two officers a religious exemption to the military's COVID-19 vaccine mandate. The defendants argue that we should stay the preliminary injunction during the pendency of the appeal because the district court's injunction improperly intrudes in internal military affairs.

      This is not the only pending matter in which servicemembers are seeking a religious exemption to the Navy's vaccination mandate. In *U.S. Navy Seals 1-26, et al. v. Biden, et al.*, No. 22-10077 (5th Cir. Feb. 28, 2022), the Fifth Circuit declined to stay a

Case 8:21-cv-02429-SDM-TGW   Document 148   Filed 03/31/22   Page 3 of 3 PageID 9419
USCA11 Case: 22-10645   Date Filed: 03/30/2022   Page: 3 of 3

22-10645                    Order of the Court                    3

comparable preliminary injunction against the enforcement of the mandate. The Supreme Court, however, stayed the injunction pending appeal "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin, et al. v. U.S. Navy Seals 1-26*, et al., No. 21A477 (March 25, 2022).

Accordingly, following the Supreme Court's lead, we grant the defendants' motion to stay in part and deny it in part. The district court's injunction is stayed insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational decisions until disposition of this appeal, including the denial of a petition for panel rehearing or rehearing en banc if timely filed. The motion for oral argument is denied.