UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

     Plaintiffs,

v.                                CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, et al.,

     Defendants.

_____/

## **ORDER**

On March 30, 2022, USMC Captain moved (Doc. 147) for temporary injunctive relief and attested that on March 28, 2022, the Marine Corps — after rejecting his appeal from a denial of his request for a religious accommodation — ordered USMC Captain to accept COVID-19 vaccination within three days, that is, not later than April 1, 2022. The plaintiffs append (Doc. 147-2) correspondence with counsel informing the plaintiffs that a further extension of USMC Captain's vaccination deadline remains unlikely.

A careful review of USMC Captain's motion and the defendant's response reveals a substantial likelihood that the Marine Corps's denying USMC Captain's appeal for a religious accommodation suffers the same defects identified both in the February 18, 2022 order (Doc. 111) granting a preliminary injunction on behalf of Navy Commander and Lieutenant Colonel 2 and in the orders (Docs. 122, 133) denying the motion to stay the injunction pending appeal. Further, USMC Captain's

appellate denial letter is nearly identical to the appellate denials that the Marine Corps has employed to deny the appeals of other sincerely objecting marines. (Compare Doc. 121-1 at 9–12 with Docs. S-109-3 at 5, 29, 60, 95; S-109-4 at 19, 57, 82, 114, 166, 209; S-109-5 at 26, 52, 83, 151, 178, 207; S-109-6 at 15, 43, 74, 173, 206; and S-109-7 at 7, 40, 42)  Also, USMC Captain confronts the imminent and irreparable harm of deciding between accepting vaccination despite a sincere religious belief or declining vaccination and incurring court martial, separation, and the like.  Finally, the balance of the equities and the public interest weigh in USMC Captain's favor for the reasons identified in the earlier orders (Docs. 111, 122, 133).  USMC Captain warrants preliminary injunctive relief, but recent orders by the United States Supreme Court and the Eleventh Circuit warrant discussion.

On January 3, 2022, the United States District Court for the Northern District of Texas on behalf of twenty-six Navy SEALs (and others) preliminarily enjoined the defendants' "applying [the Navy's vaccination requirement] to Plaintiffs" and the defendants' "taking any adverse action against Plaintiffs on the basis of Plaintiffs' requests for religious accommodation."  *U.S. Navy Seals 1–26 v. Biden*, 4:21-cv-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022).  The defendants moved to stay the Texas injunction "to the extent the order precludes Defendants from making the assignment and reassignment decisions that the military deems appropriate, taking into account Plaintiffs' vaccination status, including with respect to deployment and training."  The Northern District of Texas denied (ECF. 116) the motion to stay and

maintained the preliminary injunction to "prevent[] Plaintiffs from being deprived of pay, training, medical treatment, travel opportunities, and more."

The defendants promptly moved the Fifth Circuit for a partial stay of the preliminary injunction, which motion the Fifth Circuit denied. *U.S. Navy Seals v. Biden*, 27 F. 4th 336 (5th Cir. 2022). After the Fifth Circuit denied a partial stay, the defendants applied to the United States Supreme Court for a partial stay. On March 25, 2022, the Supreme Court in a one-paragraph order granted the application and partially stayed the Texas injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin, et al. v. U.S. Navy Seals, et al.*, No. 21A477, 595 U.S. ___ (2022).

On March 30, 2022, five days after the Supreme Court's partial stay of the Texas injunction, the Eleventh Circuit, citing the Supreme Court's partial stay, granted-in-part and denied-in-part a partial stay of the preliminary injunction in this action "insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational decisions . . . ."[*] *Navy Seal 1, et al. v. Sec'y of the U.S. Dep't of Def., et al.*, No. 22-10645 (11th Cir. Mar. 30, 2022).

---

[*] Because the preliminary injunction in this action issued on behalf of both a service member in the Navy and a service member in the Marine Corps and because the absence of the Marine Corps from the Eleventh Circuit's order is likely a clerical error, the Eleventh Circuit's partial stay is construed to apply both to the Navy and to the Marine Corps.

In this action, the preliminary injunction states:

> [T]he defendants are **PRELIMINARILY ENJOINED** (1) from enforcing against Navy Commander and Lieutenant Colonel 2 any order or regulation requiring COVID-19 vaccination and (2) from any adverse or retaliatory action against Navy Commander or Lieutenant Colonel 2 as a result of, arising from, or in conjunction with Navy Commander's or Lieutenant Colonel 2's requesting a religious exemption, appealing the denial of a request for a religious exemption, requesting reconsideration of the denial of a religious exemption, or pursuing this action or any other action for relief under RFRA or the First Amendment.

(Doc. 111 at 47–48)

Unlike the Texas injunction, the preliminary injunction in this action unmistakably and narrowly enjoins retaliation but not the normal exercise of (lawful) command authority.  Two weeks before the Supreme Court partially stayed the Texas injunction "insofar as it precludes the Navy from considering respondents' vaccination status," a March 11, 2022 (Doc. 133) order denying the defendants' motion to stay the preliminary injunction in this action disavows as "wrong . . . the interpretation advanced [by the plaintiffs] that the preliminary injunction precludes, in all circumstances, consideration of vaccination status."  The March 11 order explains that the "operative language" of the preliminary injunction enjoins "any adverse action that is retaliatory" and that the defendants "remain at liberty to issue commands, assignments, orders, and the like in the normal course of business."  (Doc. 133 at 2–3)  "[I]f the Navy has a non-retaliatory reason to re-assign," the March 11 order explains, "the injunction remains indifferent to that non-retaliatory exercise of command authority."  (Doc. 133 at 3)

In accord with the foregoing, the motions (Doc. 121, 147) are **GRANTED**, and the defendants are temporarily enjoined (1) from enforcing against USMC Captain any order or regulation requiring COVID-19 vaccination and (2) from any retaliatory action as a result of, or arising from, USMC Captain's requesting a religious accommodation, appealing the denial of a request for a religious accommodation, or pursuing this action or any other action for relief under RFRA or the First Amendment.  But this injunction has no effect "insofar as it precludes the [Marine Corps] from considering [USMC Captain's] vaccination status in making deployment, assignment, and other operational decisions." *Austin, et al. v. U.S. Navy Seals, et al.*, No. 21A477, 595 U.S. ___ (2022).

A hearing by videoconference will occur **APRIL 11, 2022, at 9:00 a.m.** (1) on whether to convert the temporary injunctive relief into a preliminary injunction and (2) on the effect, if any, of the partial stay issued by the Supreme Court and the Eleventh Circuit.  Not later than **APRIL 6, 2022, at 12:00 p.m.** each party must in a notice identify any witness or evidence tendered for admission during the hearing.  This temporary injunction expires **APRIL 15, 2022, at 11:59 p.m.**  The courtroom deputy will transmit to counsel instruction for appearing by videoconference.

Also, the plaintiffs move (Doc. 145) unopposed to file a supplemental memorandum about the import of the Supreme Court's partial stay in *U.S. Navy Seals 1–26 v. Biden*, 4:21-cv-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022).  The motion (Doc. 145) is **GRANTED**, and the proposed supplemental memorandum (Doc. 145-

1) is **ACCEPTED**.  The defendants may respond to the supplemental memorandum not later than **APRIL 8, 2022**.

ORDERED in Tampa, Florida, on April 1, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE