UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, for themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>    Defendants. | No. 8:21-cv-2429-SDM-TGW |

### PLAINTIFFS' TIME-SENSITIVE MOTION
### FOR TEMPORARY RESTRAINING ORDER
### PENDING DECISION ON MOTION FOR PRELIMINARY INJUNCTION
### RELIEF REQUESTED BY APRIL 25, 2022

Plaintiffs, pursuant to Fed. R. Civ. P. 65(b)(1) and the Court's Order of October 18, 2021 (Doc. 9), move the Court for a temporary restraining order (TRO) to preserve the status quo ante for Plaintiff CADET, United States Air Force Academy ("Cadet") (Second Am. V. Compl., Doc. 105, ¶¶ 58, 153), pending the Court's decision on Plaintiffs Motion for Preliminary Injunction (Doc. 2). In support thereof, Plaintiffs show unto the Court as follows:

### INTRODUCTION

In its first Order in this case, the Court invited Plaintiffs to "move on behalf of any individual member of the alleged class" who "imminently will suffer serious and irreparable injury before a preliminary injunction, if any, issues[]; whose interests are otherwise not adequately protected by the hearing on November 15, 2021; and whose

circumstances are for some singular reason markedly more acute than other members of the putative class." (Doc. 9 at 4.) As demonstrated herein and in the Declaration of USAFA Cadet attached hereto as <u>Exhibit 1</u>, Cadet faces imminent and irreparable harm to his free exercise rights and military career absent expedited, interim injunctive relief from the Court pending determination of Plaintiffs' preliminary injunction motion. On March 30, 2022, having denied Cadet's appeal from the denial of a religious accommodation (RA) request, the Air Force ordered Cadet to elect COVID-19 vaccination or "voluntary" resignation from the United States Air Force Academy (USAFA) within 5 calendar days, on pain of "disciplinary action" and "initiation of administrative separation" for violating the order and "Article 90, Uniform Code of Military Justice." (Ex. 1, ¶¶ 27, 28.) As a result of the conference of respective Plaintiffs' and Defendants' counsel prior to filing this motion, the Air Force has extended Cadet's compliance deadline to April 25, 2022. Thus, **Cadet needs relief on or before April 25, 2022,** or he faces life-altering choices and discipline. Defendants' march toward final separation of all religiously unvaccinated service members continues unabated except by judicial intervention.

## ARGUMENT

In addition to the argument below, Plaintiffs incorporate by reference the legal argument contained in their preliminary injunction briefing (Docs. 2, 30, 51, 104, 145-1), and rely on the supplemental declarations and notices of supplemental authority filed in support of classwide preliminary injunctive relief (Docs. 82, 95, 100, 113, 143,

146), as well as the findings and conclusions in the Court's various orders regarding injunctive relief (Docs. 40, 67, 111, 122, 133, 150). As set forth therein, Defendants' refusal to consider or grant Cadet's and other Plaintiffs' RA requests while granting thousands of similarly situated nonreligious exemptions violates the First Amendment and the Religious Freedom Restoration Act.

I. **A TRO IS NEEDED TO PRESERVE THE STATUS QUO ANTE AND PREVENT IRREPARABLE INJURY PENDING THE COURT'S DECISION ON PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.**

"A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application . . . ." *United States v. DBB, Inc.*, 180 F.3d 1277, 1282 n.5 (11th Cir. 1999); *see also Grasso v. Dudek*, No. 6:130cv01536-Orl-28GK, 2014 WL 12621193, at *2 (M.D. Fla. Jan. 6, 2014) ("In the Eleventh Circuit, TRO's are intended to protect against irreparable harm and to preserve the status quo until a decision on the merits can be made."); *Talib v. SkyWay Comms. Holding Corp.*, No. 8:05-cv-282-T-17TBM, 2005 WL 8160176, at *5 (M.D. Fla. Apr. 5, 2005) (same). (*See also* Doc. 67 at 8 (granting TRO for the "preservation of the status quo" while a decision on the preliminary injunction is pending).) Here, a TRO pending preliminary injunction is necessary to preserve the status quo ante and prevent imminent and irreparable harm that will occur for Cadet on April 25, 2022.

### A. Plaintiff Cadet Faces Immediate and Irreparable Deprivation of His Free Exercise Rights in the Form of Involuntary Separation and Irreparable Career Damage.

Plaintiff Cadet will suffer imminent and irreparable injury absent a TRO pending decision on Plaintiffs' preliminary injunction motion because he will suffer the irretrievable sacrifice of cherished First Amendment liberties. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("There can be no question that the challenged restrictions, if enforced, will cause irreparable harm. 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Indeed, as this Court already held, "[r]equiring a service member either to follow a direct order contrary to a sincerely held religious belief or to face immediate processing for separation or other punishment undoubtedly causes irreparable harm." (Order, Doc. 111, at 45.)

As shown in his declaration (Ex. 1), Cadet is a patriotic American who has desired to enter USAFA since age 17, following his strong conviction, through prayer and discernment, that God has called him to serve in the United States Air Force. (Ex. 1, ¶¶ 2, 3.) Cadet has a sincerely held religious belief that he should not receive any of the available COVID-19 vaccines because of their connections to abortion. (Ex. 1, ¶¶ 4, 8 & Ex. A at A1–A6, A9–A12) Despite Cadet's submitting an RA request supported by evidence of his sincere religious objections to vaccination and the endorsements of both his pastor and Air Force chaplain (Ex. 1, ¶ 8 & Ex. A at A1–

4

A6); Cadet's exemplary performance at USAFA, as evidenced by USAFA's awarding him the "Outstanding C4C [Cadet 4th Class] of the Semester" award for the most impactful contribution of his class to the mission of USAFA for the Fall 2021 Semester (Ex. 1, ¶ 18); USAFA's continually accomplishing its mission both before and after the availability of COVID-19 vaccines (Ex. 1, ¶¶ 17, 18); and the continually relaxing COVID-19 restrictions amidst declining risk of hospitalization and death from COVID-19 among Air Force military members (Ex. 1, ¶¶ 19–21, 23, 24, 26 &Exs. B, C), the Air Force denied Cadet's RA request and appeal without performing any individualized assessment of his request (Ex. 1, ¶¶ 7, 10–18, 27 & Ex. A at A7–A13). Moreover, the Air Force did not attempt to justify its denial of Cadet's RA request on his "deployability" as an unvaccinated service member, and cannot justify the denial on that ground because all cadets are nondeployable while at USAFA—Cadet is nondeployable, as a USAFA cadet, for over three years. (Ex. 1, ¶ 15.)

After denying Cadet's RA appeal, the Air Force ordered Cadet to elect COVID-19 vaccination or "voluntary" resignation from the United States Air Force Academy (USAFA) within 5 calendar days, on pain of "disciplinary action" and "initiation of administrative separation" for violating the order and "Article 90, Uniform Code of Military Justice." (Ex. 1, ¶¶ 27, 28 & Ex. A at A14.) Cadet desires to stay in the Air Force to serve his country (Ex. 1, ¶ 22), which he will not be able to do beyond April 25, 2022, without the Court's intervention.

### B. Only a TRO Pending Decision on Plaintiffs' Motion for Preliminary Injunction Can Preserve the Status Quo.

In entering a TRO, "the court's task . . . is generally to restore, and preserve, the *status quo ante, i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *FHR TB, LLC v. TB Isle Resort, LP*, 865 F. Supp. 2d 1172, 1193 (S.D. Fla. 2011) (cleaned up). Indeed, where—as here—"an irremediably deteriorating condition threatens to thwart the Court's ability to render a proper final judgment on the merits later, the Court must act to preserve or restore the vanishing status quo ante." *Schrank v. Bliss*, 412 F. Supp. 28, 34 (M.D. Fla. 1976).

Here, only a TRO pending decision on Plaintiffs' preliminary injunction motion (Doc. 2) can preserve the status quo ante. Absent interim injunctive relief, Cadet will suffer irreparable deprivation of his free exercise rights and irreparable damage to his military career. Indeed, Cadet faces either "(1) a most-likely-unlawful deprivation of [his] accumulated status and standing in the United States military, as well as prospective advancement and benefits, or (2) deprivation of [his] constitutional and statutory rights to Free Exercise and the statutory right to receive a religious exemption . . . ." (Order, Doc. 67, at 9.)

## II. THE COURT SHOULD ISSUE THE TRO WITHOUT WAITING FOR A REPONSE FROM DEFENDANTS.

Pursuant to Rule 65(b)(1), the Court may issue the TRO if specific sworn facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's

attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). This motion satisfies the requirements for issuance of a TRO without waiting for a response from Defendants.

On March 31, 2022, the day after Cadet received the final denial of his RA appeal, and in accordance with the Court's October 18, 2021 Order (Doc. 9), Plaintiffs' counsel conferred by e-mail with Defendants' counsel, seeking Defendants' agreement to pause the imminent adverse action against Cadet pending the Court's decision on Plaintiffs' preliminary injunction motion. Defendants' counsel replied that the Air Force will not take any action against Cadet for failure to comply with the March 30 vaccination order until after April 25, 2022—i.e., a 21-day extension of time. In a cognate situation, the Marines were not willing to forbear disciplining Plaintiff USMC Captain following the expiration of a similar 21-day extension of his vaccination deadline, resulting in the Court's issuing a TRO protecting USMC Captain. (Doc. 150.) Given the imminent and irreparable adverse action facing Cadet, as shown herein and supported by his attached declaration (Ex. 1), the Court need neither request nor wait for any further response from Defendants before entering the requested TRO prior to the Air Force's April 25, 2022, vaccinate-or-resign deadline.

## **CONCLUSION AND RULE 65(b)(1)(B) CERTIFICATION**

By signing below, and in accordance with the Court's October 18, 2021 Order (Doc. 9) and Rule 65(b)(1)(B), the undersigned Plaintiffs' counsel certifies the foregoing efforts made to confer with Defendants' counsel regarding the relief

requested herein, and the foregoing reasons why the Court should issue the TRO immediately without waiting for any response from Defendants prior to issuing the TRO.

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid*
Richard L. Mast*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
rmast@lc.org
*Admitted specially

*Attorneys for Plaintiffs*