IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL #1, *et al.*,

           Plaintiffs,

             v.

JOSEPH R. BIDEN, JR., in his official
capacity as President of the United
States, *et al.*,
           Defendants.

Case No. 8:21-cv-2429-SDM-TGW

**<u>Defendants Response to Plaintiffs' Memorandum Regarding
Supreme Court Stay Order in *Austin v. U.S. Navy Seals 1–26*</u>**

On March 25, 2022, the Supreme Court granted the Government's application

for a partial stay in *Austin v. U.S. Navy SEALs 1-26*, No. 21A477, ---S. Ct.---, 2022 WL

882559 (U.S. Mar. 25, 2022).  The plaintiffs in *U.S. Navy SEALs 1-26*, like Plaintiffs in

this case, are military service members who contend that they are entitled to

exemptions from military COVID-19 vaccination requirements under the Religious

Freedom Restoration Act ("RFRA").  The district court in *U.S. Navy SEALs 1-26*

granted a preliminary injunction similar to the injunction entered in this case,

prohibiting the military from applying its COVID-19 vaccination policies to the

plaintiffs and "from taking any adverse action against Plaintiffs on the basis of

Plaintiffs' requests for religious accommodation."  *U.S. Navy SEALs 1-26 v. Biden*, No.

21-cv-1236, ---F. Supp. 3d---, 2022 WL 34443, at *14 (N.D. Tex. Jan. 3, 2022); Prelim.

Inj. Order, ECF No. 111, at 47-48 (enjoining Defendants "from any adverse or retaliatory action against Navy Commander or Lieutenant Colonel 2 as a result of, arising from, or in conjunction with" their "requesting a religious exemption, appealing the denial of a request for a religious exemption, requesting reconsideration of the denial of a religious exemption, or pursuing this action or any other action for relief under RFRA or the First Amendment."). The Supreme Court granted the Government's request to stay that injunction "insofar as it precludes the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin v. U.S. Navy SEALs 1-26*, 2022 WL 882559. The Government did not seek to stay the portion of the injunction that protects the plaintiffs from discipline[1] or involuntary separation for remaining unvaccinated.

Here, Plaintiffs argue that the preliminary injunction issued by this Court is not impacted by the Supreme Court's stay. Pls.' Supp'l Mem. (ECF 145-1) at 2-3. This is plainly erroneous. But this Court need not resolve that issue, as the Eleventh Circuit, citing the Supreme Court's partial stay, granted a partial stay of the preliminary injunction in this action "insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational

---

[1] The Navy defined "disciplinary proceedings" in its' stay request as proceedings initiated pursuant to the Uniformed Code of Military Justice (UCMJ). These proceedings include courts-martial and Article 15 (non-judicial punishment (NJP)) as implemented under Part V of the Manual for Courts-Martial. For members refusing the COVID-19 vaccine, the Vice Chief of Naval Operations (VCNO) is the sole disposition authority for courts-martial and NJP. *U.S. Navy SEALs 1-26 v. Austin*, No. 21-cv-1236, ECF No. 86 at 1 (N.D. Tex. 2022).

decisions . . . ."   *Navy Seal 1, et al. v. Sec'y of the U.S. Dep't of Def., et al.*, No. 22-10645 (11th Cir. Mar. 30, 2022).   Accordingly, all deployment, assignment, and other operational decisions regarding the two plaintiffs at issue once again rest with the military chain of command.[2]

The Supreme Court's decision granting a partial stay in *U.S. Navy SEALs 1-26* considered the same four factors the district court must consider in issuing or staying a preliminary injunction and necessarily rejected the reasoning of the lower courts. Here, Plaintiffs have extensively relied on both the preliminary injunction decision in *Navy SEALs 1-26* as well as the denial of the Government's partial stay application in the Court of Appeals for the Fifth Circuit in support of their own claims and preliminary injunction motions.   *See, e.g.*, ECF 119 at 1-2; ECF 131 at 3-4, 7-8. Similarly, this Court has extensively relied upon the same lower court opinions when issuing its own orders in this litigation.   *See, e.g.*, Order (ECF 122) at 17-18 ("Because the defendants in this action assert in the Fifth Circuit action many arguments and theories rejected by the Fifth Circuit, the quoted opinion is immensely instructive and endorsed entirely."); Order (ECF No. 67) at 8; Prelim. Inj. Order (ECF 111) at 31, 35,

---

[2] The Court explains that its Order was narrower than the Order at issue in Texas because it prohibited "retaliation," not the "lawful exercise of command authority." *See* ECF No. 140, at 4.  However, the Court also enjoined enforcement of "any order or regulation requiring COVID-19 vaccination," and "any adverse or retaliatory action against Navy Commander or Lieutenant Colonel 2 as a result of, arising from, or in conjunction with" their exemption requests.  Prelim Inj. Order, ECF No. 111, at 47. Regardless, as a result of the Eleventh Circuit decision, the Order is now stayed insofar "insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational decisions . . . ."  *Navy Seal 1, et al. v. Sec'y of the U.S. Dep't of Def., et al.,* No. 22-10645 (11th Cir. Mar. 30, 2022).

44.   But the Supreme Court's Order necessarily rejects some conclusions of the same lower court opinions in *Navy SEALs 1-26*, and now calls into significant question the rationale for many of the orders issued in this litigation.

The Government does not contend that the concurring opinion offered by Justice Kavanaugh is binding precedent. *See* Pls.' Supp. Mem. (ECF 145-1) at 3-5. But it is exceedingly persuasive. Justice Kavanaugh recognized in his concurrence that "the Court has long emphasized" that "the 'complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments.'" *U.S. Navy Seals 1-26*, 2022 WL 882559 at *2 (Kavanaugh, J., concurring) (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)). More importantly for the purposes of this litigation, Justice Kavanaugh also noted that, "even accepting that RFRA applies in this particular military context," "RFRA does not justify judicial intrusion into military affairs in this case." *Id.* Justice Kavanaugh's concurrence thus invokes the long line of case law supporting military deference, including in constitutional and religious liberty claims. *See generally* ECF 23, at 11; ECF 74, at 21-22. This appears to be in direct conflict with this Court's prior findings that RFRA provided an exception to the traditional deference the judiciary has long afforded the military. *See, e.g.*, ECF 112 at 10-11. Moreover, Justice Kavanaugh found that "the Navy has an extraordinarily compelling interest in maintaining strategic and operational control over the assignment and deployment of all Special Warfare personnel—including control over decisions about military

readiness. And no less restrictive means would satisfy that interest in this context."

*U.S. Navy Seals 1-26*, 2022 WL 882559 at *2 (Kavanaugh, J., concurring).

This analysis speaks directly to the claims of the plaintiffs in this litigation. This Court has recognized on multiple occasions that the facts of *Navy SEALs 1-26* are similar in nature and has given great weight to the lower court opinions in that case. *See* ECF 67 at 8 ("Those arguments both procedural and substantive, are rejected in an action that is distinctively parallel to this action. *U.S. Navy Seals 1–26, et al v. Biden*, 4:21-cv-1236-O, ECF 66, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022)"); Order (ECF 122) at 17 ("As well stated in *U.S. Navy Seals 1–26 v. Biden*, No. 22-10077, 2022 WL 594375 at *9–10 (5th Cir. Feb. 28, 2022), in denying a stay in a strikingly similar circumstance:"). In light of the Supreme Court's action, this Court cannot reasonably rely on the prior decisions of those courts.

Dated:  April 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Email: amy.powell@usdoj.gov
*Counsel for Defendants*