UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


NAVY SEAL 1, et al.,

      Plaintiffs,

v.                                                    CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, et al.,

      Defendants.

_____/

### **ORDER**

The plaintiffs move (Doc. 157) for temporary and preliminary injunctive relief on behalf of an Air Force Cadet whom the Air Force denied a religious accommodation from COVID-19 vaccination.  The motion principally "incorporate[s] by reference the legal argument contained in [the plaintiffs'] preliminary injunction briefing (Docs. 2, 30, 51, 104, 145-1), and rel[ies] on the supplemental declarations and notices of supplemental authority filed in support of classwide preliminary injunctive relief (Docs. 82, 95, 100, 113, 143, 146), as well as the findings and conclusions in the Court's various orders regarding injunctive relief (Docs. 40, 67, 111, 122, 133, 150)."[*]

---

[*] In tension with the page limit of Local Rule 3.01(a), the incorporation—with minimal argument—of hundreds of pages of orders, motions, and memorandums intolerably burdens the district judge to forage the record to identify and extract from those hundreds of pages the items pertinent to the instant motion. If the plaintiffs contend that argument or relief elsewhere in this action supports injunctive relief on behalf of this movant, the plaintiffs must re-state those points and discuss pertinent similarities to, and differences from, this movant. (For instance, this movant serves in a different branch of the military from the other movants and, as an academy enrollee, serves that branch in a different capacity from the other movants).

Under Rule 65(a), Federal Rules of Civil Procedure, a request for injunctive relief must demonstrate (1) that the movant enjoys a substantial likelihood of success on the merits, (2) that the movant will suffer an imminent and irreparable injury absent an injunction, (3) that the injury to the movant outweighs the injury to the enjoined party, and (4) that the injunction is not adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). In this instance, a review of the motion, the response, and the record counsels in favor of preserving the status quo to permit a reasonable consideration of the merits of the motion, an independent assessment of which reveals that each element of preliminary injunctive relief is likely satisfied and that the defendants will suffer minimally, if any, harm in extending by another two weeks USAFA Cadet's vaccination deadline (already extended by the Air Force).

The motion (Doc. 157) is **GRANTED-IN-PART**. To permit a reasonable but expeditious opportunity for a hearing and for the preparation of an order, the defendants are temporarily enjoined (1) from enforcing against USAFA Cadet any order or regulation requiring COVID-19 vaccination, (2) from separating or "disenrolling" USAFA Cadet, and (3) from any retaliatory action against USAFA Cadet as a result of, or arising from, USAFA Cadet's requesting a religious accommodation, appealing the denial of a request for religious accommodation, or pursuing this action or any other action for relief under RFRA. Nothing in this injunction precludes the defendants "from considering [USAFA Cadet's] vaccination status in making

deployment, assignment, and other operational decisions." *Austin, et al. v. U.S. Navy Seals, et al.*, No. 21A477, 595 U.S. ___ (2022).

This temporary injunctive relief expires **MAY 6, 2022, at 11:59 p.m.**  A hearing by videoconference will occur **APRIL 28, 2022, at 10:30 a.m.**  Not later than **APRIL 27, 2022, at 12:00 p.m**. each party must in a notice identify any witness or evidence tendered for admission during the hearing.  The courtroom deputy will transmit to counsel instruction for appearing by videoconference

ORDERED in Tampa, Florida, on April 25, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE