UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                                CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, et al.,

    Defendants.

_____/

### ORDER

    In this action and other actions throughout the United States, service members assert a claim, among other claims, that the several branches of the military unlawfully and *mutatis mutandis* systematically and uniformly have denied and continue to deny — contrary to the Religious Freedom Restoration Act — religious exemptions from the military's COVID-19 vaccination requirement.[1] Some of the actions request class relief and contend that the military's denying (with only trivial exceptions) all requests for religious accommodation reveals, despite the publicly announced and facially benign written policy, a policy-in-fact of denying pervasively the accommodations commanded by RFRA.

---

[1] In the actions in this district and throughout the United States, the plaintiffs challenge the military's COVID-19 vaccination requirement on grounds other than RFRA.

In *Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236 (N.D. Tex.) (O'Connor, J.), an order certifies a class of religiously objecting service members in the Navy and grants a preliminary injunction on behalf of the class. And in each of *Air Force Officer v. Biden*, No. 5:22-cv-9 (M.D. Ga.) (Self, J.), and *Doster v. Kendall*, No. 1:22-cv-84-MWM (S.D. Ohio) (McFarland, J.), an order grants a preliminary injunction on behalf of the named plaintiffs and a motion for class certification pends.

In this action, service members in each branch (the Army, the Navy, the Marine Corps, the Air Force, and the Coast Guard) and a service member in the Virginia Army National Guard move (Doc. 35) for certification of one class comprising all religiously objecting service members, regardless of the branch, rank, or capacity in which each serves, and move (Docs. 2, 176) for a class-wide preliminary injunction. Of the plaintiffs in this action, two service members in the Navy — but no service member in any other branch — reside in the Middle District of Florida.[2]

Moving (Doc. 139) to dismiss or sever, the defendants argue that an order should, among other things, sever and transfer each of the twenty-nine plaintiffs lacking a connection to the Middle District of Florida. Opposing severance, the plaintiffs argue that, because the plaintiffs pursue certification of a class comprising each

---

[2] Under 28 U.S.C. § 1391(e), a civil action against an officer or agency of the United States "may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." Navy Seal 2 and Navy Chief Warrant Officer each reside in a county within the Tampa Division of the Middle District of Florida.

branch of the military, the non-Navy and non-Florida service members are properly joined with the two Florida Navy service members.

Under Rule 20(a)(1), Federal Rules of Civil Procedure, "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Even if joinder is permissible, Rule 21, Federal Rules of Civil Procedure, grants a district court "broad discretion" to decide whether to sever and permits consideration of "factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Potts v. B & R, LLC*, 2014 WL 1612364 (M.D. Fla. 2014) (Whittemore, J.); *see also Anderson v. Mooter*, 372 F.2d 747, 750 n.4 (5th Cir. 1967); *In re Amergi ex rel Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010). Further, a district court enjoys broad discretion to coordinate, consolidate, and manage a class action with aspects in common with a class action pending in another district. *See generally* 3 *Newberg on Class Actions* § 10:33 (5th ed.).

Even though each branch employs a mildly different (but mostly similar) procedure to resolve a request for a RFRA exemption and has resolved requests at a rate different from other branches (for example, the present record suggests that neither the Army nor the Coast Guard has finally resolved an appeal), the plaintiffs argue that the plaintiffs' claims (including the claims of the Florida Navy plaintiffs) originate in the same transaction because allegedly each branch systematically fails to

- 3 -

conduct the individualized assessment demanded by RFRA and subscribes instead to a policy-in-fact of denying every religious accommodation (again, with trivial exceptions). Although the plaintiffs might prevail on this claim, which might unify the claims of the service members irrespective of branch, the reasonably efficient and organized coordination of the several actions, including (and considering the status of) the several class actions, throughout the United States, counsels in favor of aligning the plaintiffs in this action to conform with the predominant pattern emerging in this district and throughout the United States, that is, the pursuit in each action of relief on behalf of no more than one branch of the military.[3]

The service members in this action and elsewhere pursue injunctive class relief under Rule 23(b)(2), Federal Rules of Civil Procedure, the "key" to which "is 'the indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (Scalia, J.) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). Because inclusion in a Rule 23(b)(2) class is "mandatory," "the Rule provides no opportunity for . . . class

---

[3] Actions on behalf of Air Force service members include *Air Force Officer v. Biden*, No. 5:22-cv-9 (M.D. Ga.) (Self, J.); *Roth v. Austin*, No. 22-cv-3038 (D. Neb.) (Beuscher, J.); *Poffenbarger v. Kendall*, No. 3:22-cv-1 (S.D. Oh.) (Rose, J.); and *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio) (McFarland, J.). Actions on behalf of Navy service members include *Navy SEALs 1–26 v. Austin*, No. 4:21-cv-1236 (N.D. Tex.) (O'Connor, J.). Actions on behalf of Army service members include *Vance v. Wormouth*, No. 3:21-cv-730 (W.D. Ky.) (Simpson III, J.) (dismissing claim as unripe). Although *Bongiovanni v. Lloyd Austin, III*, No. 3:22-cv-237 (M.D. Fla.) (Howard, J.), originally included claims by a service member in each branch (but no class claims), Doc. 51 in that action severs the service members by branch. *See also Crosby v. Austin*, No. 8:21-cv-2730, (M.D. Fla.) (Barber, J.) (Severing the plaintiffs' claims by branch).

members to opt out, and does not even oblige the District Court to afford them notice of the action." *Dukes*, 564 U.S. at 362. The "indivisible" and "mandatory" nature of a Rule 23(b)(2) class counsels against the maintenance of redundant class actions. And if a district court certifies a class under Rule 23(b)(2) and issues injunctive relief on behalf of that class, "reasons of law and judicial economy" urge deference to that district court. *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) ("[The class member's related] case should have been transferred . . . and . . . [the class member] should have been required to proceed through the class representative or through intervention.") Of course, *Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022) (O'Connor, J.), has certified a class of religiously objecting service members and granted preliminary injunctive relief on behalf of this class. The issuance of preliminary injunctive relief on behalf of an "indivisible," "mandatory," and certified Navy class counsels against the pursuit of a militarywide class in this action, counsels in favor of severance by branch, and counsels in favor of transfer or abatement of the Navy plaintiffs in this action. *Green v. McKaskle*, 770 F.2d 445, 447 (5th Cir. 1985) ("[T]he individual class member should be barred from pursuing his own individual lawsuit that seeks equitable relief within the subject matter of the class action.")

## CONCLUSION

Because severance by branch both conforms to the predominant pattern by which these actions are pursued throughout the United States and strikes a

reasonable balance among competing considerations, the motion (Doc. 139) to sever is **GRANTED-IN-PART** and the parties are **SEVERED** as follows.

Without charging a filing fee, the clerk must open the following five civil cases, assign each case to Magistrate Judge Thomas G. Wilson and to me, and file in each new civil case every docket entry (including this order) from the original case (8:21-cv-2429).[4]

1.   The United States Marine Corps Action

a.   In the first new civil case, the clerk must (1) include as plaintiffs **Colonel Financial Management Officer**, United States Marine Corps, **Lieutenant Colonel 1**, United States Marine Corps, **Reserve Lieutenant Colonel**, United States Marine Corps, **Captain**, United States Marine Corps, **Captain 2**, United States Marine Corps, **Captain 3**, United States Marine Corps, **First Lieutenant**, United States Marine Corps, **Second Lieutenant**, United States Marine Corps, **Chief Warrant Officer 3**, United States Marine Corps, **Lance Corporal 1**, United States Marine Corps, and **Lance Corporal 2**, United States Marine Corps and (2) include as defendants **Lloyd J. Austin, III**, in his official capacity as Secretary of the United States Department of Defense, and **David H. Berger**, in his official capacity as Commandant of the United States Marine Corps.[5]

---

[4] *See, e.g., Bongiovanni v. Lloyd Austin, III*, No. 3:22-cv-237 (M.D. Fla. May 25, 2022) (Howard, J.) (Doc. 51 in that action at 41–43).

[5] Although appearing in the second amended complaint, Major, United States Marine Corps, voluntarily dismissed (Doc. 137) his claims. Accordingly, Major is **DISMISSED WITHOUT PREJUDICE** and is not included in the severance of the Marine Corps.

      b.      The United States Marine Corps Action is **STAYED** pending an amendment of the complaint to include a service member in the Marine Corps for whom venue is proper in the Middle District of Florida.  Absent amendment by **JUNE 30, 2022**, an order will direct the plaintiffs to identify a district for transfer of each plaintiff, failing which an order will dismiss for improper venue.  Not later than **FOURTEEN DAYS** after amendment of the complaint to include a plaintiff for whom venue is proper, the parties must submit a case management report consistent with these deadlines:  (1) close of discovery: September 2, 2022, (2) dispositive motions due: October 3, 2022, and (3) bench trial beginning November 14, 2022.  The Magistrate Judge remains available to expeditiously resolve each discovery dispute.

      c.      Upon docketing in the Marine Corps case, the pending motions (Docs. 2, 35) for class certification and for a classwide preliminary injunction are **ABATED** pending amendment of the complaint to include a plaintiff for whom venue is proper, after which the motions (including the parties' responses and supplemental papers) become ripe for resolution on behalf of the Marine Corps.  Not later than **SEVEN DAYS** after an amendment to the complaint, the Marine Corps plaintiffs must in a supplement (not exceeding seven pages) explain the suitability of the Marine Corps plaintiffs to represent a putative class of service members in the Marine Corps.  Not later than **SEVEN DAYS** after, the defendants may respond in a paper not exceeding seven pages.

      d.      Because an appeal of the preliminary injunction issued on behalf of Lieutenant Colonel 2 (and Navy Commander) pends, Lieutenant Colonel 2 must

remain in the original case (8:21-cv-2429). That preliminary injunction remains in effect in the original case and in no other case.

  e. Because a preliminary injunction (Doc. 173) remains in effect on behalf of USMC Captain (but no notice of appeal appears), the preliminary injunction is deemed to have issued in the United States Marine Corps Action on the day the preliminary injunction issued in the original action (8:21-cv-2429). Accordingly, upon the clerk's docketing the preliminary injunction in the United States Marine Corps Action, the preliminary injunction remains in effect in the United States Marine Corps Action and no longer in the original action or any other action.

2. <u>The United States Air Force Action</u>

  a. In the second new civil case, the clerk must (1) include as plaintiffs **Chaplain**, United States Air Force, **Reserve Lieutenant Colonel 1**, United States Air Force, **Reserve Lieutenant Colonel 2**, United States Air Force, **Master Sergeant Sere Specialist**, United States Air Force, **Technical Sergeant**, United States Air Force, and **Cadet**, United States Air Force Academy and (2) include as defendants **Lloyd J. Austin, III**, in his official capacity as Secretary of the United States Department of Defense, and **Frank Kendall**, in his official capacity as Secretary of the United States Air Force.

  b. The United States Air Force Action is **STAYED** and **ADMINISTRATIVELY CLOSED** in deference to the pending resolution of the motions for class relief directed to the Air Force in *Air Force Officer v. Biden*, No. 5:22-cv-9 (M.D. Ga.) (Self, J.), and *Doster v. Kendall*, No. 1:22-cv-84-MWM (S.D. Ohio) (McFarland, J.).

- 8 -

If classwide injunctive relief issues on behalf of the Air Force, an order will likely direct the transfer of the Air Force plaintiffs to that district. If classwide injunctive relief is denied in each action, an order will likely direct the parties to identify a district for the transfer of each Air Force plaintiff.

    c.    For good cause shown and to preserve the status quo to permit a transferee or other district court to resolve Cadet's pending request for preliminary injunctive relief, the temporary injunctive relief on behalf of Cadet (Doc. 174) is **EXTENDED** through **JUNE 30, 2022**. Of course, if classwide injunctive relief issues in either action, Cadet will enjoy the benefit of that relief. If no relief issues, Cadet's motion for preliminary relief will result in denial, and he must seek relief in a district in which venue is proper. Upon the docketing of this order in the United States Air Force Action, Cadet's temporary injunctive relief remains in effect in that action and in no other action.

3.    <u>The United States Army Action</u>

    a.    In the third new civil case, the clerk must (1) include as plaintiffs **Colonel**, United States Army, and **Army Ranger**, United States Army, and (2) include as defendants **Lloyd J. Austin, III**, in his official capacity as Secretary of the United States Department of Defense, and **Christine Wormuth**, in her official capacity as Secretary of the United States Army.

    b.    Because the parties represent that the Army has not finally resolved an appeal from the denial of a religious accommodation and because an appellant remains temporarily exempt from the vaccination requirement pending appeal, the

United States Army Action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending an amendment of the complaint to present a ripe claim for relief by a service member in the Army for whom venue is proper.

4. The Coast Guard Action

   a. In the fourth new civil case, the clerk must (1) include as plaintiffs **Pilot**, United States Coast Guard, **LCDR Pilot**, United States Coast Guard, and **Lieutenant**, United States Coast Guard, and (2) include as defendants **Lloyd J. Austin, III**, in his official capacity as Secretary of the United States Department of Defense, and **Alejandro N. Mayorkas**, in his official capacity as Secretary of the Department of Homeland Security.

   b. Because no item in the record suggests that the Coast Guard has resolved an appeal from the denial of a religious accommodation and because an appellant remains temporarily exempt from the vaccination requirement pending appeal, the United States Coast Guard Action is **STAYED** and **ADMINISTRATIVELY CLOSED** pending an amendment of the complaint to present a ripe claim for relief by a service member in the Coast Guard for whom venue is proper.

5. The Virginia Army National Guard Action

   a. In the fifth new civil case, the clerk must (1) include as a plaintiff **National Guardsman**, Virginia Army National Guard, and (2) include as a defendant **Lloyd J. Austin, III**, in his official capacity as Secretary of the United States Department of Defense.

      b.    Because no venue likely exists in the Middle District of Florida for a member of the Virginia Army National Guard, the Virginia Army National Guard Action is **STAYED** and **ADMINISTRATIVELY CLOSED**. Not later than **JUNE 30, 2022**, the plaintiff must either identify a district for transfer or explain why an order should not dismiss the action for improper venue. Absent a timely response, an order will dismiss without prejudice the Virginia Army National Guard Action.

*   *   *

The original action, 8:21-cv-2429, in which the service members in the Navy and Lieutenant Colonel 2 remain, is **STAYED** and **ADMINISTRATIVELY CLOSED** in deference to the certification of a Navy class and the issuance of a class-wide preliminary injunction in *Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236, 2022 WL 1025144 (N.D. Tex. Mar. 31, 2022) (O'Connor, J.).

Further, this order is without prejudice to anyone's moving for joinder, intervention, or the like in another action, either inside or outside this district.

ORDERED in Tampa, Florida, on June 2, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE