UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                              CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

COLONEL FINANCIAL MANAGEMENT
OFFICER, et al., on behalf of himself and others
similarly situated,

    Plaintiffs,

v.                                              CASE NO. 8:22-cv-1275-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

**ORDER SCHEDULING BRIEFING
AND HEARING ON MOOTNESS**

On August 24, 2021, the Secretary of the Department of Defense issued the COVID-19 vaccination mandate. On October 15, 2021, service members in each branch of the Armed Forces sued (Doc. 1) to enjoin the mandate. On February 18, 2022, an order (Doc. 60) granted preliminary injunctive relief on behalf of a Naval officer and a Marine Corps officer, each of whom under the Religious Freedom Restoration Act claimed protection against involuntary injection of the available

COVID-19 vaccines. On April 21, 2022, an order (Doc. 173) granted preliminary injunctive relief on behalf of another RFRA-protected service member in the Marine Corps. On June 2, 2022, an order (Doc. 194) severed the plaintiffs by branch of service (Army, Navy, Marine Corps, Air Force, and Coast Guard), and stayed each action except the Marine Corps action in deference to actions in other districts in which RFRA-protected service members pursue classwide injunctive relief on behalf of their branch of service only. *See, e.g.*, *Navy SEALs 1–26 v. Biden*, No. 4:21-cv-1236 (N.D. Tex.) (O'Connor, J.) (Navy); *Doster v. Kendall*, No. 1:22-cv-84-MWM (S.D. Ohio) (McFarland, J.) (Air Force). On August 18, 2022, an order (Doc. 229) in the Marine Corps action certified a class of RFRA-protected service members in the Marine Corps and issued preliminary injunctive relief on behalf of the class.

The defendants have appealed (Docs. 115, 196, 245) the preliminary injunctions on behalf of the individual plaintiffs and the preliminary injunction on behalf of the Marine Corps class. The appeals pend. *Navy Seal 1 v. Secretary of the United States Department of Defense,* No. 22-10645 (11th Cir.); *Captain v. Secretary of the U.S. Department of Defense*, No. 22-12029 (11th Cir.); *Chief Warrant Officer 4 v. Secretary of the United States Department of Defense*, 22-13522 (11th Cir.).

On December 8, 2022, the United States House of Representatives passed H.R. 7776, the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023. Titled "Recission of COVID-19 Vaccination Mandate," Section 525 of the 2023 NDAA states, "Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed

Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021[.]" (Doc. 252-1 at 3–4 in the Marine Corps action)  On December 9, 2022, the defendants moved (Doc. 252) to stay the Marine Corps action pending the anticipated enactment of the 2023 NDAA.  On December 15, 2022, the Senate passed the 2023 NDAA.[1]  On December 23, 2022, President Biden signed the 2023 NDAA into law, which began the thirty-days within which the Secretary must rescind the mandate.[2]

Although requesting an "emergency" stay in the district court on grounds of mootness (attachment 1) and filing a supplemental memorandum contending that mootness warrants limiting discovery (attachment 2), the defendants have filed in the Eleventh Circuit a one-paragraph letter that announces the enactment of the 2023 NDAA but neither suggests mootness nor requests a stay or abatement of the appeal. In the Fifth Circuit appeal from the Navy injunction, the appellants have moved to abate the appeal for mootness (attachment 3), and the Fifth Circuit has directed the parties to file supplemental letter briefs directed to mootness (attachment 4).  In the Sixth Circuit appeal from the Air Force injunction, the appellants have cited the 2023 NDAA's "significant affect" on the case and have moved to extend the time within which to petition for *en banc* review (attachment 5), and the Sixth Circuit has granted

---

[1] https://www.armed-services.senate.gov/press-releases/reed-inhofe-praise-senate-passage-of-the-fiscal-year-2023-national-defense-authorization-act

[2] https://www.whitehouse.gov/briefing-room/statements-releases/2022/12/23/statement-by-the-president-on-h-r-7776-the-james-m-inhofe-national-defense-authorization-act-for-fiscal-year-2023/

the motion (attachment 6). Because of the 2023 NDAA's prospective effect on the administration of the Armed Forces and the rights of service members, an expedited schedule to address mootness is warranted.

- Not later than **TWENTY-FOUR HOURS** after the Secretary rescinds the COVID-19 mandate in accord with the 2023 NDAA, the defendants must file in the two above-styled actions a notice attaching the full text of the rescinding document.

- The defendants remain obligated to **PROMPTLY** file a notice containing any further directive, guidance, or similar paper from the Secretary, the Navy, or the Marine Corps implementing or explaining the rescission.

- Not later than **SEVEN DAYS** after the filing of the notice of recission, the defendants must in the two above-styled actions address mootness in a brief not exceeding fifteen pages.

- Not later than **SEVEN DAYS** the defendants' brief, the plaintiffs may respond in a brief not exceeding fifteen pages.

- By separate notice, the clerk will schedule a consolidated hearing to occur soon after the filing of the memorandums addressing mootness. After the hearing, an order will expeditiously address the mootness of the two above-styled actions, including perhaps a Rule 62.1 indicative ruling, if indicated.

The clerk is directed to file this order in the two above-styled actions. After filing the order in 8:21-cv-2429, the clerk must transmit — as a supplement to the record-on-appeal — the order and the attachments to the Eleventh Circuit in appeal 22-10645. After filing the order in 8:22-cv-1275, the clerk must transmit — as a supplement to the record-on-appeal — the order and the attachments to the Eleventh Circuit in appeals 22-12029 and 22-13522.

ORDERED in Tampa, Florida, on January 10, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE